UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CONN.

– – – – – – – – – – – – – – –

George M. LENIART

V.

William Bundy, Wilber Blanchette
Michael Hoagland, John Patterson
Larry Bransford, Jose Cartagena
Parole OFFICER Ellison, Parole officer Blais
SUED in their individual capacities.

– – – – – – – – – – – – – – –



MAY 1 2 2010

FILED

2010 MAY 20 P 2:58

3:09-cv-00009-CFD

Amended Complaint
JURY TRIAL DEMANDED

This is a civil action regarding deprivation of civil rights filed by George M. LENIART, for damages under 42.U.S.C. § 1983, Alleging fourth, fifth eighth, and fourteenth Amendment violations for two seperate but related warrentless searches of his residence and unlawful arrest and detainment for 9 months incarceration.

## JURISDICTION

1. The court has jurisidiction over the plaintiff's claims of violation of federal constitutional rights under 42.U.S.C §§ 1331(a) and 1343. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

## PARTIES

2. The plaintiff, George M. Leniart, was residing at 300 massapeag side Rd. in Uncasville Conn. during the events described in this complaint.

3. Defendants Bundy, Blanchette, Hoagland and Patterson are detectives employed by the State Police Eastern major crime unit. They are sued in their individual capacity.

4. Defendants Bransford, Blais, Cartagena are Parole officers employed by the Connecticut Department of Corrections. They are sued in their individual capacity.

5. Defendant Ellison, is a parole supervisor for the eastern district D.O.C. parole OFFICE and in charge and responsible of all other defendant parole officers. He is sued in his individual capacity.

6. All the defendants have acted, and continue to act, under the color of state law at all times relevant to this complaint.

## Facts count ONE

7. On October 3, 2006, Montville town police arrived at plaintiffs residence to investigate a reported domestic disturbance. Officers found the incident was not as reported and then cleared the scene due to the well being of all involved.

8. This incident came to the attention of state police defendant(s) Patterson, Blanchette, Hoagland and Bundy who had been maliciously pursuing the plaintiff in another investigation. These defendants began planning how to minipulate the situation to effectuate an arrest which would inturn place the plaintiff back into the D.O.C. where defendant Patterson once informed plaintiff "he had big Connections".

9. Defendant Patterson and Hoagland cohersed and threatened wittinesses into signing false and misleading statements to secure the unlawful arrest of the plaintiff.

10. Plaintiff alleges he was unlawfully and maliciously arrested and detained illegaly for nine months.

11. During the arrest state police unlawfully entered plaintiff's Home and performed a warrentless search inside enclosed ceiling area above plaintiffs bedroom door removing alleged contraband which turned out to be sacred Native American prayer tabaco. which was not in plain sight. This conduct violates clearly established statutory and Constitutional

rights any police officer should have known. The search was performed by an agent of the State Police Major Crime Unit, defendant Bundy, not a parole officer pursuing legitimate parole objectives.

12. State police had prior knowlege there may have been illegal contraband hidden in the ceiling above plaintiffs bedroom door because of a prior interview with plaintiffs cosin Cory the day before.

13. Because police had prior knowledge of the alleged contraband and parole agents were not conducting the search, State police used parole agents as a stalking horse to evade the Fourth Amendment warrent requirement. On 1-26-07 plaintiffs entire case was dismissed.

## COUNT TWO

14. On September 25, 2007, STATE police major crime detectives and D.O.C parole agents contained plaintiffs home and took him into custody after he was found hiding in his back yard, then placed him in handcuffs, read him his rights, searched his person then placed him in a secure parole vehicle, then took plaintiffs keys without permission and entered his locked residence then performed a warrentless search for over one hour.

15. Plaintiff was reinstated to special parole on July 5, 2007, A few hours after his release defendant Blanchette arived at plaintiffs residence a few hours later interrigating and harrassing plaintiff.

16. Plaintiff met with defendant Blanchette several times secretly recording each meeting. On 9·19·07 plaintiff met with defendant(s) Blanchette and Hoagland AT the Wilson marina this time recording a conversation involving illegal and unconstitutional conduct involving several state police defendant(s).

17. On September 25, 2007, defendant Bransford performed a home visit of plaintiff's residence in the mid morning hours, at this time plaintiff informed defendant Bransford that he possessed a tape recording of defendant(s) Blanchette and Bundy conspiring to engage in illegal conduct. Plaintiff went into detail describing what was on the tape. Defendant Bransford was aware of the on-going conflict between state police defendants and plaintiff defendant Bransford completed his home visit then informed plaintiff he was in full compliance of his parole conditions and that he had called the G.P.S monitoring company and asked them to service plaintiff's unit because it was malfunctioning, then gave plaintiff a new report date and left.

18. A few hours after the home visit at aproximatly 2:15pm defendant(s) Bundy, Blanchette, Hoagland, Bransford, Blais, Ellison and Cartagena contained plaintiffs residence at this time the residence was locked and protected by audio / video surveillance, plaintiff was outside in the back yard walking the property line when the un marked vehicles arrived. plaintiff immediatly hid watching all activity.

19. Plaintiff was located, Arrested, handcuffed, read his rights, Searched then placed in a secure parole vehicle.

20. Defendant(s) Bundy and Ellison, took plaintiffs keys from the hood of the parole vehicle and entered the plaintiffs locked residence through the basement door.

21. Defendant(s) Bundy, Hoagland, Blanchette, Ellison, Blais Cartagena and Bransford entered the residence and searched for an hour then exited with several items including the micro cassette and recorder used to secretly record meetings.

22. Plaintiff claims the warrentless search of his locked residence was performed in violation of his fourth Amendment protections because plaintiff was already arrested and detained and all defendant(s) were not pursuing legitimate parole or police objectives. further claiming the search was unlawfully motivated to gain Access to recover the recording plaintiff had previously told defendant Bransford about earlier in the day. Defendant(s) Bundy, Hoagland, and Blanchette used the parole Agents as a stalking horse to evade the fourth Amendments warrent requirment.

## CLAIMS FOR RELIEF

23. The Actions of defendants Patterson, Blanchette, Bundy and Hoagland in pursuing and maliciously prosecuting the plaintiff, unlawfully arresting and falsely imprisoning him

Then using parole agents as a staIKing horse to perform a warrentless search of his residence in October 2006, were in violation of plaintiff's fourth, fifth and fourteenth Amendment rights to the United-States Constitution.

24. The actions of defendants Bundy and Hoagland using physical force against the plaintiff without need or provacation in coarse of the 2006 arrest Constituted an assault and battery under Connecticut State law and Cruel and Unusual Punishment under United States 8th Amendment to the Constitution.

25. The actions of defendant Bundy in his possition as a suppervisor in charge failing to curb the known pattern of falsely arresting the plaintiff in 2006, constituted deliberate indifference, and contributed to and proximately caused the above described violation of fourth and eighth Amendment rights

26. The actions on September 25, 2007 of defendants Dransford, Blais, Ellison, Hoagland, Bundy, Blanchette and Cartagena, in unlawfully entering plaintiffs home to perform a warrentless search, despite their knowledge of plaintiffs objection to grant permission for entry, constituted deliberate indifference and further denied plaintiff due process of law in violation of the fourth, and fourteenth Amendments to the United States Constitution.

27. The actions of defendant Ellison as a parole agent supervisor actively participating and allowing other state police defendants to enter and search the plaintiffs locked residence in 2007, in furtherence of a conspiracy to cover up and dispose of recorded evidence of police curruption and constituted deliberate indifference, fourth Amendment violations and denied plaintiff due process of law, in violation of plaintiffs fourth and fourteenth Amendment Constitutional Rights and also constituted the tort of negligence under Connecticut State law.

## RELIEF REQUESTED

Wherefore, plaintiff requests that the court grant the following relief:

ISSUE A DECLARATORY JUDGEMENT STATEING THAT:

1. The plaintiff was falsely arrested and detained in 2006 by defendants Bundy, Hoagland, Blanchette and these actions violated plaintiffs fourth Amendment rights to the US. Constitution.

2. The warrentless search of the ceiling above the plaintiffs bedroom door in 2006 by Bundy, Hoagland and Blanchette violated plaintiffs fourth Amendment rights to the U.S. Constitution.

3. While effectuating the October 2006. arrest defendants Bundy, Blanchette, and Hoagland used excessive force which violated Plaintiffs' Constitutionally protected Rights and also constituted assault and battery under state law.

against:

4. Defendants Bundy, Blanchette, Hoagland, Blais, Ellison Cartagena, And Bransford, Actions in conducting the September 25, 2007 warrentless search of plaintiff's residence violated plaintiff's Constitutional rights under the fourth Amendment and the Due Process Clause of the fourteenth Amendment of the United States Constitution.

A. Award Compensatory damages jointly and severally Against:

1. Defendants Bundy, Blanchette, Hoagland, Patterson for the unlawful Arrest and warrentless search and physical and emotional injuries sustained in 2006.

2. Defendants Bundy, Blanchette, Hoagland, Ellison, Blais Cartagena and Bransford for their participation in the unlawful warrentless search of plaintiff's home on Sept. 25, 2007. which caused physical and emotional injuries.

Grant such other relief it may Appear the plaintiff is entitled

B. Award punitive damages Against All defendants.

MAY 3, 2010

Respectfully Submitted,

GEORGE M. LENIART

1153 E. ST SOOTH

SUFFIELD Conn. 06080