UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE LENIART, #250010 | : | CIVIL NO.3:09-CV-09(CFD) |
| v. | : | |
| SGT. WILLIAM BUNDY, ET.AL. | : | JUNE 22, 2010 |

## ANSWER AND DEFENSES TO AMENDED COMPLAINT

The defendants answer plaintiff's pro se AMENDED Complaint, as follows:

1. Plaintiff's Introduction and Paragraph 1, Jurisdiction, is denied.

2. Paragraph 2 is admitted, only as to plaintiff's residence; the events alleged in the amended complaint are denied.

3. As to paragraph 3 it is admitted that Sgt. William Bundy, Sgt. Blanchette, Michael Hoagland, and John Patterson are employees of the Connecticut State Police. The rest and remainder of said paragraph is denied.

4. As to paragraph 4, it is admitted that Parole Officer Larry Bransford, Parole Officer Rodney Blais, and Parole Officer Jose Cartagena are employees of the Connecticut Department of Correction. The rest and remainder of said paragraph is denied.

5. As to paragraph 5, it is admitted that Parole Manager Ellison is an employee of the Connecticut Department of Correction. The rest and remainder of said paragraph is denied.

6. As to paragraph 6, it is admitted that at all times the defendants acted lawfully, within the scope of their employment as employees of the State of Connecticut, in an objectively lawful manner, and without knowledge they were in violation of any clearly established rights of the plaintiff.

As to the Alleged "Facts" in Count One

7. As to paragraph 7, it is admitted that on 10-3-06, members of the Montville Police Department, were dispatched to plaintiff's residence due to a report that plaintiff's daughter, Brandi Leniart, was being assaulted by the plaintiff, and that that the Montville Police cleared the scene. The rest and remainder of said paragraph is denied.

8. As to paragraph 8, it is admitted that defendant Patterson became aware that plaintiff had assaulted his daughter on 10-3-06 when Victoria Leniart, mother to Brandi Leniart called Troop E and explained that her daughter and nephew were very scared of the plaintiff and that he had threatened them forcing them to lie to the police about the incident of 10-3-06 and that Brandi, in fact, had been assaulted. The rest and remainder of said paragraph is denied.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. As to paragraph 12, it is admitted that after learning of multiple criminal acts which were also violations of plaintiff's Special Parole, Detective Hoagland contacted Parole Officer (PO) Bransford, who was the assigned parole officer for plaintiff on 10-5-06, and Det. Hoagland notified PO Bransford that he had a signed arrest warrant for the plaintiff, charging the plaintiff with Breach of Peace, in violation of Conn. Gen. Stat. §53a-181; Assault 2nd degree in violation of Conn. Gen. Stat. §53a-60; and delivery of alcohol to a minor in violation of Conn. Gen. Stat. §30-86. PO Bransford then requested to have CSP and other parole officers accompany him when he went to make his monthly residential visit, which would also coincide with the CSP officers serving the lawful arrest warrant. Plaintiff was arrested without incident or injury. A

2

Remand to Actual Custody was also issued on 10-5-06. The rest and remainder of said paragraph is denied.

13. Paragraph 13 is denied.

COUNT TWO

14. As to paragraph 14, it is admitted that on September 25, 2007, PO Bransford conducted a routine home visit and found plaintiff's GPS was malfunctioning. Plaintiff was instructed to remain in the residence and to wait for the GPS technician and his parole officer to return. Instead, plaintiff refused to follow the instructions of his parole officer and hid behind the residence on the ground behind a stone wall in an effort to elude detection by his parole officer. Plaintiff was taken into custody, placed in the parole officer's vehicle and a routine parole search was conducted pursuant to plaintiff's Special Parole conditions and plaintiff's consent to search the residence, after plaintiff instructed the parole officers which key to use to enter the residence.

15. As to paragraph 15, it is admitted that plaintiff had been previously reinstated to Special Parole on July 5, 2007. The rest and remainder of said paragraph is denied.

16. As to paragraph 16, defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof.

17. Paragraph 17 id denied except as set forth in paragraph 14, above. Plaintiff was not in compliance with his parole conditions. Plaintiff was instructed to wait inside his residence for parole staff to return to service the GPS along with the GPS technician. Plaintiff had also committed other acts in violation of his Special Parole conditions. The rest and remainder of said paragraph is denied.

3

18. As to paragraph 18, it is admitted that instead of waiting inside the residence as he was instructed to do by his parole officer, plaintiff tried to hide outside of the residence, while Parole Officers Bransford, Cartagena and Blais, together with Parole Manager Ellison, surrounded the residence for the purpose of effectuating a lawful Order to Remand to Actual Custody for violations of plaintiff's Special Parole. Sgt. Bundy, Sgt. Blanchette and Det. Hoagland, were present to provide back up for the parole officers. The rest and remainder of said paragraph is denied.

19. Paragraph 19 is admitted to the extent it alleges that plaintiff was taken into custody by Parole Officers effectuating a lawful remand to custody order, was handcuffed and placed in the parole vehicle, pat searched, and that plaintiff consented to have the officers search his residence, cooperating and telling the parole officers which key to use to enter the residence. The rest and remainder of said paragraph is denied.

20. Paragraph 20 is denied, except that plaintiff consented to have the officers search his residence, cooperating and telling the parole officers which key to use to enter the residence. The parole officers entered the basement door using the key that plaintiff had told them to use. The rest and remainder of said paragraph is denied.

21. Only parole officers entered the residence and searched for items which had evidence related to parole compliance by plaintiff, who was a sex offender and under a Computer Use Agreement with conditions established by Parole. A micro cassette and laptop computer were taken by parole officers to determine if plaintiff was in compliance with his parole. The rest and remainder of said paragraph is denied.

22. Paragraph 22 is denied.

23. Paragraphs 23, 24, 25, 26, and 27 are denied.

24. Any and all requests for relief are denied.

25. Any and all wrongdoing is denied.

### FIRST AFFIRMATIVE DEFENSE

26. The action is barred by the exhaustion doctrine. To the extent plaintiff seeks release from confinement or to challenge his Special Parole revocation, his sole remedy is a habeas corpus petition under 28 U.S.C. §2254 which is barred by failure to exhaust.

### SECOND AFFIRMATIVE DEFENSE

27. This action is barred for lack of any physical injury under the PLRA (Prison Litigation Reform Act.)

### THIRD AFFIRMATIVE DEFENSE

28. The defendants lack the requisite personal involvement under 42 U.S.C. §1983 and respondeat superior is not available.

### FOURTH AFFIRMATIVE DEFENSE

29. Under the PLRA, prisoners are required to exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred for failure to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

30. To the extent this action seeks money damages from the defendants in their official capacities it is barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

31. At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

32. The complaint fails to state a claim for which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

33. Any injury or harm, if any, was caused solely by plaintiff's own acts, omissions, or conduct and was not due to any wrongful conduct by the defendants.

## NINTH AFFIRMATIVE DEFENSE

34. The plaintiff's claims are barred by his convictions on three counts of capital-felony and one count of murder, after a jury convicted plaintiff, of kidnapping, raping and murdering April Pennington, which act as a bar under theories of res judicata and/or collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

35. The court should exercise its discretion to decline supplemental jurisdiction over any and all state law claims, to the extent any such claim may be alleged or construed from the pro se amended complaint

DEFENDANTS
Sgt. William Bundy, et.al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct 01211
E-Mail: steven.strom@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 22nd day of June, 2010:

George Leniart, #250010
MacDougall-Walker CI
1153 East St. So.
Suffield, CT 06080

_____
Steven R. Strom
Assistant Attorney General

7