UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE M. LENIART,
    Plaintiff,

    v.                                  CASE NO. 3:09-cv-009(CFD)

WILLIAM BUNDY, et al.,
    Defendants.

## RULING ON PLAINTIFF'S MOTIONS TO AMEND AND FILE SUPPLEMENTAL COMPLAINT

The plaintiff, George M. Leniart, has filed a motion to file a supplemental complaint [Doc. #50], a motion to file a second amended complaint [Doc. #58] and a motion to amend his supplemental complaint [Doc. #59]. The supplemental complaint asserts claims against two of the defendants in this case but those claims are distinct from the claims in the second amended complaint.

The Court should grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. *See Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995).

The operative amended complaint concerns searches of plaintiff's home in October 2006 and September 2007, harassment, an

allegedly warrantless arrest, use of excessive force, false imprisonment and malicious prosecution.

The proposed supplemental complaint concerns a December 11, 2007 arrest.  Plaintiff alleges that the charges were dismissed on May 15, 2009.  Although two of the defendants, Hoagland and Bundy, were involved in the arrest, there is no connection to the claims in the amended complaint.

The defendants have filed a motion for summary judgment addressing the claims in the amended complaint.  Although plaintiff was aware of the claim in the proposed supplemental complaint for over one year before he filed his amended complaint, he did not attempt to include this additional claim at that time and does not explain his failure to do so.  Permitting plaintiff to add an unrelated claim at this time would necessitate the reopening of discovery and delay resolution of this action.  Accordingly, the motion to file a supplemental complaint and motion to amend the supplemental complaint are denied.

In his proposed second amended complaint, plaintiff seeks to add Agent Dutka as a defendant.  The only allegation concerning Agent Dutka is that he accompanied other defendants in the search of plaintiff's home prior to his arrest on October 5, 2006.  Plaintiff does not allege that Agent Dutka acted improperly during the search or resulting arrest.

The limitations period for filing a section 1983 action is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994)(holding that, in Connecticut, the general three-year personal injury limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). If plaintiff is attempting to assert a claim of use of excessive force or other impropriety in connection with the search or a claim for false arrest, he would have been aware of his claims as soon as they occurred. Thus, any claim should have been filed no later than October 5, 2009. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) (holding that the limitations period on a false arrest claim commences "at the time the claimant becomes detained pursuant to legal process"). If plaintiff is attempting to assert a claim of malicious prosecution against Agent Dutka, the claim should have been filed by July 5, 2010, three years after plaintiff alleges that the case was dismissed in his favor. Plaintiff's proposed second amended complaint seeking to add Agent Dutka as a defendant is dated November 30, 2010, after both deadlines expired.

Rule 15(c), Fed. R. Civ. P., provides that an amendment may relate back to the filing of the original complaint if the claims against the new party arise out of the same occurrence as the original complaint and, within 120 days of filing the original complaint, the new defendant received sufficient notice of the

action that he will not be prejudiced in maintaining his defense on the merits of the claim against him and that the new defendant knew or should have know that, but for a mistake concerning the identity of the proper party, the complaint would have been brought against him.  The Second Circuit has held that an amended pleading does not relate back to the filing of the original complaint where a defendant was not included in the original complaint because plaintiff did not know the identity of that defendant.  *See Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d Cir. 1995), *op'n mod'd and aff'd*, 74 F.3d 1366, 1367 (2d Cri. 1996).

Although plaintiff meets the first requirement, the claims against Agent Dutka arise out of the same occurrence, he fails to allege or show that Agent Dutka's identity was not otherwise available to him or that the defendants actively withheld this information despite repeated requests.  Thus, the delay is merely the result of lack of knowledge of Agent Dutka's identity and lack of diligence to ascertain that identity, which is insufficient to warrant amendment of the complaint.  As any claim against Agent Dutka is time-barred, the motion to file a second amended complaint is denied as futile.

Plaintiff's motion for leave to file a supplemental complaint [**doc. #50**] is **DENIED**.  Plaintiff may pursue this claim in a separate action.  Plaintiff's motion to amend the supplemental complaint [**Doc. #59**] is **DENIED** as moot.  Plaintiff's motion for

4

leave to file a second amended complaint [**Doc. #58**] is **DENIED.**

**SO ORDERED** this 14th day of December 2010, at Hartford, Connecticut.

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**
