UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

GEORGE M. LENIART

CASE NO: 3:09-CV-009(CFD)

2011 JAN -3 P 1: 33

—V—

U.S. DISTRICT COURT
BRIDGEPORT, CONN

SGT. WILLIAM BUNDY ET. AL.,                    JANUARY 1, 2011

## PLAINTIFF'S OBJECTION TO THE COURTS FINDINGS

The plaintiff hereby objects to the courts rulings and moves per Rule 72(b) Fed.R.Civ.P., for a review of these findings in light of plaintiff's attached affidavit in opposition and new evidence included in plaintiff's Rule 56(f) affidavit and supporting exhibits recently filed. The plaintiff is unlettered in law and respectfully requests this court hold him to the most liberal standard, the plaintiff respectfully requests the court to reconsider in light of the new evidence in his supporting papers the following:

1. Plaintiff believes he should be allowed leave to file his supplemental complaint (Doc 50) as per Rule 15(d) Fed.R. Civ.P. as to defendants Bundy and Hoagland.

2. Plaintiff believes he filed his supplemental complaint in a timely fashion (Doc 50) which was filed 28 days before defendants summary judgment was filed, and no discovery deadline was filed, plaintiff moves in the interest of justice.

3. Plaintiff believes he should be granted leave to amend his original complaint (Doc 58) freely in the interest of justice on issues that relate back as per Rule 15(c) Fed.R.Civ P. ie. the injuries regarding the excessive force incident to arrest on 10/5/06.

4. Plaintiff believes his amended supplemental will not
be moot, that it has merit, and should be allowed leave freely
to be filed as it more clearly defines plaintiff's claims
and brings forth the merit it contains.

Wherefore, the plaintiff respectfully requests the court
review plaintiff's objections in the most liberal standards
and reverse the rulings and allow plaintiff leave to amend
and file Documents (50), (58), and (59) in the interest of
justice.

RESPECTFULLY, SUBMITTED
THE PLAINTIFF,

George M. Lenhart 250010
MacDougall CI.
1153 East ST. South
Suffield Ct. 06080

## C E R T I F I C A T I O N

I hereby certify that a copy of the foregoing has been mailed
to the following this 1, day of January 2011.

AAG. Steven R. Strom
110 Sherman St.
Hartford CT. 06105

Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAN 0 3 2010

GEORGE M. LENIART                    CASE NO: 3:09-CV-09(CFD)

—V—

SGT.WILLIAM BUNDY ET.AL.,            JANUARY 1, 2011

## PLAINTIFF'S AFFIDAVIT IN RESPONSE TO DEFENDANTS MEMORANDUM

## IN OPPOSITION TO FILE SUPPLEMENTAL AMENDED COMPLAINT

Plaintiff hereby objects to defendant's memorandum in opposition
to amend his complaints. Plaintiff brings forth his actions
in good faith, because of serious violations of constitutional
rights that not only caused irreparable harm, but, serious
physical injury which is permanent in nature, causing plaintiff
to live each day in severe pain and disconfort. Defendant's
claim that they are being harassed and annoyed, however,
facts show the only one that is being harassed and annoyed
is the plaintiff, see **exhibit K** plaintiff's rule 56(f) affidavit
multiple inmate grievances, plaintiff has maintained his
innocents, his candor, and has never intentionally misrepresented
any facts. Plaintiff is unlettered in law, and is litigating
to the best of his abilities. This case is meritorious and
the court should look at the totality of circumstances in
light of the plaintiff's Rule 56(f) affidavit and supporting
exhibits which contain factual evidence which will be brought
forward to support his claims, this is a case with merit.

Plaintiff submitted his (Doc 35), amended complaint while
he was in a high bond unit at the Walker Correctional facility

plaintiff did not have any access to a law library, had no
access to computers, and does not have a litigation team
or unlimmited public funds, also at the time of submission
did not have access to any legal reference materials besides
other inmates outdated materials as each inmate came and went.

The defendant's well rounded counsel tries to deceive the
plaintiff and court with extensive documentation, most of
which are out of context and based upon false facts. In my
amended complaint I state the contraband that was taken from
my home was native American prayer tabacco that was seized,
however, plaintiff claims at some point it was tampered with
and switched, plaintiff shares this notion with the court,
that is why plaintiff was offered only 90 days suspended time
plaintiff does not challenge this arrest, plaintiff's statement
to the court that his entire case from 10/5/06, is in fact
true, all charges were dismissed on 1/26/07, plaintiff was
not arrested for the alleged marijuana until 3/7/07, see Deveau
aff. exhibit M, plaintiff did in fact plead guilty under
the Alford Doctrine in order to be released sooner in order
to save his family home from forclosure, plaintiff is not
challenging the 3/7/07, arrest just the 10/5/06, warrantless
search of his residence, police performed the search not
a parole agent, indicating the reason why agent (DUTKA) was
not included as a defendant in the first complaint, plaintiff
never received any paperwork from the public defender office
and only received notice upon discovery that was received
from the defendants, and plaintiff never thought any different
because he and a witness both seen Officer Bundy stand on

a chair and reach up and over the main beam and remove the
bag containing the tobacco, these facts are also supported
by photos that Defendant Hogland took, all the state police
defendants were searching through plaintiff's bedroom which
they entered through a closed door, they were searching for
evidence in an other investigation, also supported by photos
se appended **exhibit A**, Hoaglands photo report tells another
story , if the alleged marijuana was taken from an area that
plaintiff could not reach without a chair, and plaintiff
was already in hand cuffs on the floor over 25 feet away
from the search area, it was not a limited wingspan search
as the defendants claim, **Chimel v. California,** 395 U.S. 752,
89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969);. also, because the
alleged contraband was located outside a closed door leading
into plaintiffs bedroom why was defendant Hoagland and others
searching under plaintiff's bed and taking pictures of a
box containing jewelry and other unidentifiable articles
as described in a state police photo report incident to the
10/5/06, arrest. They were searching for similar items in
the Pennington case, which was another case these officers
were investigating at the time see appended **exhibit B**, this
search was an unlawful warrantless search by police looking
for evidence of another crime.

Defendant's cite **SAMSON** however, plaintiff's case is not
the same, plaintiff claims the police submitted false and
fabricated evidence to first obtain a arrest warrant, then
the search was performed by police not a parole agent and

neither police or parole had permission to perform a search without a warrant, though parole agents may have had authority to remand the plaintiff it was infact state police who returned the plaintiff to actual custody, parole agents tried to switch official papers around to make it look as if they did, see appended **exhibit** C, It was defendant Blanchette that lodged the remand at the correctional facility and no parole agent was present, these are falsified documents.

Plaintiff's parole conditions only entitle his parole officer to visit his residence at any reasonable time see appended **exhibit** D, shows all parole agreements that plaintiff has signed over the years, appended **exhibit** E, shows a false document that parole agents try to indicate to the plaintif he signed as it was provided in their discovery, another false document as the plaintiff was incarcerated through out 2008, however, this document was produced with the very same information as the other from 2006. <u>**SAMSON**</u> the Supreme Court only upheld the warrantless search of parolees consistant with consented-to conditions of parole...and <u>**States v. Viserto**</u> 2010 U.S. APP. LEXIS 18621 does not apply either because plaintiff's parole officer never told him anything except to initial and sign his agreement which can be attested to by any parolee. Defendants arguments are just plain wrong Connecticut did not have a search policy in place until May 2008.

Plaintiff will be prejudiced if he is not allowed to amend his complaint at this time , first plaintiff filed his supplemental complaint long before the defendants filed

their summary judgment motion, and his amended supplemental
comlaint and 2nd amended complaint was waiting to be copied
for over two weeks, plaintiff had no way of knowing when
defendants were going to move for summary and was just burdened
by his incarceration, as plaintiff does not have the capacity
to research, type, and copy such a complaint in two or three
days as the defendants suggest he did after receiving their
summary judgment motion, clearly indicating he had been working
on them for some time. Plaintiff's case will be severely
prejudiced if he is not able to amend and supplement his
complaints as they bring forth factual new elements that
should shock the conscience of all including the court, and
in the interest of justice this pro-se un-lettered plaintiff's
case should go forward to expose the merit it contains.

   Here plaintiff's claims are not futile, his amendments
clarify and amplify the original cause of action, see **Klos
V. Haskell,** 835 F.Supp. 710,715 n.3(W.D.N.Y. 1993), aff'd
48 F.3d 81(2nd Cir 1995),. The supplemental facts connect
the new pleading to the original pleading, same defendants,
same coerced techniques, same scheme of supplementing alleged
victim statements with false information to show probable
cause to obtain a warrant, see **Quaratino V. Tiffany & CO..,**
71 F.3d. 58,66 (2nd Cir 1995); also "leave shall be freely
given when justice so requires"Fed.R.Civ.P. 15(a)(2). Plaintiff
respectfully submits these amended complaints to the best
of his ability , simply to demonstrate his cause of action
and to bring forth the merit his claims contain. Plaintiff's

case will be severly prejudiced if leave is not granted to amend and supplement. Plaintiff would not likely stand a chance against the great State Of Connecticut's powerful litigating machine these defendants counsel..

Plaintiff's case is not applicable to the P.L.R.A. 28 U.S.C. 1915(e)(2)(b) because plaintiff was not a confined prisoner at the time of the alleged constitutional violations also, actions of persons or agencies outside the prison system are not prison conditions, and are not subjectable to the PLRA, all plaintiff's claims are based on causation of police officers making material false statements in securing the arrest warrants, and it is firmly established that a constutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a Government officer see **White V. Frank,** 885 F.2d, 961(2nd Cir.1988)

Defendant's claims of entitlement to qualified immunity are futile, defendant police and parole agents violated the plaintiff's clearly established rights when they took the plaintiff's keys from the hood of the parole vehicle and then entered the plaintiff's locked residence without permission, both state police and parole agents entered the residence, this warrantless entry was only performed for one reason, to locate and secure micro-cassette tapes that plaintiff recorded of the state police threatening to set up the plaintiff for crimes he did not commit, these agents knew they were violating the law when they entered because the tapes would cause criminal aspects and would cause them

serious consequences. While performing the one hour search
on 9/25/07, parole agents had no authority to enter, or remove
personal items such as a micro-cassette recorder, micro-cassettes
VHS video security tapes, or to disable the home security
system, leaving his residence and business equipment unprotected
and there is nothing in the altered and fabricated computer
agreement that allows such entry or seizures, this document
was signed by the plaintiff on the top, however, it was not
completed by the plaintiff because his parole officer said
he had to be sure plaintiff did not have to write another
request to the supervisor first. plaintiff is not the one
that initialed or signed the last page.

As to all the allegations regarding the plaintiff's computer
it was purchased used just a month before, and there was
no possible way that the plaintiff could know what was imbedded
deep down in the hard drive, however, parole agents are aware
that the file of concern and the downloads, chat rooms, and
all other sites visited are date stamped with a log on date
of 2005, and plaintiff was incarcerated from 2002 through
2006, Deveau aff. exhibit H, plaintiffs attorneys still have
possession of the computer and further investigation is offered
plaintiff maintains that he was just running his GPS program
and never went on line for any reason.

During the 10/5/06, unlawful warrantless search plaintiff
will address both arguments (1) plaintiff and plaintiff's
mother both witnessed defendant state police agent Bundy
stand on a chair reach up through the floor joists up and

over the homes main carrying beam and down onto the bedroom
ceiling and retrieve the alleged marijuana, this location
is not in plain view and is so far from plain view that one
would have to have very specific and detailed information
to locate any alleged contraband that was there, this specific
area is more than 25 feet away the area plaintiff was assaulted
handcuffed and laying on the ground, and would not have been
a limited wingspan search incident to arrest as defendants
claim. (2) because plaintiff personally witnessed the search
he had no reason to believe defendants were going to allege
parole agents performed the search (DUTKA) defendants argument
if believed also lacks standing because police were the
original causation that the parole agents were present in
the first place see Bransford's admission number 4, Bransford
admitts that police first contacted parole agents, indicating
that the chain of causation began at that time, this was
a state police operation, and in further support of this
operation state police asked parole agents to meet at the
Montville Town police station to be briefed, Hoagland aff.
pg. 4 paragraph 10., parole agents were briefed by police
to the exact location of the alleged contraband using the
two statements that were altered by police, see Bransford
aff. exhibit B unnumbered pg.6,additional information section,
" case was not prosecuted in court, statement from daughter
stating that incident did not occur as reported, see Brandi
Leniart aff.____ . The relevance of this hidden location was
known for years by both Brandi and Corey as a location that
plaintiff would hide items taken away from his kids.

Plaintiff's initial claims did not include parole agent Dutka
because plaintiff and a witness both seen defendant Bundy
perform the search, plaintiff was never aware that a parole
agent claimed to have found the alleged marijuana. In fact,
if it is believed that a parole agent performed the 10/5/06,
search it was still unlawful because it was a police opperation
police briefed parole agents, and the alleged contraband
was not in plain site as defendants claim, once police briefed
parole agents, the parole agents were performing police
objectives and not performing discretionary functions at
the time of the alleged constitutional deprovations, the
adminstrative justification that generally permitted them to
avoid acquisition of a warrant was no longer applicable,
therefore defendants are not entitled to qualified immunity
**Powell v. ward**, 643 F.2d 924 n.13(2ndCir.1981)(a defendant
who"knew or should have known that their conduct violated
a constitutional norm" was not entitled to immunity. Plaintiff
only challenges the search aspect incident to the 10/5/06
arrest.

If defendants are allowed to use the defense, that it
was a parole agent who performed the search, plaintiff must
be allowed to bring in agent Dutka as a defendant.

Plaintiff further states police agents went beyond the
limmited wingspan search which they conclude was incident
to arrest  when they entered another room through a closed
door, plaintiff's appended **exhibit A**, defendant Hoagland's
investigation report of 10/5/06, photography report, indicating

that (17) 35mm. pictures were taken that night at aprox.
1730hrs. photo numbers 9 - 17 were taken inside the plaintiff's
bedroom of items not relevant to a wingspan search because
they were inside another room with a closed door, and the
items are irrelevant to this investigation, however, state
police were actively investigating the Pennington case at
the time, and plaintiff states that is what they were doing
without a warrant, that case involved item similar to the
ones photographed. plaintiffs appended **exhibit B**, indicating
that it was an unlawful warrantless search and it is evidenced
by their own photography. Because defendant's Bundy, Hoagland,
and Blanchette entered and searched the bedroom and it was
done intentionally by defendant's who "knew or should have
known that their conduct violated a Constitutional norm"
they are not entitled to immunity..**Powell V. Ward,** 643 F.2d
924 n.13(2nd Cir.1981) It is well established that the
threshold inquiry into a qualified immunity defense is to
determine wether the actions complained of rise to the level
of a constitutional right.see **Sausier V. Katz,** 533 U.S. 194,
201 ,150 L.Ed.2d 272, 121 S.Ct. 2151(2001);. A warrantless
search performed knowingly,intentionally, and maliciously
of a different room, behind a closed door is known to them
to be unlawful, their intent was obvious they were over zelously
trying to solve another case. No evidence of any crime was
found in this investigation.

Plaintiff's argument regarding supplemental and Amendment

   Plaintiff's claims are firmly stated and not futile, or
scurrilous hearsay accusations, plaintiff has included a

statement of the alleged victim Casey Lyons, and will soon
supplement it with a Sworn Affidavit and deposition as soon
as a way is found. This new information the victim himself
brought to the table only became known to the plaintiff the
last few months, Mr. Lyons informed plaintiff he was never
consulted by his attorneys regarding plaintiff's case, and
further states he was threatened by defendants and force
to go along with their scheme, and also everythig in his
statement was fabricated by defendants. **Ricciti V. N.Y.C.**
**Transit Authority,** 124 F.3d 123, 130,(2ndCir.1997)( A police
officer who fabricates evidence and forwards that evidence
to a prosecutor(who uses it against a defendant) will remain
liable for his consequences of his misconduct); It is further
established that a constitutional right exists, not to be
deprived of a liberty on the basis of false evidence fabricated
bya government officer **White V. Frank,** 885 F.2d, 961 (2nd
CIr. 1988); The reason the case was not prosecuted was because
Casey Lyons told his attorney he would not take the stand
and lie, the same reason he refused to take the stand in
plaintiff's capitol felony trail.

Plaintiff was schedualed for a re-instatement hearing
for his special parole on the morning defendant's orchestrated
this false arrest, so plaintiff was never brought to the
hearing because of defendants actions.

In Connecticut a technical parole violator as policy and
practice will serve an average of 90 days and then be released
back into the community, plaintiff retained a paid attorney
to represent him at a preliminary hearing on 12/11/07, a

hearing defendants claim plaintiff waived, defendants first
supplement Rule 56 pg.15 paragraph 12ᵒ, when infact, he did
assert his rights and request a preliminary hearing to challange
probable cause see Ellison aff. Exhibit F pg.3-5,. It was
agreed between the parties that the hearings would be combined
into one , which would take place on 12/11/07, and plaintiff's
counsel would be representing him in regard to all matters
involving said hearings, see appended **exhibit F**, plaintiffs
attorneys memo regarding this matter, the only reason the
plaintiff checked off that he did not want a preliminary
hearing on other forms was to expidite his hearings where
plaintiff could produce his evidence, which he never got a
chance to do because of the unlawful arrest, which defendants
intended to prevent all along. The 12/11/07, arrest prevented
the plaintiff from being released on special parole and caused
him to remain incarcerated and be subjected to other acts
orchestrated by the state police.

   Plaintiff's claims in his supplemental complaints are
factually supported by the alleged victim himself, also,
plaintiff should not have to respond or argue allegations
in his complaint that has not been filed, plaintiff objects
to this, plaintiff requests leave from the court to file
(Doc 50) as it was submitted well before defendants summary
judgment motion, and plaintiff's (Doc 55) was also set to
be filed weeks before defendants moving papers were filed
but, due to the burdens of incarceration plaintiff was not
able to produce or make copies and then apply for over weight

postage until 12/1/10, because the law library was closed
for O-unit on 11/24, leaving plaintiff with no other choice
but to file on 12/1/10. Plaintiff requests leave from this
court to file his amendments as they are brought in good
faith and have merit.

Plaintiff was aware of his actual innocents at all times
regarding these despicable allegations and indicated at the
time of dismissal May 19, 2009, that he wanted to bring an
action, however, he had no evidence supporting his claims
, until just a few months ago when the alleged victim came
forward and contacted the plaintiff and gave a statement.

Plaintiff respectfully requests leave to litigate these very
serious violations of his constitutional rights.

Plaintiff is not lettered in law and did not understand the
difference between a supplemental and amended complaint at
the time he filed, plaintiff believed that he had to bring
a whole new complaint regarding the new issues, it is not
that the plaintiff wishes to bring further burdens on the
defendants, plaintiff just wishes to bring forth his claims
that have merit and moves the court to the best of his ability.

I have read the foregoing and it is true and accurate to
the best of my knowledge and belief under the penalty of
perjury.

Wherefore, plaintiff request leave to file Doc.(50) (58)
and (59), and claim it to be in the interest of justice.

THE PLAINTIFF,

George M.Leniart

# EXHIBIT A



# STATE OF CONNECTICUT, DEPARTMENT OF PUBLIC SAFETY - INVESTIGATION REPORT (DPS-302-E) (REVISED 2/3/06)

| CFS NO. | INCIDENT DATE | TIME | INCIDENT DATE | TIME | PRIMARY OFFICER | | APARTMENT NO | TOWN CD | BADGE NO | INVESTIGATING OFFICER | | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06C347051 | 10/05/2006 | 09:30 | 10/05/2006 | | HOAGLAND, MICHAEL | | | T086 | 0647 | TFC HOAGLAND, MICHAEL | | 0647 |

INCIDENT ADDRESS
0000 Massapeaug Side Rd, Montville 06382

| TYPE OF EXCEPTIONAL CLEARANCE | CASE STATUS |
|---|---|
| Non-Applicable | (Closed)/(Arrest) |

Report Type:   Initial Report: ☐   Prosecutors Report: ☐   Supplement: ☑   Re-open: ☑   Assist: ☐   Closing: ☑

Attachments:   Statements: ☐   Teletype: ☐   Photos: ☑   Sketch/map: ☐   Evidence: ☐   Other: ☐

## 35MM PHOTOGRAPHY REPORT

### ACTION TAKEN:

On 10-05-06 at approximately 1730hrs I took the following seventeen (17) 35mm color photographs. These photographs are in connection with a Assault 2nd, Breach of Peace, and Possession of Marijuana case that occurred at 300 Massapeug Side Rd Montville, CT.

The photographs depict the exterior and interior of the residence of the accused, George Leniart.

These photographs were taken by me utilizing a Nikon N70 35mm camera with Kodak 400 speed color print film. There are two sets of color photographs that were developed by the Connecticut State Police Photography laboratory.

Photographs depicted below:

Photo# 1- Photo depicts the entrance to the lower level of the residence.

Photo# 2- Photo depicts the entrance to the lower level of the residence.

Photo# 3- Photo depicts the door entrance of the residence.

Photo# 4- Photo depicts the door entrance of the accused's bedroom.

Photo# 5- Photo depicts above the door entrance in the area of the exposed ceiling rafters.

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN, DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER; THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE; OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT;OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT. THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: | INVESTIGATOR I.D.#: | REPORT DATE: | SUPERVISOR SIGNATURE: | SUPERVISOR I.D.# | DATE |
|---|---|---|---|---|---|
| | 647 | 12-21-06 | | 103 | 12/22/06 |

Report #: 0600347051 - 007946

**STATE OF CONNECTICUT, DEPARTMENT OF PUBLIC SAFETY-**
**INVESTIGATION REPORT (DPS-302-E) (REVISED 2/3/06)**

Photo# 6- Photo depicts the open and exposed ceiling rafter where the marijuana was located.

Photo# 7- Photo depicts the open and exposed ceiling rafter where the marijuana was located.

Photo# 8- Photo depicts the open and exposed ceiling rafter where the marijuana was located.

Photo# 9- Photo depicts a wooden box assorted containing jewelry located under the bed.

Photo# 10- Photo depicts a wooden box assorted containing jewelry located under the bed.

Photo# 11- Photo depicts a Homeland Security Camera box located on a shelf.

Photo# 12- Photo depicts the security camera monitor along with electronics on a shelving unit.

Photo# 13- Photo depicts the computer monitor displaying Internet connection owned by the accused.

Photo# 14- Photo depicts the computer monitor displaying Internet connection owned by the accused.

Photo# 15- Photo depicts an empty Busch Beer Can located on a table by the bedroom doorway.

Photo# 16- Photo depicts unidentifiable articles.

Photo# 17- Photo depicts unidentifiable articles.

End of photographs.

**CASE STATUS: Closed Cleared-Arrest**

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN, DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1) MY PERSONAL OBSERVATION AND KNOWLEDGE; OR (2) INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT; OR (3) INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT. THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: | INVESTIGATOR I.D.#: | REPORT DATE: | SUPERVISOR SIGNATURE | SUPERVISOR I.D.# | DATE |
|---|---|---|---|---|---|
| DET J.L. | 647 | 12-21-06 | | | |

# EXHIBIT B

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY                    **CONTINUATION OF INVESTIGATION REPORT**
DIVISION OF STATE POLICE
DPS 702-C REV. 7/95

| C...UMBER | INCIDENT TYPE | PROSECUTOR'S REPORT | | | | |
|---|---|---|---|---|---|---|
| E96-166553 | Missing Person | ☐ HAS BEEN SENT | ☑ SUPPLEMENTARY | ☐ RE-OPEN | ☐ ASSIST | ☐ CLOSING |

**Interview of:**   O'Brien, Benjamin E.      W/M      03/31/83
47 Park Avenue Extension
Montville, CT           (860)848-4698

O'Brien stated that during the first or second week of June 1996 he overheard a telephone conversation with his brother Charlie. O'Brien stated that he heard his brother tell the caller that April Pennington had gone to a party in either Waterford, CT of Ledyard, CT possibly with "Mike", but she left the party with another person. O'Brien stated that he had no other information regarding this incident.

**Action Taken:**   On 06/03/96 at 1237 hours this writer interviewed Kalin at Montville High School, and a written statement was subsequently taken from her.

On 06/03/96 at 1300 hours this writer reinterviewed Lavallee at Montville High School. No written statement was taken. Lavallee stated that she had shown that found bracelet to Pennington's mother who related that it did not belong to April Pennington.

On 06/03/96 at 1322 hours this writer interviewed Jackie Scott at Montville High School, and a written statement was subsequently taken from her.

On 06/03/96 at 1330 hours this writer interviewed Gwudz at Montville High School. No written statement was taken.

On 06/03/96 at 1335 hours this writer interviewed Watrous at Montville High School. No written statement was taken.

On 06/03/96 at 1340 hours this writer was permitted to search April Pennington school locker (#1260), in association with Assistant Principal Michael Pinella. This writer did locate a tan colored jacket, and brown colored duffle bag, which were seized for possible evidentury value. Said items were later identified by Pennington's father, Walter Pennington, as belonging to April Pennington and in addition, were the items which they had originally believed that Pennington had run away with. Said item were later determined not to possess any evidentury value, and were released to Walter Pennington, at which time he signed for their receipt. at this time this writer was also advised by Pennington's mother, Hazel Pennington, that she had examined the bracelet found by Lavallee and determined that it was not April's.

On 06/03/96 at 1346 hours this writer interviewed Pennington's school Guidance Counselor, Leonard Favalora. Favalora related that he was not aware of any underlying problems which Pennington may have been experiencing. Favalora related that Pennington had achieved poor grades in school, due to lack of effort.

| STATUS | 1. ACTIVE    2. CLEARED ARREST | 3. SUSPENDED    4. X-CLEARED | F. FUGITIVE    6. NO CRIMINAL ASPECT | CODE 1 | AGE OF OLDEST ACCUSED (MUST BE USED WHEN CODE 2 OR 4 IS USED.) | PAGE NUMBER 6 OF 9 |
|---|---|---|---|---|---|---|
| SUPERVISOR'S SIGNATURE | | ID NO 91 | INVESTIGATING OFFICER'S SIGNATURE   Cpl. C. Davis 68 | | ID NO BC42 | DATE OF REPORT 07/04/96 |

| State of Connecticut Dept. of Public Safety Narrative Report | REPORT TYPE: | ATTACHMENTS: | DPS INCIDENT NUMBER: |
|---|---|---|---|
| | ☐ INITIAL CONTINUATION | ☐ STATEMENTS | DPS-04-026295 |
| | ☒ SUPPLEMENTARY | ☐ PHOTOGRAPHS | Page 1 of 1 |
| | ☐ RE-OPEN | ☐ SKETCH MAP | |
| ˢS-302-C  (Revised 04/03) | ☐ ASSIST | ☐ EVIDENCE | |
| | ☐ CLOSING | ☐ TELETYPE | |
| | | ☐ OTHER | |

**WITNESS :**       Pennington, Hazel,                07-05-57
                        2602 Peacehaven Dr.
                        Pleasant Gardens, NC          336-676-8171

**DATE/TIME :**    11-23-04 @ 1115 hrs.

**ACTION TAKEN :**   On the above date & time, this writer contacted Mrs. Pennington
via telephone at her home in NC.  This writer was inquiring of the
Pennington's for Det. Patterson who had been told by PJ Allain that he
had seen a white sneaker on the trail where he believed April was
murder by George Leniart.  Allain also told Patterson that the sneaker
had "I Love Mike" written on it.

Mrs. Pennington said that she believes that April was wearing white
flat tennis type sneakers when she went missing in 1996.  Mrs.
Pennington said the sneakers were cheap or the type you could buy for
less than $10.00. There could have been writing of "I Love Mike" on
them  because April's (ex)boyfriend was a Mike Eldredge. Mrs.
Pennington said she couldn't recall seeing anything like that on April's
sneaker but she wouldn't rule it out.

Mrs. Pennington also volunteered that April was wearing a 14K white
gold ring on her right ring finger.  Mrs. Pennington said the ring had six
prongs, with a ruby stone (Hazel Pennington's birth stone). The ring
had been passed down though the family according to Hazel.

| CASE STATUS: | | TYPE OF EXCEPTIONAL CLEARANCE: | | |
|---|---|---|---|---|
| ☒ 1-ACTIVE | 4-EXCEPTIONAL CLEARANCE | A-OFFENDER DECEASED | | D-VICTIM UNCOOPERATIVE |
| 2-CLEARED ARREST | 6-NO CRIMINAL ASPECT | B-PROSECUTION DENIED | | E-JUVENILE-NO CUSTODY |
| 3-SUSPENDED | F-FUGITIVE | C-EXTRADITION DENIED | | |

THE UNDERSIGNED, AN INVESTIGATOR DULY SWORN, DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. T THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1) MY PERSONAL OBSERVATIONS & KNOWLEDGE; OR (2) INFORMATION RELAYED TO ME BY OTHER BERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT; OR (3) INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT ...OM THE PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE | INVESTIGATOR I.D. | REPORT DATE | SUPERVISOR SIGNATURE | SUPERVISOR I.D. | APPROVAL DATE |
|---|---|---|---|---|---|
| Det. M. Graham | 972 | 11-24-04 | | | 12/2/04 |

# EXHIBIT C



# Remand to Actual Custody Order
## Connecticut Department of Correction

CN 11301
REV 7/1/06

| | |
|---|---|
| Offender name: George Lennart | Offender number: #250410 |
| Residential facility: Corrigan Correctional Institution | Date of issuance: 10·5·06 |
| Criminal charges: Breach of Peace, Assault II | Technical violations: |

## CHECK APPROPRIATE SECTION

☐ Transitional Supervision      ☐ Transitional Placement      ☐ Community Release

Pursuant to section 18-100 of the Connecticut General Statutes, the above-named inmate is hereby remanded to actual custody at the facility listed above.

Section 18-100(d) states... "The Commissioner of Correction shall establish such regulations as he deems necessary for the administration of this section and... for the conduct of persons granted the privileges of this section; and he may suspend the privileges of any persons who violate such regulations or whose conduct he believes is unsuitable for the continuation of such privileges."

☐ Discretionary Parole      ☒ Special Parole      ☐ Transfer Parole

Pursuant to section 54-127 of the Connecticut General Statutes, the above-named parolee is hereby remanded to actual custody at the facility listed above.

Section 54-127 States...Rearrest.  The request of the Commissioner of Correction or any officer of the Department of Correction so designated by the commissioner, or of the Board of Pardons and Paroles or its chairman shall be sufficient warrant to authorize any officer of the Department of Correction or any officer authorized by law to serve criminal process within this state, to return any convict or inmate on parole into actual custody; and any such officer, police officer, constable or state marshal shall arrest and hold any parolee or inmate when so requested, without any written warrant.

| Signed for the Commissioner by: | Signed for by the Unit Administrator by: |
|---|---|
| _Gary Crawford_ PO | _Det. W. Blanchette_ #895 |
| Parole Officer signature        Date: 10·5·06 | Facility staff signature        CSP EDMC-E |
| _Gary Barniskowski_ | Date: |
| Parole Supervisor signature        Date: 10·5·06 | Title |

**\* If lodged at a Police Department, this order shall automatically expire 30 days from the Date of Issuance.**

Facility Alerts:

☐ Suicidal      ☐ Medical Condition      ☐ Separation issue

☐ Other (specify):

| Comments: | Mental Health: |
|---|---|
| | |

# Remand to Actual Custody Order

| | |
|---|---|
| Offender name: George Lennart | Offender number: # 250010 |
| Residential facility: Corrigan Correctional Institution | Date of issuance: 10-5-06 |
| Criminal charges: Breach of Peace, Assault II | Technical violations: |

## CHECK APPROPRIATE SECTION

☐ Transitional Supervision   ☐ Transitional Placement   ☐ Community Release

Pursuant to section 18-100 of the Connecticut General Statutes, the above-named inmate is hereby remanded to actual custody at the facility listed above.

Section 18-100(d) states... "The Commissioner of Correction shall establish such regulations as he deems necessary for the administration of this section and... for the conduct of persons granted the privileges of this section; and he may suspend the privileges of any persons who violate such regulations or whose conduct he believes is unsuitable for the continuation of such privileges."

☐ Discretionary Parole   ☒ Special Parole   ☐ Transfer Parole

Pursuant to section 54-127 of the Connecticut General Statutes, the above-named parolee is hereby remanded to actual custody at the facility listed above.

Section 54-127 States...Rearrest. The request of the Commissioner of Correction or any officer of the Department of Correction so designated by the commissioner, or of the Board of Pardons and Paroles or its chairman shall be sufficient warrant to authorize any officer of the Department of Correction or any officer authorized by law to serve criminal process within this state, to return any convict or inmate on parole into actual custody; and any such officer, police officer, constable or state marshal shall arrest and hold any parolee or inmate when so requested, without any written warrant.

| Signed for the Commissioner by: | Signed for by the Unit Administrator by: |
|---|---|
| Jerry Bransford PO  10-5-06 | _____ 10/5/06 |
| Parole Officer signature  Date | Facility staff signature  Date |
| Gary Danulowski  10-5-06 | A/P/O |
| Parole Supervisor signature  Date | Title |

* If lodged at a Police Department, this order shall automatically expire 30 days from the Date of Issuance.

Facility Alerts:

☐ Suicidal   ☐ Medical Condition   ☐ Separation issue

☐ Other (specify):

| Comments: | Mental Health: |
|---|---|
| | |

TOTAL P.01

# EXHIBIT D



# Connecticut Board of Parole
*Special Parole Acknowledgment Sheet*

Name: LENIART, GEORGE
CJIS No. 250010

Special Parole Start Date:          **01/11/06**

Period of Special Parole:           **6 YEARS**
                                    **0 MONTHS**
                                    **0 DAYS**

## PAROLE SUPERVISION END DATE:                                    **01/11/12**

I understand that I will be supervised on **SPECIAL PAROLE** until:

# January 11, 2012

and that violation of the conditions of my parole may result in reincarceration.

I ALSO AGREE TO ABIDE BY THE FOLLOWING CONDITIONS, AS WELL AS ANY ADDITIONAL CONDITIONS WHICH MAY BE IMPOSED:

1. Upon release, you will report to your assigned parole officer as directed and follow the parole officer's instructions. You will report to your parole officer in person, by telephone and in writing whenever and wherever the parole officer directs.
2. Your parole officer will assign you to one of several levels of community supervision, depending upon your circumstance. These levels of community supervision may increase depending upon changes in circumstances, at the discretion of the parole officer, and may include residential placement, electronic monitoring, curfew, avoidance of specific geographical areas and avoidance of specific social circumstances or individuals.
3. You will live in a residence approved by your parole officer and will coordinate any changes in your place of residence through your parole officer before moving. Your parole officer has the right to visit your residence at any reasonable time.
4. You will seek, obtain and maintain employment throughout your parole term, or perform community service as directed by your parole officer. Your parole officer has the right to visit your place of employment or community service at any reasonable time.
5. You will keep your parole officer informed of any changes in your marital or domestic status.
6. You will not use, or have in your possession or control, firearms, ammunition, or any other weapon or object that can be used as a weapon.
7. You will participate in an addiction services evaluation and treatment as deemed appropriate. You will follow the instructions of the program staff and your parole officer and will not make any changes without the express permission of the program staff and your parole officer. You will also submit to random urinalysis for the balance of your parole term.
8. You may be required to participate in a mental health services evaluation and treatment as deemed appropriate. You will follow the instructions of the program staff and your parole officer and will not make any changes without the express permission of the program staff and your parole officer.
9. You will not use, or have in your possession or control, any illegal drug, narcotic or drug paraphernalia.
10. You will not leave the State of Connecticut without prior permission of your parole officer.
11. You will obey all laws, and to the best of your ability, fulfill all your legal obligations, including payment of all applicable child support and alimony orders. You will notify your parole officer within 48 hours of your arrest for any offense.
12. You will not associate or affiliate with any street gang, criminal organization or with any individual members thereof.
13. Your release on parole is based upon the premise that there is a reasonable probability that you will live and remain at liberty without violating the law and that your release is not incompatible with the welfare of society. In the event that you engage in conduct in the future which renders this premise no longer valid, then your parole will be revoked or modified accordingly.

LENIART, GEORGE

Parole Officer/Witness

X 11-3-05
Date

11-3-05
Date



**State of Connecticut**
**Board of Parole**

Statement of Understanding and Agreement

# CONDITIONS OF PAROLE

NAME **LENIART, GEORGE** CJIS NO. **250010** DISCHARGED TO SPECIAL PAROLE **1/11/2006**

**RELEASE. DIRECTION.** UPON RELEASE, YOU WILL REPORT TO YOUR ASSIGNED PAROLE OFFICER AS DIRECTED AND FOLLOW THE PAROLE OFFICER'S INSTRUCTIONS. YOU WILL REPORT TO YOUR PAROLE OFFICER IN PERSON, BY TELEPHONE AND IN WRITING WHENEVER AND WHEREVER THE PAROLE OFFICER DIRECTS.

**LEVELS OF SUPERVISION.** YOUR PAROLE OFFICER WILL ASSIGN YOU TO ONE OF SEVERAL LEVELS OF COMMUNITY SUPERVISION, DEPENDING UPON YOUR CIRCUMSTANCE. THESE LEVELS OF COMMUNITY SUPERVISION MAY INCREASE DEPENDING UPON CHANGES IN CIRCUMSTANCES, AT THE DISCRETION OF THE PAROLE OFFICER, AND MAY INCLUDE RESIDENTIAL PLACEMENT, ELECTRONIC MONITORING, CURFEW, AVOIDANCE OF SPECIFIC GEOGRAPHICAL AREAS AND AVOIDANCE OF SPECIFIC SOCIAL CIRCUMSTANCES OR INDIVIDUALS.

**RESIDENCE.** YOU WILL LIVE IN A RESIDENCE APPROVED BY YOUR PAROLE OFFICER AND YOU WILL COORDINATE ANY CHANGES IN YOUR PLACE OF RESIDENCE THROUGH YOUR PAROLE OFFICER BEFORE MOVING. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR RESIDENCE AT ANY REASONABLE TIME.

**EMPLOYMENT.** YOU WILL SEEK, OBTAIN AND MAINTAIN EMPLOYMENT THROUGHOUT YOUR PAROLE TERM, OR PERFORM COMMUNITY SERVICE AS DIRECTED BY YOUR PAROLE OFFICER. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR PLACE OF EMPLOYMENT OR COMMUNITY SERVICE AT ANY REASONABLE TIME.

**MARITAL/DOMESTIC STATUS.** YOU WILL KEEP YOUR PAROLE OFFICER INFORMED OF ANY CHANGES IN YOUR MARITAL OR DOMESTIC STATUS.

**FIREARMS PROHIBITED.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, FIREARMS, AMMUNITION, OR ANY OTHER WEAPON OR OBJECT THAT CAN BE USED AS A WEAPON.

**SUBSTANCE ABUSE TREATMENT.** YOU WILL PARTICIPATE IN AN ADDICTION SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER. YOU WILL ALSO SUBMIT TO RANDOM URINALYSIS FOR THE BALANCE OF YOUR PAROLE TERM.

**MENTAL HEALTH TREATMENT.** YOU MAY BE REQUIRED TO PARTICIPATE IN A MENTAL HEALTH SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

**DRUGS PROHIBITED.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, ANY ILLEGAL DRUG, NARCOTIC OR DRUG PARAPHERNALIA.

**TRAVEL.** YOU WILL NOT LEAVE THE STATE OF CONNECTICUT WITHOUT PRIOR PERMISSION OF YOUR PAROLE OFFICER.

**OBEY ALL LAWS. REPORT ANY ARREST.** YOU WILL OBEY ALL LAWS, AND TO THE BEST OF YOUR ABILITY, FULFILL ALL YOUR LEGAL OBLIGATIONS, INCLUDING PAYMENT OF ALL APPLICABLE CHILD SUPPORT AND ALIMONY ORDERS. YOU WILL NOTIFY YOUR PAROLE OFFICER WITHIN 48 HOURS OF YOUR ARREST FOR ANY OFFENSE.

**GANG AFFILIATION.** YOU WILL NOT ASSOCIATE OR AFFILIATE WITH ANY STREET GANG, CRIMINAL ORGANIZATION OR WITH ANY INDIVIDUAL MEMBERS THEREOF.

**STATUTORY RELEASE CRITERIA.** YOUR RELEASE ON PAROLE IS BASED UPON THE PREMISE THAT THERE IS A REASONABLE PROBABILITY THAT YOU WILL LIVE AND REMAIN AT LIBERTY WITHOUT VIOLATING THE LAW AND THAT YOUR RELEASE IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY. IN THE EVENT THAT YOU ENGAGE IN CONDUCT IN THE FUTURE WHICH RENDERS THIS PREMISE NO LONGER VALID, THEN YOUR PAROLE WILL BE REVOKED OR MODIFIED ACCORDINGLY.

**ADDITIONAL CONDITIONS.** YOU ALSO MUST ABIDE BY THE FOLLOWING INDIVIDUAL CONDITIONS:

YOU WILL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM FOR PROBLEM SEXUAL BEHAVIOR. YOU MUST FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AS TO YOUR COURSE OF TREATMENT AND MAY NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE TO HAVE NO CONTACT IN ANY MANNER WHATSOEVER WITH THE VICTIM OF YOUR OFFENSE(S) OR WITH THE MEMBERS OF THAT FAMILY.

THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE TO HAVE NO CONTACT IN ANY MANNER WHATSOEVER WITH MINORS.

THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE NOT TO CONSUME ALCOHOLIC BEVERAGES AND YOU ARE PROHIBITED FROM ENTERING ANY ESTABLISHMENT WHERE THE PRIMARY PURPOSE IS THE SALE/SERVICE OF ALCOHOL.

**FAILURE TO COMPLY WITH THESE CONDITIONS MAY RESULT IN THE REVOCATION OF PAROLE, AND, IF APPLICABLE, THE LOSS OF GOOD CONDUCT CREDITS EARNED WHILE IN PRISON.**

I HAVE READ OR HAVE HAD READ TO ME, IN MY PRIMARY LANGUAGE, THE CONDITIONS OF PAROLE RELEASE. I FULLY UNDERSTAND MY OBLIGATIONS AND AGREE TO COMPLY WITH THESE CONDITIONS OF RELEASE ON PAROLE. IN ADDITION, I UNDERSTAND THAT THESE CONDITIONS SHALL APPLY TO ANY TERM OF SPECIAL PAROLE FOR WHICH I MAY HAVE BEEN SENTENCED TO SERVE.

| | | | | |
|---|---|---|---|---|
| _Parolee_ | _Date_ 1/11/06 | _Witness_ Tony Branford PO I | _Date_ 1-11-06 |
| For the Board of Parole | _Date_ 12-16-05 | ADMINISTRATIVE REVIEW _Hearing Location_ | 11/14/2005 _Date_ |

# STATE OF CONNECTICUT
# BOARD OF PARDONS AND PAROLES

**Statement of Understanding and Agreement**
**Conditions of Parole**

| Parole Name | Leniart, George | Numbers | CT 25001001 OOS | Release on or After | 07/05/2007 |
|---|---|---|---|---|---|
| Hearing Location: | Central Office | Hearing Date: | 05/25/2007 | Type of Release: | SPECIAL PAROLE |

1. **Release. Direction.** UPON RELEASE, YOU WILL REPORT TO YOUR ASSIGNED PAROLE OFFICER AS DIRECTED AND FOLLOW THE PAROLE OFFICER'S INSTRUCTIONS. YOU WILL REPORT TO YOUR PAROLE OFFICER IN PERSON, BY TELEPHONE AND IN WRITING WHENEVER AND WHEREEVER THE PAROLE OFFICER DIRECTS.

2. **Levels of Supervision.** YOUR PAROLE OFFICER WILL ASSIGN YOU TO ONE OF SEVERAL LEVELS OF COMMUNITY SUPERVISION, DEPENDING ON YOUR CIRCUMSTANCE. THESE LEVELS OF COMMUNITY SUPERVISION MAY INCREASE DEPENDING UPON CHANGES IN CIRCUMSTANCES, AT THE DISCRETION OF THE PAROLE OFFICER, AND MAY INCLUDE RESIDENTIAL PLACEMENT, ELECTRONIC MONITORING, CURFEW, AVOIDANCE OF SPECIFIC GEOGRAPHICAL AREAS AND AVOIDANCE OF SPECIFIC SOCIAL CIRCUMSTANCES OR INDIVIDUALS.

3. **Residence.** YOU WILL LIVE IN A RESIDENCE APPROVED BY YOUR PAROLE OFFICER AND YOU WILL COORDINATE ANY CHANGES IN YOUR PLACE OF RESIDENCE THROUGH YOUR PAROLE OFFICER BEFORE MOVING. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR RESIDENCE AT ANY REASONABLE TIME.

4. **Employment.** YOU WILL SEEK, OBTAIN AND MAINTAIN EMPLOYMENT THROUGHOUT YOUR PAROLE TERM, OR PERFORM COMMUNITY SERVICE AS DIRECTED BY YOUR PAROLE OFFICER. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR PLACE OF EMPLOYMENT OR COMMUNITY SERVICE AT ANY REASONABLE TIME.

5. **Marital/Domestic Status.** YOU WILL KEEP YOUR PAROLE OFFICER INFORMED OF ANY CHANGES IN YOUR MARITAL OR DOMESTIC STATUS.

6. **Firearms Prohibited.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, FIREARMS, AMMUNITION, OR ANY OTHER WEPON OR OBJECT THAT CAN BE USED AS A WEAPON.

7. **SUBSTANCE ABUSE TREATMENT.** YOU WILL PARTICIPATE IN AN ADDICTION SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER. YOU WILL ALSO SUBMIT TO RANDOM URINALYSIS FOR THE BALANCE OF YOUR PAROLE TERM.

8. **MENTAL HEALTH TREATMENT.** YOU MAY BE REQUIRED TO PARTICIPATE IN A MENTAL HEALTH SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

9. **Drugs Prohibited.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, ANY ILLEGAL DRUG, NARCOTIC, OR DRUG PARAPHENALIA.

10. **Travel.** YOU WILL NOT LEAVE THE STATE OF CONNECTICUT WITHOUT THE PRIOR PERMISSION OF YOUR PAROLE OFFICER

11. **Obey All Laws.** REPORT ANY ARREST. YOU WILL OBEY ALL LAWS, AND TO THE BEST OF YOUR ABILITY, FULFILL ALL YOUR LEGAL OBLIGATIONS, INCLUDING PAYMENT OF ALL APPLICABLE CHILD SUPPORT AND ALIMONY ORDERS. YOU WILL NOTIFY YOUR PAROLE OFFICER WITHIN 48 HOURS OF YOUR ARREST FOR ANY OFFENSE.

12. **Gang Affiliation.** YOU WILL NOT ASSOCIATE OR AFFILIATE WITH ANY STREET GANG, CRIMINAL ORGANIZATION OR ANY INDIVIDUAL MEMBERS THEREOF.

13. **Statutory Release Criteria.** YOUR RELEASE ON PAROLE IS BASED UPON THE PREMISE THAT THERE IS A REASONABLE PROBABILITY THAT YOU WILL LIVE AND REMAIN AT LIBERTY WITHOUT VIOLATING THE LAW AND THAT YOUR RELEASE IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY. IN THE EVENT THAT YOU ENGAGE IN CONDUCT IN THE FUTURE WHICH RENDERS THIS PREMISE NO LONGER VALID, THEN YOUR PAROLE WILL BE REVOKED OR MODIFIED ACCORDINGLY.

**Alcoholic Beverage Consumption**
THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE NOT TO CONSUME ALCOHOLIC BEVERAGES AND YOU ARE PROHIBITED FROM ENTERING ANY ESTABLISHMENT WHERE THE PRIMARY PURPOSE IS THE SALE/SERVICE OF ALCOHOL.

**Contact With Victims**
THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE TO HAVE NO CONTACT IN ANY MANNER WHATSOEVER WITH BRANDI LENIART WITHOUT THE EXPRESS PERMISSION OF THE PAROLE OFFICER.

**GPS**
YOU WILL PARTICIPATE IN THE G. P. S. (GLOBAL POSITIONING SATELLITE) PROGRAM, THE LENGTH OF TIME TO BE DETERMINED BY YOUR PAROLE OFFICER.

**Mental Health Treatment**
YOU WILL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM FOR ANGER MANAGEMENT.

Parolee: _George M Leniart_     Date: _6-15-07_

Witness: _Jarry Branford PO_     Date: _6-15-07_

**Other Additional Condition(s)**
THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE TO HAVE NO CONTACT IN ANY MANNER WHATSOEVER WITH MINORS.
**Sexual Treatment**
YOU WILL PARTICIPATE IN A MENTAL HEALTH EVALUATION AND TREATMENT PROGRAM FOR PROBLEM SEXUAL BEHAVIOR. YOU MUST FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AS TO YOUR COURSE OF TREATMENT AND MAY NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

Failure to comply with these conditions may result in the revocation of parole, and, if applicable, the loss of good conduct credits earned while in prison.

I have read or have had read to me, in my primary language, the conditions of parole release. I fully understand my obligations and agree to comply with these conditions of release on parole.  In addition, I understand that these conditions shall apply to any term of special parole for which I may have been sentenced to serve.

**ELECTRONIC SIGNATURES**

| Hearings Officer | Parole Officer |
| --- | --- |
| **Name:** | Shirley Boisvert |
| **Signature:** | *Karen Tomaszewski* |
| **Date of Signature:** | 06/08/2007 |

Parolee: _____   Date: 6-15-07

Witness: Gary Bransford PO   Date: 6·15·07

# EXHIBIT E

 **STATE OF CONNECTICUT**
**BOARD OF PARDONS AND PAROLES**

Statement of Understanding and Agreement
**Conditions of Parole**

| Parole Name: | Lenlart, George | Numbers | CT: 25001001 | Release on | 07/05/2007 |
| | | | OOS: | or After: | |
| Hearing Location: | Central Office | Hearing Date: | 05/25/2007 | Type of Release: | SPECIAL PAROLE |

1. **Release, Direction.** UPON RELEASE, YOU WILL REPORT TO YOUR ASSIGNED PAROLE OFFICER AS DIRECTED AND FOLLOW THE PAROLE OFFICER'S INSTRUCTIONS. YOU WILL REPORT TO YOUR PAROLE OFFICER IN PERSON, BY TELEPHONE AND IN WRITING WHENEVER AND WHEREEVER THE PAROLE OFFICER DIRECTS.

2. **Levels of Supervision.** YOUR PAROLE OFFICER WILL ASSIGN YOU TO ONE OF SEVERAL LEVELS OF COMMUNITY SUPERVISION, DEPENDING ON YOUR CIRCUMSTANCE. THESE LEVELS OF COMMUNITY SUPERVISION MAY INCREASE DEPENDING UPON CHANGES IN CIRCUMSTANCES, AT THE DISCRETION OF THE PAROLE OFFICER, AND MAY INCLUDE RESIDENTIAL PLACEMENT, ELECTRONIC MONITORING, CURFEW, AVOIDANCE OF SPECIFIC GEOGRAPHICAL AREAS AND AVOIDANCE OF SPECIFIC SOCIAL CIRCUMSTANCES OR INDIVIDUALS.

3. **Residence.** YOU WILL LIVE IN A RESIDENCE APPROVED BY YOUR PAROLE OFFICER AND YOU WILL COORDINATE ANY CHANGES IN YOUR PLACE OF RESIDENCE THROUGH YOUR PAROLE OFFICER BEFORE MOVING. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR RESIDENCE AT ANY REASONABLE TIME.

4. **Employment.** YOU WILL SEEK, OBTAIN AND MAINTAIN EMPLOYMENT THROUGHOUT YOUR PAROLE TERM, OR PERFORM COMMUNITY SERVICE AS DIRECTED BY YOUR PAROLE OFFICER. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR PLACE OF EMPLOYMENT OR COMMUNITY SERVICE AT ANY REASONABLE TIME.

5. **Marital/Domestic Status.** YOU WILL KEEP YOUR PAROLE OFFICER INFORMED OF ANY CHANGES IN YOUR MARITAL OR DOMESTIC STATUS.

6. **Firearms Prohibited.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, FIREARMS, AMMUNITION, OR ANY OTHER WEAPON OR OBJECT THAT CAN BE USED AS A WEAPON.

7. **Substance Abuse Treatment.** YOU WILL PARTICIPATE IN AN ADDICTION SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER. YOU WILL ALSO SUBMIT TO RANDOM URINALYSIS FOR THE BALANCE OF YOUR PAROLE TERM.

8. **Mental Health Treatment.** YOU MAY BE REQUIRED TO PARTICIPATE IN A MENTAL HEALTH SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU wILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

9. **Drugs Prohibited.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, ANY ILLEGAL DRUG, NARCOTIC, OR DRUG PARAPHENALIA.

10. **Travel.** YOU WILL NOT LEAVE THE STATE OF CONNECTICUT WITHOUT THE PRIOR PERMISSION OF YOUR PAROLE OFFICER

11. **Obey All Laws.** REPORT ANY ARREST. YOU WILL OBEY ALL LAWS, AND TO THE BEST OF YOUR ABILITY, FULFILL ALL YOUR LEGAL OBLIGATIONS, INCLUDING PAYMENT OF ALL APPLICABLE CHILD SUPPORT AND ALIMONY ORDERS. YOU WILL NOTIFY YOUR PAROLE OFFICER WITHIN 48 HOURS OF YOUR ARREST FOR ANY OFFENSE.

12. **Gang Affiliation.** YOU WILL NOT ASSOCIATE OR AFFILIATE WITH ANY STREET GANG, CRIMINAL ORGANIZATION OR ANY INDIVIDUAL MEMBERS THEREOF.

13. **Search.** YOU SHALL BE REQUIRED TO SUBMIT TO A SEARCH OF YOUR PERSON, POSSESSIONS, VEHICLE, BUSINESS, RESIDENCE, OR ANY AREA UNDER YOUR CONTROL AT ANY TIME, ANNOUNCED OR UNANNOUNCED, WITH OR WITHOUT CAUSE, BY PAROLE OR ITS AGENT TO VERIFY YOUR COMPLIANCE WITH THE CONDITIONS OF YOUR PAROLE.

14. **Extradition.** IN THE EVENT THAT YOU LEAVE THE JURISDICTION OF THE STATE OF CONNECTICUT, YOU HEREBY WAIVE YOUR RIGHT TO RESIST EXTRADITION TO THE STATE OF CONNECTICUT FROM ANY STATE IN THE UNITED STATES, THE DISTRICT OF COLUMBIA, THE COMMONWEALTH OF PUERTO RICO AND FROM ANY TERRITORY OR POSSESSION OF THE UNITED STATES OR COUNTRY OUTSIDE THE UNITED STATES. THIS WAIVER SHALL BE IN FULL FORCE AND EFFECT UNTIL YOU DISCHARGE FROM PAROLE SUPERVISION. YOU FULLY UNDERSTAND THAT YOU HAVE A RIGHT UNDER THE CONSTITUTION OF THE UNITED STATES AND UNDER LAW TO CONTEST AN

EFFORT TO EXTRADITE YOU FROM ELSEWHERE AND RETURN YOU TO CONNECTICUT, AND YOU FREELY AND KNOWINGLYWAIVE THIS RIGHT AS A CONDITION OF YOUR PAROLE.

15. <u>Statutory Release Criteria.</u> YOUR RELEASE ON PAROLE IS BASED UPON THE PREMISE THAT THERE IS A REASONABLE PROBABILITY THAT YOU WILL LIVE AND REMAIN AT LIBERTY WITHOUT VIOLATING THE LAW AND THAT YOUR RELEASE IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY. IN THE EVENT THAT YOU ENGAGE IN CONDUCT IN THE FUTURE WHICH RENDERS THIS PREMISE NO LONGER VALID, THEN YOUR PAROLE WILL BE REVOKED OR MODIFIED ACCORDINGLY.

**Alcoholic Beverage Consumption**
THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE NOT TO CONSUME ALCOHOLIC BEVERAGES AND YOU ARE PROHIBITED FROM ENTERING ANY ESTABLISHMENT WHERE THE PRIMARY PURPOSE IS THE SALE/SERVICE OF ALCOHOL.

**Contact With Victims**
THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE TO HAVE NO CONTACT IN ANY MANNER WHATSOEVER WITH BRANDI LENIART WITHOUT THE EXPRESS PERMISSION OF THE PAROLE OFFICER.

**GPS**
YOU WILL PARTICIPATE IN THE G. P. S. (GLOBAL POSITIONING SATELLITE) PROGRAM, THE LENGTH OF TIME TO BE DETERMINED BY YOUR PAROLE OFFICER.

**Mental Health Treatment**
YOU WILL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM FOR ANGER MANAGEMENT.

**Other Additional Condition(s)**
THROUGHOUT YOUR PERIOD ON PAROLE, YOU ARE TO HAVE NO CONTACT IN ANY MANNER WHATSOEVER WITH MINORS.

**Sexual Treatment**
YOU WILL PARTICIPATE IN A MENTAL HEALTH EVALUATION AND TREATMENT PROGRAM FOR PROBLEM SEXUAL BEHAVIOR. YOU MUST FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AS TO YOUR COURSE OF TREATMENT AND MAY NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

---

Failure to comply with these conditions may result in the revocation of parole, and, if applicable, the loss of good conduct credits earned while in prison.

I have read or have had read to me, in my primary language, the conditions of parole release. I fully understand my obligations and agree to comply with these conditions of release on parole. In addition, I understand that these conditions shall apply to any term of special parole for which I may have been sentenced to serve.

## ELECTRONIC SIGNATURES

| Hearings Officer | | Parole Officer |
|---|---|---|
| Name: | Shirley Boisvert | Larry Bransford |
| Signature: | *Karen Tomaszewski* | *Larry Bransford* |
| Date of Signature: | 06/08/2007 | 06/15/2007 |

Parolee: _____      Date: _____

Witness: _____      Date: _____

# EXHIBIT F

**KOCH & KOCH**
ATTORNEYS AT LAW
151 BRUSH HILL ROAD
· LYME, CT 06371

PHONE: 860-434-3060
FAX: 860-434-9483

WILLIAM T. KOCH, JR.
THEODORE KOCH III
MEMBERS, CONNECTICUT BAR

November 15, 2007

State of Connecticut Board of Parole
ATT: John DeFeo
55 West Main Street   Suite 520
Waterbury, CT 06702

**Re:  George Leniart #250010/Hearing:  December 11, 2007.**

Dear Mr. DeFeo:

This is in furtherance of our phone conversation. As you know, I represent

George Leniart. On Behalf of Mr. Leniart I would request the following for the hearing

on December 11, 2007:

1.) If the State is relying on the statement of Michael Space, Mr. Space should be

produced and present for cross-examination.

2.) The laptop computer along with the micro cassette and 9 VCR cassettes that

were seized by the State Police from Mr. Leniart's possession when he was remanded

back into custody on September 25, 2007.

3.) A copy of Mr. Leniart's 2006 Conditions of Parole.

Thank you for your cooperation.

Sincerely yours,

William T. Koch, Jr.

cc: George Leniart.

## **Rights at Preliminary Hearing**

A Preliminary Hearing may determine if there is probable cause to believe you have violated one or more conditions of your parole. Conviction for new criminal offenses precludes your right to a preliminary hearing. Waiver of a Preliminary Hearing or the finding of probable cause shall be the basis for a final revocation hearing.

**RIGHTS:**

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST A POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONEMENT OF THIS HEARING.

**PLEASE CHECK THE APPROPRIATE BOX:**

A. _____ I waive my right to a Preliminary Hearing.
B. _____ I request a Preliminary Hearing

_____ I will represent myself.
_____ I will be retaining my own attorney (indicate name if known)
**Attorney Name:** _____
_____ I request that the Board provide me when attorney representation for my hearing.

I will present the following witnesses to speak on my behalf:
ATTY Bill Koch / ATTY SCOTT MASER

I wish to have the following persons who gave evidence against me present for cross-examination:

Parolee: X _____        Date: 9/28/07
Parole Officer: _____   Date: 9/28/07

## Rights at Final Revocation Hearing

A final Revocation Hearing is conducted by a panel of the Board of Parole to determine, by a preponderance of evidence, whether you have violated one or more conditions of your parole. In addition to the Board voting whether or not to revoke your parole, it also has the statutory authority to order the forfeiture of any and all awarded good time in matters of final revocation.

**RIGHTS:**

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONEMENT OF THIS HEARING.

**PLEASE CHECK THE APPROPRIATE BOX** (note: If you check the box to continue your hearing pending disposition of criminal charges, once notified that the charges are disposed, you wil be scheduled to appear at a hearing. If you do not want to appear at that hearing, please indicate below).

A. _____ **I WAIVE MY RIGHT TO APPEAR BEFORE A PANEL OF THE BOARD OF PAROLE FOR A REVOCATION HEARING.** I fully realize that the Board may revoke my parole in my absence and recommit me to a correctional facility and, at its discretion, determine forfeiture of any or all applicable good time.

B. _____ **I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING THE DISPOSITION OF CRIMINAL CHARGES.** I will notify the Board as soon as charges are disposed of.

C. _____ **I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING MY OBTAINING AN ATTORNEY FOR REPRESENTATION AT THIS HEARING.** Either myself or my attorney will notify the Board as soon as possible to reschedule my Revocation Hearing.

D. ___✓___ **I WISH TO APPEAR AT MY REVOCATION HEARING**

_____ I will represent myself.
___✓___ I will be retaining my own attorney (indicate name if known)
**Attorney Name:**

_____ I request that the Board provide me when attorney representation for my hearing.

**I wish to present the following witnesses to speak on my behalf:**
_SCOTT MASER  /  Bill Koch_

Parolee: _____   Date: _9/28/07_

Parole Officer: _____   Date: _9/28/07_

I wish to have the following persons who gave evidence against me present for cross examination (not applicable in cases of criminal conviction):

① Michael SPACE

② NY Police given or TAKEN statments.

③ Any officer given or TAKEN a statment from any witness involving this matter.

④ Any and All Records concerning my 1997 criminal convictions.

⑤ A statment of the chain of command of any evidence siezed.

⑥ CARRY Brunsford P/O

Parolee: _____   Date: 9/28/07

Parole Officer: _____   Date: 9/28/07