UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT   FILED

GEORGE M. LENIART            CASE NO.:3:09cv-09(CFD)

              U.S. DISTRICT COURT
              BRIDGEPORT, CONN

-V-

SGT. WILLIAM BUNDY ET.AL.,           JANUARY 3, 2011


**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL**


**Defendant's are not entitled to qualified immunity,**

Wether an official protected by immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken. Anderson V. Crighton, 483 U.S. 635, 639, 97 L.Ed. 2d 523, 107 S.CT. 3034 (1987) (citations and internal quotatation marks omited)."If the law was clearly established the immunity defense ordinarily should fail, since a reasonable competent public official should have known the law governing his conduct". In plaintiff's case, defendants Hoagland, Blanchette and Bundy knew or should have known that during the 2006, arrest of the plaintiff, they should not have used excessive force when the plaintiff was not resisting, there was no reason to knock plaintiff to the ground, kick him in the sides and knee him in the back. attached **exhibit A**, Bransford's admission number 9, plaintiff was on the ground, if he was not resisting why would plaintiff be on the ground. Bundy should not have went into the concealed area up in the ceiling, which was not in plain sight, and then removed the alleged contraband. Hoagland should not have entered the closed door of the bedroom without

a warrant, and also, should not have been searching and taking photos for another investigation. Parole agents should not have worked in collusion with state police because there was no search policy in place in 2006, and 2007. Also all defendants had a duty to protect the plaintiff from the assault and injuries he sustained from the acts of the others on 10/5/06. As to the unlawful warrantless search on September 25, 2007, defendant Bransford had no reason to contact police or inform a third party who contacted the state police and informed them of the secret recordings plaintiff had made, which was the proximate causation of the unlawful entry the second time agent came back on 9/25/07.

## THE UNLAWFUL ENTRY AND WARRANTLESS SEARCH 9/25/07

Neither state police or parole agents obtained a search warrant or had the right to seize anything from the plaintiff's locked and secured residence, defendants claim consent was given and that a forged computer agreement which the plaintiff never signed allows access to a locked residence, which it does not, the totality of circumstances lean in the plaintiff's favor, also plaintiff will support his claims with video evidence from his security system, and parole did not have a search requirment in their parole agreement, this was a general warrantless search to recover the micro-cassette tapes. As parole agent Bransford was just inside the residence an hour earlier, and he checked all areas thoroughly, including the plaintiff's bedroom where his laptop computer sat on the desk. During the unlawful search other items were seized such as a micro-cassette recorder, micro-cassettes, business paperwork and files, and 9 VHS secutity tapes

were seized illegally, with no consent, and no parole consent agreement allowing warrantless searches, parole agents also lacked and corrobrotion as to any fact that the items were involved in any unlawful misconduct, and they were not any type of contraband. These circumstances clearly show that the plaintiff's home was unlawfully entered, and that a illegal search was performed, and that personal items were unlawfully seized. These are all well established constitutional violations, because the actual motivations of these officers was to recover the micro-cassettes containing information that may cause them loss of employment and imprisonment.

After parole agents seized the plaintiff on 9/25/07, they transported him against his will, to be interrigated by police while he was handcuffed and unable to leave, the totality of the circumstances indicate that plaintiff in no way would have agreed to go there willingly as plaintiff believed they were trying to set him up, the reason he was making all the secret recordings, and also the reason he hid from them at the house. Plaintiff did not go willingly, he was seized and forced against his will, also the reason he did not cooperate while he was there,,this seizure was a constitutional violation.

The October 5,2006, and December 11,2007, arrests of the plaintiff were based upon defendant Hoagland, Patterson, and Bundy working in conformity in submitting a probable cause affidavit knowingly and intentionally with reckless disregard for the truth, because Hoagland, Patterson, and Bundy placed false statements in the affidavit and omitted material facts, and the false and omitted information was necessary to the

finding of probable cause, on the present record, Hoagland, Patterson, and Bundy can not establish their entitlement to qualified immunity as a matter of law. Plaintiff alleges Hoagland fabricated the three statements to obtain a warrant and arrested plaintiff knowing he lacked probable cause to do so. Such conduct, if proved would violate plaintiff's clearly established right to be free from arrest in the absence of probable cause. see **Ricciuti V. New York Transit Auth.** 124 F.3d 123,128 (2nd Cir. 1997) (right not to be arrested without probable cause is clearly established); Moreover, it would be objectively unreasonable for Hoagland to believe he had probable cause to arrest plaintiff if Hoagland himself fabricated the grounds for the arrest. No"reasonably competent officer could disagree".

On 10/5/06, state police defendant's used false and fabricated information to obtain an arrest warrant, while conducting the arrest used excessive force causing plaintiff injuries, then performed a warrantless search, and took photos establishing they were in fact searching without a warrant, a clearly established fourth Amendment violation.

On 10/5/06, parole officers were contacted by the police, failed to help plaintiff while he was being assaulted by police, and performed a warrantless search in concert with police agents of items that were not in plain view without consent or authority. Parole officers had no consent to search as they did not have a search policy in place until May 2008, see **U.S. V. Julius**, 577 F. Supp. 2d at 590 n.2(2010); without a search policy in place and without a signed consent to search form this was an illegal search clearly establishing a violation of the fourth

Amendment, clearly indicating defendants can not establish their entitlement to qualified immunity as a matter of law.

Plaintiff will also address his claims regarding the 12/11/07, claims against defendant's Hoagland and Bundy, these claims are meritorious on their face and plaintiff demonstrated likely cause to bring these claims forward, the statement of Casey Luons alone supports merit, and also any police officer that forwards a probable cause warrant application, knowing it to contain false information subjects himself to civil liability. "an officer is not entitled to qualified immunity for an a unconstitutional arrest if a reasonably well-trained officer in defendants position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Malley V. Briggs, 475 U.S. 335, 345, 89 L.Ed. 2d 271, 106 S.Ct. 1092 (1986); these defendants both Hoagland worked in collusion and submitted false information that they themselves suborned, Ricciuti V. N.Y.C. Transit Authority, 124 F.3d 123, 130, (2nd Cir.1997) a police who fabricates evidence and forwards that evidence to a prosecutor( who uses it against a defendant) will remain liable for his consequences of misconduct All defendant's violated well established constitutional rights clearly indicating their immunity defense must fail.

Defendants claims that plaintiff's discovery is retaliation plaintiff claims he has a strong case supported by facts, affidavits and documentary evidence, plaintiff's discovery requests are the only way a person that is confined and representing himself pro-se can obtain evidence to support his claims, when defendants site documents such as A.D. 11.4 a new policy that

was not in effect until 2009, and was not in effect in 2006 or 2007, and does not pertain to plaintiff's claims, defendants further site case laws the are not applicable to plaintiff's case such as <u>Samson</u>"the Supreme Court upheld the warrantless search of parolees consistent with <u>consent-to conditions</u> of parole" and plaintiff never consented to any conditions, verbal or written at any time, see <u>U.S. V. Julius, 577 F.Supp. 2d at 590 n.2 (2010).</u>

Plaintiff's computer agreement does not in any way grant authority for anyone to (take) the computer, just to inspect it, which parole has done several times in the past at the home, Plaintiff has also informed his parole officer that he purchased the computer used and would not have had any way to know what was deep down in the hard drive, plaintiff and whoever examined the computer are aware that the files and other contraband is date stamped from 2005, plaintiff was incarcerated from 2002 until 2006, see attached **Exhibit B**, plaintiff also had his attorneys maintain possession of the computer, and nine VCR tapes and plaintiff will offer the computer which has always been in possession of a court officer to be subjected to further tesyting. Plaintiff never waived his preliminary hearing, see **attached Exhibit C**, he was just never given one, because of the false evidence submitted by defendants Bundy and Hoagland to obtain the warrant for the 12/11/07, false arrest, the only "overwhelming interest" that the state had was to solve a 13 year old cold case by arresting anyone they could, because doing so would advance their career status and positions within the state agency . Plaintiff is convicted of a Capitol Conviction

with no physical evidence, no crime scene, no eyewitness, and no proof a crime ever happened, plaintiff was convicted on lies of a jail house snitch, and will be proving his innocence in the near future.

The defendants claims that any and all policies, directives, regulations and ect. are burdensome and overly broad is because Connecticut did not have a search policy in place until May 2008, the exact reason plaintiff is requesting this information which is needed and will be relied upon and very important to establish which policy was infact in place in 2006 and 2007.

The October 5, 2006, warrantless search was performed by the state police not a parole agent and the September 25, 2007, search was unlawful because both police and parole agents Performed it and they did not have permission or a warrant to enter. Plaintiff infact did not have his MTD box on his person because it did not work, and plaintiff was never told to stay in his home, supportive of this fact was that parole officer Bransford states he had to call plaintiff and tell him to return to his house at 2pm. attached **Exhibit D** plaintiff was at all times in good standing and compliance of his parole conditions, he was hiding only because he was in fear for his life, also he never left his property, plaintiff never at any time went on-line with his computer, the computer was on his desk as will be proved when defendants provide the photos he requested as part of this compel motion which defendants are holding back because of the same reasons. The GPS print outs which were provided to the

plaintiff and his attorney were incomplete and contained only the pages that defendants wanted us to have, plaintiff requests he be given the whole months of August 2007, and September 2007, to establish the GPS was faulty for months and this information was known by parole agents and they still relied on this faulty information to violate plaintiff, the only thing that was given to plaintiff's attorney was a GPS CD that failed to work in the computer because of format problems.

## PERSONNEL AND CONDUCT HISTORY NEEDED TO ESTABLISH CREDIBILITY

The defendants state generally in their objection that the "personnel records of officers are not relevant to this action." their description of the documents sought is incorrect.

First, the plaintiff does not seek "personnel records" in any general way, he seeks documents pertaining to particular kinds of complaints and allegations about these defendants, wether or not they are part of "personnel records" he does not seek other matters that may be in the personnel records, such as medical data or information about their records of lateness, leaves, vacations ect.

Second, the kind of information sought is highly relevant. The plaintiff has alleged repeted misconduct by these same state officers over a period of several years, evidence to that effect would be highly relevant to his claims regarding each individual agent and their behaviors as a unit itself,
Rule 404(b),Fed.R.Evid., provides,"Evidence of other crimes wrongs, or acts is not admissable to prove character of a person in order to show that he acted in conformity there with. It

may, however, be admissable for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence of prior incidents of abuse by parole or law enforcement personnel has been admitted by several courts as relevant to motive, opportunity intent, preparation, plan, knowledge, identity or absence of mistake or accident, <u>Hynes V. Coughlin</u>, 79 F.3d 285, 290-01 (2nd Cir.1996); <u>State V. Moore</u>, 23 Conn. App. 479, 486-87(1990)( the Appellete court reviewed an officers personnel and internal affairs file and found material reflecting on his credibility, ID. at 486. This information is relevant and should be provided.

## CELL PHONE RECORDS NEEDED TO ESTABLISH CAUSATION

Defendant's claim they are not in possession of P/O Bransfords cell phone records are futile, his cell phone is state issued and there is a cell phone detail available to all sprint/nextel customers, and they can also be provided seven to ten years later at the click of a mouse, at any time day or night. This information is critical to prove that Bransford contacted the state police either directly or through his office between 10am. and noon on September 25, 2007, after I played the secret recordings for him, plaintiff also states that any other numbers can be redacted or subjected to in camra review if necessary.

## PAROLE VIOLATION REPORTS HAVE NOT BEEN PROVIDED

The parole violation report that has been provided with Parole Manager Ellison's affidavit has been altered from the original report which plaintiff has only one page of the orriginal in his possession, plaintiff requests the original 2007 report in

its unedited form. This claim is not moot.

## Conclusion

For all the foregoing reasons, plaintiff's motion should be granted or further oral argument should be allowed as this evidence is crucial and essential to supporting facts in this case.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully,

The Plaintiff

George M. Leniart 250010
MacDougall CI.
1153 East St. south
Suffield CT. 06080

## CERTIFICATION

I Hereby certify that a copy of the foregoing was mailed to the following this 3, day of January 2010.

Steven R. Strom
110 Sherman st.
Hartford CT. 06105

Plaintiff

# EXHIBIT A

6. On 10-5-06 you arrived at the plaintiff's residence along with several other parole agents and major crime detectives from Troop – E.

Response:   Admit.

7. Plaintiff opened the basement door and allowed you to enter then you walked to the opposite end of the basement while talking with plaintiff.

Response: Admit.

8. After several seconds of conversation state police agents tactically moved in and arrested plaintiff.

Response: Admit.

9. Plaintiff was handcuffed behind his back while still lying on his the ground.

Response: Admit.

10. While plaintiff was secured in a police vehicle you stood by watching detective Blanchette subject the contents of a bag alleged to contain marijuana to several field tests, which all turned a negative result for the presence of marijuana.

Response: Deny.

11. On 1-26-07, the court dismissed all charges regarding the alleged domestic assault.

Response: Objection. This defendant is without knowledge to admit or deny. Irrelevant and not likely to lead to admissible evidence.

12. Several weeks later another warrant was issued for the plaintiff for the alleged marijuana that tested negative several times.

Response: Objection. This defendant is without knowledge to admit or deny

# EXHIBIT B

```
MOVEMENTS       NUMBER:    250010      NAME:  LENIART,GEORGE M           PAGE   1
FILE:  CORR/RAD CC                     MED FILE:
                                        DATE     SEQ    LOCATION           JUR STA
CONTINUED BY COURT                     12/11/2007 1   140 CORR/RAD CC      140 U
TECHNICAL VIOLATION OF SPECIAL PAROLE   9/25/2007 1   140 CORR/RAD CC      4S5 X
REINSTATE SPECIAL PAROLE                7/05/2007 1   4YF PO-BRANSFORD     4S5 X
SPECIAL PAROLE COMMITMENT               5/25/2007 1   140 CORR/RAD CC      4S5 X
HOLD FOR SPECIAL PAROLE                 3/22/2007 1   140 CORR/RAD CC      4S5 X
CONTINUED BY COURT                      3/07/2007 1   140 CORR/RAD CC      140 U
TRANSFER AMONG DOC LOCATIONS            2/15/2007 1   140 CORR/RAD CC      4S5 X
HOLD FOR SPECIAL PAROLE                 1/26/2007 1   112 ENFIELD CCI      4S5 X
TRANSFER AMONG DOC LOCATIONS           10/10/2006 1   112 ENFIELD CCI      112 U
CONTINUED BY COURT                     10/06/2006 1   112 ENFIELD CCI      112 U
TECHNICAL VIOLATION OF SPECIAL PAROLE  10/05/2006 1   140 CORR/RAD CC      140 X
DISCH TO SPECIAL PAROLE SUPERVISION     1/11/2006 1   4YF PO-BRANSFORD     4S5 X
TRANSFER AMONG DOC LOCATIONS            8/19/2004 1   137 MCDGL/WLKR CI    137 G
TRANSFER AMONG DOC LOCATIONS            5/11/2004 1   128 BROOKLYN CCC     128 G
TRANSFER AMONG DOC LOCATIONS            1/06/2004 1   115 OSBORN CCI       115 G
RETURN FROM CUSCOM 2VG                 11/07/2003 1   125 CHESHIRE CC      125 G
TRANSFER TO CUSCOM 2VG                  1/09/2003 1   2VG GREENSVILLE      35V G

KNL1 12/18/2007    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N    NUMBER:   00250010                       ENTER FOR NEXT PAGE
```

# EXHIBIT C

## Rights at Preliminary Hearing

A Preliminary Hearing may determine if there is probable cause to believe you have violated one or more conditions of your parole. Conviction for new criminal offenses precludes your right to a preliminary hearing. Waiver of a Preliminary Hearing or the finding of probable cause shall be the basis for a final revocation hearing.

**RIGHTS:**
1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST A POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

**PLEASE CHECK THE APPROPRIATE BOX:**

A. (JC) I waive my right to a Preliminary Hearing.
B. ✓ (GM) I request a Preliminary Hearing

_____ I will represent myself.
✓ I will be retaining my own attorney (indicate name if known)
Attorney Name:
_____ I request that the Board provide me when attorney representation for my hearing.

I will present the following witnesses to speak on my behalf:

ATTY Bill Koch / ATTY SCOTT MASED

I wish to have the following persons who gave evidence against me present for cross-examination:

_____

Parolee: X _[signature]_          Date: 9/28/07
Parole Officer: _[signature]_     Date: 9/28/07

3

# EXHIBIT D

## Field Note / Interaction

Leniart, George - 250010-01

### General

**Interaction Date:** 09/25/2007  **Interaction Successful ?:** Successful
**Interaction Type:** Administrative Only

### Information - Actions

Parole Officer Comments

### Information - Additional Detail

- ** Information - PO Branford called parolee and made arrangements for parolee to be home by 2pm.