**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**


**GEORGE M. LENIART,**
          **Plaintiff,**

          **v.**                              **CASE NO. 3:09-cv-009(CFD)**

**WILLIAM BUNDY, et al.,**
          **Defendants.**


**RULING ON PLAINTIFF'S MOTIONS TO COMPEL,**
**FOR APPOINTMENT OF COUNSEL AND TO DELAY CONSIDERATION**
**OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this civil rights action, plaintiff asserts claims against Sergeant William Bundy and Detectives Wilber Blanchette, Michael Hoagland and John Patterson of the Connecticut State Police as well as Parole Supervisor Ellison and Parole Officers Larry Bransford, Blais and Jose Cartagena of the Connecticut Board of Pardons and Parole.

The allegations in the amended complaint concern two separate incidents, occurring on October 3, 2006, and September 25, 2007. Plaintiff alleges that, on October 3, 2006, Montville police investigated a domestic disturbance at his residence. Following this incident, defendants Patterson and Hoagland forced witnesses to sign false and misleading statements to support plaintiff's arrest. During the arrest, state police officers entered plaintiff's home without a warrant. Defendant Bundy searched the enclosed ceiling area above his bedroom door without a warrant, removing purported contraband.

Case 3:09-cv-00009-HBF   Document 82   Filed 02/28/11   Page 2 of 11

Plaintiff alleges that, prior to the September 25, 2007, he had met with defendants Blanchette and Hoagland several times and secretly recorded conversations between them.  On the morning of September 25, 2007, defendant Bransford visited plaintiff's home. Plaintiff told defendant Bransford that he had recorded a conversation between defendants Blanchette and Bundy conspiring to engage in illegal conduct.  Defendant Bransford told plaintiff that he was in compliance with the conditions of his parole and that he had reported a malfunction of plaintiff's GPS device.  Several hours later, defendants Bundy, Blanchette, Hoagland, Bransford, Blais, Ellison and  Cartagena contained his home, discovered plaintiff hiding in the back yard and arrested him.  After plaintiff was handcuffed, the defendants allegedly took his keys without permission to enter and search his home.  The defendants removed several items including the micro-cassette and recorder that plaintiff had used to record the conversation between defendants Bundy and Blanchette.

Plaintiff has filed two motions to compel discovery in this case and a renewed motion for appointment of counsel.  In addition, he has filed an affidavit pursuant to Fed. R. Civ. P. 56(f) in which he asks the court to delay consideration of defendants' motion for summary judgment while he conducts more discovery.  For the reasons that follow, plaintiff's motions are denied.

I.   <u>Motion for Appointment of Counsel [Doc. #69]</u>

The court denied plaintiff's previous motions for appointment of counsel because plaintiff had not demonstrated that he made sufficient efforts to obtain legal representation on his own.  <u>See</u> Doc. #46.  Plaintiff now states that he wrote letters to nine attorneys but has not yet received responses from seven of them.

At this time, the court cannot determine whether plaintiff can obtain legal assistance on his own.  Accordingly, the motion for appointment of counsel is denied for the reasons stated in the prior ruling.

II.  <u>Motion to Compel [Doc. #47]</u>

In his first motion to compel, plaintiff asks the court to order defendants to produce for inspection and copying documents he requested on June 30, 2010:  (1) policies, directives, regulations or instructions regarding parole field searches; (2) any disciplinary actions regarding all defendant; (3) the September 25, 2007 parole violation report; (4) all service and maintenance reports on his GPS device; and (5) the September 25, 2007 cell phone records of defendant Bransford.

A.   <u>Policies, Directives, Regulations or Instructions</u>

Defendants objected to the production of policies, directives, regulations or instructions regarding parole field searches on the ground that the information is not relevant because, through the conditions of his parole, plaintiff consented to searches and also

3

signed a computer access agreement.

The only issue regarding the searches of plaintiff's residence is whether, under the conditions of his special parole and the computer access agreement, plaintiff consented to the searches. Policies, directives, regulations and instructions describing how to conduct a search are not relevant to the issue of consent. Plaintiff's motion to compel is denied as to this request.

B.   Parole Violation Report

Defendants state that they provided copies of the parole violation report to plaintiff on two prior occasions and provided a third copy in response to the production request.   The parole violation report is attached to defendant Ellison's affidavit filed in support of defendants' motion for summary judgment.   The motion was served on plaintiff.   As plaintiff possesses a copy of the report, the motion to compel is denied as to the parole violation report.

C.   Personnel Records

Defendants objected to the production of all personnel and disciplinary reports regarding all defendants on the ground that this information is not likely to lead to the discovery of admissible information, the request is overly broad and burdensome and intended to harass the defendants.

In his motion to compel, plaintiff states that he does not seek personal information.   He only seeks information regarding

4

whether complaints have been filed against any of the defendants or disciplinary action has been taken against them.   Plaintiff concedes that this information would be inadmissible to prove the character of any defendant.   He refers the court to cases where such evidence was admitted to show a pattern of action.   One case cited by plaintiff seeks recovery from a municipality for a pattern of conduct by city police officers.   See Foley v. City of Lowell, Mass., 948 F.2d 10, 14 (1st Cir. 1991).   Plaintiff is not asserting a claim of municipal liability.   In the other case, evidence of other incidents of misconduct was admitted in an excessive force case to show wrongful intent or motive underlying the use of force. See Ismail v. Cohen, 706 F. Supp. 243, 253 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990).   Although plaintiff includes excessive force in his claims for relief, he alleges no facts suggesting that excessive force was used by any defendant.

The main issues in this case concern whether plaintiff consented to the search of his residence, whether probable cause existed to support plaintiff's arrest and whether defendants are protected by qualified immunity.   The court need not consider any defendant's underlying motive.   See Singer v. Fulton County Sheriff, 63 F.3d 110, 120 (2d Cir. 1995) ("if the officer either had probable cause or was qualifiedly immune from subsequent suit (due to an objectively reasonable belief that he had probable cause), then we will not examine the officer's underlying motive in

arresting and charging the plaintiff"). Plaintiff's motion to compel is denied as to this request.

       D.   <u>GPS Reports</u>

Defendants object to the production of GPS service and maintenance reports for two reasons. First, the reports are not in the possession of any of the defendants and, second, any copies of the reports they did possess were provided to plaintiff's defense attorney.

Plaintiff argues that the information is needed to show that defendants had no reason to enter his residence on September 25, 2007. As stated above, the issue concerning the search of plaintiff's residence is whether, under the conditions of his special parole, he consented to the search. Whether his GPS unit was malfunctioning, is irrelevant to the issue of consent. In addition, plaintiff does not address defendants' contention that they provided this information to plaintiff's attorney. Plaintiff's motion to compel is denied as to the GPS reports.

       E.   <u>Cell Phone Records</u>

Finally, defendants object to the production of defendant Bransford's cell phone records on the grounds that defendant Bransford does not possess copies of the bills for his state-issued cell phone, the records are not likely to lead to the discovery of relevant evidence and release of the information would divulge personal and private information of persons not parties to this

action.

Plaintiff states that he only needs information regarding calls placed to report GPS malfunctions. He argues that this information is relevant because he was found in violation of parole based on GPS violations while defendant Bransford was aware of the malfunctions. The validity of the guilty finding is not at issue here. The court need address only whether there was probable cause to support plaintiff's arrest or whether a reasonable officer would have believed that probable cause existed. The motion to compel is denied as to the telephone records.

III. <u>Motion to Compel [Doc. #75]</u>

In the second motion to compel, plaintiff asks the court to order defendants to provide answers to his interrogatories that are not "vague, illusive, and evasive." He also seeks photographs from October 2006, records produced from the micro-cassette taken in the search of plaintiff's residence on September 25, 2007, and GPS violation reports.

A.   <u>Interrogatory Responses</u>

Plaintiff states that interrogatory responses are vague and evasive. He does not specify which interrogatory responses he disputes or explain why the requested information is needed.

Many of the interrogatory responses include references to affidavits and exhibits filed in connection with defendants' motion for summary judgment. The court does not consider such responses

7

insufficient.   In addition, a party is not required to conduct extensive research to acquire requested information.   <u>See</u> <u>La Chemise Lacoste v. Alligator Co., Inc.</u>, 60 F.R.D. 164, 173 (D. Del. 1973).   Responses that the defendant cannot otherwise recall certain information not contained in referenced reports are sufficient.   <u>See, e.g.,</u> <u>Masterson v. Huerta-Garcia</u>, No. 2:07-cv-01307-KJD-PAL, 2010 WL 4053924, at *4 (E.D. Cal. Sept. 30, 2010) (noting that no further response was required by correctional officer who indicated he did not recall how many cells he searched on a certain day because any records which may have contained the required information were not in the correctional officer's care, custody or control); <u>Foster v. Meraz</u>, No. CIV S-05-0148 GEB JFM P, 2007 WL 1722422, at *1 (E.D. Cal. June 13, 2007) (holding sufficient response that correctional officer could not recall whether he provided meals to plaintiff on a certain day).   The motion to compel is denied as it relates to interrogatory responses.

B.   <u>Photographs</u>

Plaintiff states that the photographs are required to show the extent of the October 2006 search of his residence.   Defendants state that they provided these photographs on January 10, 2010. The motion to compel is denied as moot regarding the request for photographs.

C.   <u>Record from Micro-cassette</u>

Plaintiff seeks any copies made from the micro-cassette taken when his residence was searched on September 25, 2007. He provides no argument in his memorandum explaining why this information is relevant to this action. In response, defendants state that they returned the micro-cassette to plaintiff's attorney and have provided him a copy of the recording in their possession. Plaintiff's motion to compel is denied as to this request.

      D.   <u>GPS Reports</u>

The court has considered plaintiff's request to compel production of the GPS reports in connection with the previous motion to compel. Plaintiff has not provided any evidence to change that analysis. Plaintiff's motion to compel is denied as to the GPS reports.

IV.  <u>Rule 56(f) Request</u>

Finally, plaintiff asks the court to delay consideration of defendants' motion for summary judgment because he requires further discovery before he can respond to the motion.

Rule 56(f), Fed. R. Civ. P., permits the court to defer ruling on a motion for summary judgment if the non-moving party "shows by affidavit, that, for specified reasons, it cannot present facts essential to justify its opposition." The non-moving party cannot, however, use Rule 56(f) to engage in a fishing expedition. He must indicate how the facts sought would reasonably create a genuine issue of material fact. See <u>In re Dana Corp.</u>, 574 F.3d 129, 148-49

(2d Cir. 2009) (citing <u>Paddington Partners v. Bouchard</u>, 34 F.3d 1132, 1138 (2d Cir. 1994)).

Defendants move for summary judgment on the grounds that the existence of probable cause defeats plaintiff's claims for false arrest and malicious prosecution; all searches were lawful because, as an inmate on special parole, plaintiff had no legitimate expectation of privacy; plaintiff's excessive force claim is conclusory; and defendants are protected by qualified immunity.

Plaintiff references in his affidavit photographs of the October 2006 search, GPS violation reports and a micro-cassette and micro-cassette recorder seized during the September 2007 search. He also states that he needs to interview neighbors who may have witnessed the search.  The only argument in the motion for summary judgment regarding the searches is that, plaintiff had consented to the searches because, as an inmate on special parole, plaintiff had no expectation of privacy.  One of the conditions of his parole was consent to searches of his residence at any time.  Thus, the only issue in this case regarding the searches is a question of law, not of fact.  Possession of these items will not contribute to plaintiff's ability to respond to defendants' argument regarding the searches of plaintiff's residence.

Plaintiff states that he cannot respond to the motion for summary judgment because he moved to file a supplemental complaint. That motion was denied.  In addition, he references motions to

compel.   The court has ruled on the pending motions to compel above.   These motions do not warrant a delay in considering the motion for summary judgment.

Plaintiff states that he has requested documents from a 2004 case.   That case is not the subject of this action.   Plaintiff also states that he seeks information regarding state police officers who may have visited Corrigan Correctional Institution.   He fails to indicate why this information is necessary to respond to the motion for summary judgment.

Plaintiff's request for a delay in considering defendants' motion for summary judgment is denied.   Plaintiff is directed to file his opposition in accordance with the previously established deadlines.

V.   Conclusion

Plaintiff's motions to compel [**docs. ##47, 75**] and his request to delay consideration of defendants' motion for summary judgment, included in his affidavit [**doc. #65**] are **DENIED**.   Plaintiff shall file his opposition to defendants' motion for summary judgment as previously ordered.   Plaintiff's fourth motion for appointment of counsel [**doc. #69**] also is **DENIED**.

**SO ORDERED** this 28th day of February 2011, at Hartford, Connecticut.

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**