UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE LENIART | : | CIVIL NO. 3:09-CV-09 (HBF) |
| V. | : | |
| SGT. WILLIAM BUNDY, ET AL. | : | FEBRUARY 25, 2013 |

**JOINT PRE-TRIAL MEMORANDUM**

Pursuant to the Final Pre-Trial Order of the Court entered October 12, 2012 (Doc. #140), the parties submit the following Joint Pre-Trial Memorandum.

1. Trial Counsel

    Plaintiff's Counsel

    Kevin M. Smith (ct24774)
    Carolina D. Ventura (ct28780)
    Wiggin and Dana LLP
    One Century Tower
    265 Church Street
    P.O. Box 1832
    New Haven, Connecticut 06508-1832
    Tel.: 203-498-4400
    Fax: 203-782-2889
    Email: ksmith@wiggin.com
    Email: cventura@wiggin.com

    Defendants' Counsel

    Robert S. Dearington, Fed. Bar #ct28862
    Steven R. Strom, Fed. Bar. #ct01211
    Assistant Attorneys General
    110 Sherman St.
    Hartford, CT 06105
    Tel.: 860-808-5450
    Fax: 860-808-5591
    Email: robert.dearington@ct.gov
    Email: steven.strom@ct.gov

1

2.	Jurisdiction

This action is brought pursuant to 42 U.S.C. § 1983, and plaintiff asserts jurisdiction under 28 U.S.C. §§ 1343(a)(3) and 1331.

3.	Jury/Non-Jury

This case is to be tried to a jury. Jury selection is presently scheduled for March 18, 2013. Evidence is scheduled to begin April 1, 2013.

4.	Length of Trial

The parties jointly estimate the trial will last 4-5 days. Plaintiff's case is anticipated to take 1- 2 days, and defendants' case is anticipated to take 2 days.

5.	Further Proceedings

The parties jointly request that the Court schedule and conduct pretrial proceedings related to the following anticipated disputes, which are addressed in the attached motions in limine:

- The effect, if any, on the permissible scope of damages, given defendants' contention that plaintiff was lawfully remanded to a correctional facility for parole violations on October 5, 2006, and the Court's summary judgment ruling that he was lawfully remanded on September 25, 2007;

- Appropriate jury voir dire, instructions, and/or interrogatories, including applicable legal standards;

- The admissibility of certain proposed trial exhibits; and

- The permissible scope of witness testimony.

6.	Nature of Case

	a.	Summary of all Claims in the Complaint

This is a civil rights action pursuant to 42 U.S.C. § 1983.  In his May 3, 2010 Amended Complaint (the "Complaint"), plaintiff George Leniart alleged Fourth, Fifth, Eighth,

and Fourteenth Amendment violations arising out of an arrest and search of his home in October 2006, and a second arrest and search of his home in September 2007.

The Complaint specifically alleged that, in October 2006, Connecticut State Police Officers Patterson and Hoagland coerced and threatened witnesses to obtain fictitious and fabricated statements, which they used, in turn, to obtain a warrant for Mr. Leniart's arrest signed by Judge Fischer of the Connecticut Superior Court. Thereafter, relying on this invalid arrest warrant, State Police Officers Bundy, Hoagland, and Blanchette arrested Mr. Leniart on October 5, 2006, in violation of his constitutional rights. Moreover, the Complaint alleged that, on the same day, these officers further violated Mr. Leniart's rights by performing an unlawful, warrantless search of his home using parole officers as stalking horses. Finally, the Complaint alleged that state police officers Bundy, Hoagland, and Blanchette used excessive physical force against Mr. Leniart during this arrest.

In addition, the Complaint also alleged that, in September 2007, several State Police Officers and Department of Corrections parole agents, Defendants Bundy, Hoagland, Blanchette, Ellison, Blais, Cartagena, and Bransford, again unlawfully took Plaintiff into custody and performed another warrantless search of his home without his consent, again using parole officers as stalking horses.

b.  Claims That Will Be Pursued at Trial

In an opinion dated September 26, 2011, Judge Droney granted in part and denied in part defendants' motion for summary judgment, ultimately permitting three claims to proceed to trial: (1) Mr. Leniart's claim against defendant Hoagland for false arrest, arising from the events of October 5, 2006, (2) Mr. Leniart's claims against defendants Bransford, Hoagland, Blanchette, and Bundy for unlawful search, also arising from the events of

October 5, 2006, and (3) Mr. Leniart's claim against defendant Ellison for unlawful search, arising from the September 2007 search of Mr. Leniart's home.  Mr. Leniart intends to pursue all three of these surviving claims at trial.

    c.    <u>Defenses That Will Be Pursued at Trial</u>

Defendants intend to show that none of the defendants alleged to have been involved in the October 5, 2006 search, including Parole Officer Bransford, were actually involved in the search. The defendants claim that Parole Officer Duca conducted the search based on reasonable suspicion provided to him by the CSP, and that it was a lawful parole search. Defendants also intend to pursue the claim that there can be no cause of action for false arrest on October 5, 2006, since plaintiff was lawfully in custody and remanded as a parole violator, based on parole violations, and he would have been remanded even if no arrest warrant had been signed by Judge Fischer, a Judge of the Superior Court. See Ruling on Summary Judgment (Doc. #92 at 14)(granting summary judgment as to the claim of plaintiff's December, 2007 arrest for sexual assault 2nd degree and providing liquor to minors). Additionally, based on the court's summary judgment ruling that a genuine issue of material fact exists as to whether the defendants are protected by qualified immunity, defendants intend to pursue their qualified immunity claims at trial, and present facts that will provide a basis for defendants' qualified immunity defense.

    d.    <u>Agreed Joint Statement of the Case To Be Read To The Jury</u>.

This is a lawsuit brought pursuant the federal Civil Rights Act, 42 U.S.C. § 1983, a law that allows a person to seek money damages as a remedy for violations of his or her constitutional rights.  Here, plaintiff George Leniart alleges three constitutional violations. First, he alleges that, on October 5, 2006, he was unlawfully arrested by defendant Michael

Hoagland, a Connecticut State Police Detective, based on witness statements that Detective Hoagland had fabricated.  Second, Mr. Leniart alleges that, on the same date, October 5, 2006, his home was subjected to an unconstitutional search by defendant Hoagland as well as defendants William Bundy and Wilfred Blanchette, Connecticut State Police Sergeants, and defendant Larry Bransford, a Connecticut Department of Corrections Parole Officer.  Third, Mr. Leniart alleges that, on a separate occasion on September 25, 2007, defendant Eric Ellison, a Parole Manager, unlawfully searched his home for a second time and seized his laptop computer, various VHS surveillance videos of his driveway, and a microcassette recorder and tape.  Mr. Leniart seeks compensatory and punitive damages from each defendant for these three alleged violations of his constitutional rights.

      The defendants contend that at all times they acted lawfully, within the scope of their employment as state police officers or parole officers, in the lawful discharge of their duties, and that they did not violate any of plaintiff's rights. According to the defendants, as to the arrest of October 5, 2006, Det. Michael Hoagland was given two signed statements, one from the victim of an assault by plaintiff, and another from an eyewitness who corroborated the victim's statement, which were then presented to a Connecticut Superior Court Judge, who found probable cause, and signed an arrest warrant. On October 5, 2006, plaintiff George Leniart was in custody, on Special Parole, and plaintiff's parole officer, Larry Bransford, was told that plaintiff was going to be arrested pursuant to a signed, lawful arrest warrant, and to meet the state police at plaintiff's residence.  Also according to the defendants, the victim's statement along with the witness statement, together with his status on Special Parole, supplied good cause for the  search of  the plaintiff's residence on October 5, 2006. Plaintiff was arrested and remanded back to a correctional facility by

Parole Officer Bransford.  After plaintiff was subsequently re-released to Special Parole, Eric Ellison, a parole officer and parole manager, learned of plaintiff's activities while on Special Parole in July and through September 2007.  The defendants claim that on September 25, 2007, plaintiff's residence was lawfully searched pursuant to plaintiff's signed parole conditions, his signed computer agreement, as well as pursuant to the consent he gave to the parole officers on September 25, 2007. The defendants further allege they had no knowledge they were in violation of any of plaintiff's clearly established rights and that they are entitled to qualified immunity from any money damages because at all times they acted in an objectively reasonable manner.

7. <u>List of Witnesses</u>

The parties' respective lists of witnesses previously were filed with the Court on January 28, 2013. <u>See</u> Doc. # 146, Doc. #149.  For the Court's convenience, the parties' respective lists are attached as Attachments 1 and 2.

8. <u>Deposition Testimony</u>

No depositions were taken in this case.

9. <u>Interrogatories/Requests to Admit</u>

The parties do not intend to offer any interrogatories or requests to admit at trial.

10. <u>Exhibits</u>

The parties previously filed their exhibit lists on January 28, 2013.  <u>See</u> Doc. # 147, Doc. #148.  In compliance with the Court's Pre-Trial Order, the parties will deliver to the Deputy Clerk the original set of exhibits and to Judge Fitzsimmons's chambers two complete copies of the exhibits on the day of the Pretrial Conference, tentatively scheduled for March 7, 2013 at 2:00 pm.

11. <u>Anticipated Evidentiary Problems</u>

As discussed in Section 5 above, the parties anticipate several evidentiary issues, which are addressed in the parties' attached motions in limine and objections to exhibits. The parties' objections are attached as Attachments 3 and 4.

12. <u>Motions in Limine</u>

On February 22, 2013, the parties exchanged the attached in limine motions. The parties' motions in limine are attached as Attachments 5-8.

13. <u>Glossary</u>

The defendants intend to present testimony which includes terms related to the state's criminal justice system and to Parole, and Special Parole, which defendants have reason to believe are "technical terms" within the scope of paragraph 13 of the Court's Pre-Trial Order. Therefore, the defendants have filed an accompanying Glossary of terms which will be used in the trial of this case. Defendants' glossary of terms is attached as Attachment 9.

Plaintiff objects to defendants' attached glossary. Plaintiff will of course defer to the Court to determine whether a glossary of terms will be helpful to the jury. However, any such glossary must contain well-established and purely objective definitions of specific terms of art. It is plaintiff's view that defendants' current glossary does not meet those criteria, and contains unnecessary argument with which plaintiff does not agree.

14. <u>Jury Trial</u>

    a. Although the parties have conferred regarding stipulations of fact, to date, we have been unable to reach agreements, pending resolution of some

        fundamental evidentiary issues.  In all events, the parties will continue to confer going forward regarding any possible stipulations.  Defendants' proposed stipulations of fact are attached as Attachment 10.  As noted above, the parties continue to confer.

b.    Defendants' Proposed Voir Dire Questions are attached as Attachment 11. Plaintiff's proposed Voir Dire Questions are attached as Attachment 12.

c.    Defendants' Proposed Jury Instructions are attached as Attachment 13. Plaintiff's Proposed Jury Instructions are attached as Attachment 14.

d.    Defendants' Proposed Verdict Form, and Defendants' Proposed Jury Interrogatories are attached as Attachment 15.
Plaintiff's Proposed Verdict Form and Proposed Jury Interrogatories are attached as Attachment 16.

| | |
|---|---|
| PLAINTIFF,<br>GEORGE M. LENIART | DEFENDANTS<br>SGT. WILLIAM BUNDY, ET AL.<br><br>GEORGE JEPSEN<br>ATTORNEY GENERAL |
| By: *[signature]*<br>Kevin M. Smith (ct24774)<br>Carolina D. Ventura (ct28780)<br>Wiggin and Dana LLP<br>One Century Tower<br>265 Church Street<br>P.O. Box 1832<br>New Haven, Connecticut 06508-1832<br>Tel.: 203-498-4400<br>Fax: 203-782-2889<br>Email: ksmith@wiggin.com<br>Email: cventura@wiggin.com | By: *[signature]*<br>Robert S. Dearington (ct28862)<br>Steven R. Strom (ct01211)<br>Assistant Attorneys General<br>110 Sherman St.<br>Hartford, CT 06105<br>Tel.: 860-808-5450<br>Fax: 860-808-5591<br>Email: robert.dearington@ct.gov<br>Email: steven.strom@ct.gov |

## **CERTIFICATION**

I hereby certify that on February 25, 2013, a copy of foregoing Joint Pre-Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Carolina D. Ventura*
Carolina D. Ventura
