**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GEORGE M. LENIART, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:09-cv-09 (HBF) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM BUNDY, ET AL. | : | February 25, 2013 |
| | : | |
| Defendants. | : | |

---

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS[123]**

Plaintiff George M. Leniart makes the following objections to defendants' proposed trial

exhibits:

**1.      Plaintiff Objects to Defense Exhibit 557 Under Rule 403.**

Defendants intend to offer into evidence a letter to plaintiff from Parole Supervisor

Richard Sparaco, dated December 19, 2005.  Def. Exh. 557.  Plaintiff objects to this exhibit on

the basis that it is cumulative and unduly prejudicial under Federal Rule 403.

Federal Rule 403 permits this Court to "exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence."  Fed. R. Evid. 403.  Thus, this Court may exclude evidence if the evidence

is needlessly cumulative and prejudicial without offering probative value.

---

[1] Copies of all relevant exhibits are attached as Exhibit A.
[2] The parties have agreed to confer regarding stipulations that may obviate the need to introduce Defense Exhibits 549, 550, 552, and 553.  As such, plaintiff has not included these exhibits in these objections.  However, should the parties be unable to agree on stipulations, plaintiff reserves the right to object to the admission of these exhibit at a later date.
[3] The parties have agreed to confer regarding appropriate limiting instructions to accompany plaintiff's use of Defense Exhibits 508, 509, 510 and 515.  As such, plaintiff has not included these exhibits in these objections.  However, should the parties be unable to agree on these instructions, plaintiff reserves the right to object to the admission of these exhibit at a later date.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GEORGE M. LENIART,               :
                                 :
Plaintiff,                       :        Civil Action No. 3:09-cv-09 (HBF)
                                 :
v.                               :
                                 :
WILLIAM BUNDY, ET AL.            :        February 25, 2013
                                 :
Defendants.                      :
_____:

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS[123]

Plaintiff George M. Leniart makes the following objections to defendants' proposed trial exhibits:

**1.    Plaintiff Objects to Defense Exhibit 557 Under Rule 403.**

Defendants intend to offer into evidence a letter to plaintiff from Parole Supervisor Richard Sparaco, dated December 19, 2005. Def. Exh. 557. Plaintiff objects to this exhibit on the basis that it is cumulative and unduly prejudicial under Federal Rule 403.

Federal Rule 403 permits this Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Thus, this Court may exclude evidence if the evidence is needlessly cumulative and prejudicial without offering probative value.

---

[1] Copies of all relevant exhibits are attached as Exhibit A.
[2] The parties have agreed to confer regarding stipulations that may obviate the need to introduce Defense Exhibits 549, 550, 552, and 553. As such, plaintiff has not included these exhibits in these objections. However, should the parties be unable to agree on stipulations, plaintiff reserves the right to object to the admission of these exhibit at a later date.
[3] The parties have agreed to confer regarding appropriate limiting instructions to accompany plaintiff's use of Defense Exhibits 508, 509, 510 and 515. As such, plaintiff has not included these exhibits in these objections. However, should the parties be unable to agree on these instructions, plaintiff reserves the right to object to the admission of these exhibit at a later date.

This particular exhibit is a letter from Mr. Sparaco to plaintiff outlining four Special Parole conditions that plaintiff must abide by in addition to his standard conditions. These additional conditions, however, are stated verbatim in Mr. Leniart's Conditions of Parole, which will be offered into evidence by one or both parties. *See* Plt. Exh. 2/Def. Exh. 548. On that basis alone, the exhibit is unnecessarily repetitive and cumulative and should be excluded under Rule 403. Mr. Sparaco's letter, which is unsigned by Mr. Leniart, will only serve to give undue and irrelevant emphasis to conditions of parole requiring a "mental health treatment program for problem sexual behavior," and prohibiting contact with minors. Highlighting such conditions here will prejudice the jury against Mr. Leniart, without contributing any additional evidentiary value. Therefore, on balance, this exhibit's limited probative value is outweighed by unfair prejudice.

**2.     Plaintiff Objects to Defense Exhibit 516 Under Rule 802.**

Defendants intend to offer into evidence Def. Exh. 516, a Family Violence Offense Report, dated October 6, 2006, and authored by Detective Michael Hoagland. Plaintiff objects to this exhibit on the grounds that it is impermissible hearsay. This report is merely Detective Hoagland's account of the alleged events of October 3, 2006, of which he has no personal knowledge. This report, containing out-of-court statements being offered by defendants for the truth of the matter they assert, constitutes hearsay. As hearsay, this document must be excluded unless defendants can show that it qualifies as an exception or exclusion to the hearsay rules. None of the exceptions or exclusions apply.

First, as Detective Hoagland has no personal knowledge of the events described in this exhibit, his statement does not qualify as a recorded recollection. *See* Fed. R. Evid. 803(5) (stating that a recorded recollection must be "on a matter the witness once knew about," and

must "accurately reflect[] the witness's knowledge."). Second, one of plaintiff's primary allegations in this case is that Detective Hoagland knowingly and maliciously fabricated the witness statements and affidavits that served as the bases for his arrest – an allegation that survived summary judgment and is at the heart of the factual dispute to be decided by the jury in this action. As such, the credibility and trustworthiness of Detective Hoagland's statements are in serious question, and, therefore, they do not qualify for the public records exception in Rule 803(8). *See* Fed. R. Evid. 803(8) (public records exception requires that "neither the source of information nor other circumstances indicate a lack of trustworthiness").

### 3.    Plaintiff Objects to Defense Exhibit 507 Under Rules 402, 403, and 404.

Defendants intend to offer into evidence Def. Exh. 507, a Parole Notification Form regarding Mr. Leniart's registration as a sexual offender. Plaintiff objects to this exhibit on the grounds that it is irrelevant and immaterial to the issues in this case, impermissible character evidence, and unduly prejudicial.

First, defendants do not allege that, during the relevant time period, Mr. Leniart was in violation of the registration conditions of his parole. Indeed, this action concerns three alleged constitutional violations that are unrelated to his registration – the (1) 2006 arrest, (2) 2006 search, and (3) 2007 search. Whether or not Mr. Lenairt had violated the terms of his registration conditions does not bear on any of these alleged violations, and, therefore, the exhibit is not relevant. *See* Fed. R. Evid. 402.

Second, the exhibit will unnecessarily inform the jury that Mr. Leniart was a registered sex offender, clearly insinuating that, given such history, Mr. Leniart must have committed the unrelated violations of which he stood accused of in 2006 and 2007. This is classic, impermissible character evidence. *See* Fed. R. Evid. 404.

Finally, for the same reasons, use of this exhibit would be unduly prejudicial under Rule 403. The exhibit will not aid the jury in determining whether there were violations of his civil rights, but would detrimentally and irreparably prejudice the jury's view of Mr. Leniart. *See* Fed. R. Evid. 403.

**4.      Plaintiff Objects to Defense Exhibit 511 Under Rules 802.**

Defendants intend to offer into evidence Def. Exh. 511, an alleged statement by Corey Piascik, dated October 4, 2006, purporting to detail the events on which plaintiff's arrest and the subsequent search of his home were allegedly predicated. Plaintiff objects to this exhibit on the grounds that it is impermissible hearsay.

Moreover, given the fact that plaintiff intends to use a similar, related statement purportedly given by Brandi Leniart to, along with Ms. Leniart's testimony, challenge the veracity of the statements that Detective Hoagland relied upon to seek and obtain the 2006 arrest warrant, the use of Corey Piascik's statement at trial would be unnecessary and cumulative. Indeed, consistent with Judge Droney's opinion on summary judgment in this matter, demonstrating the falsification of Ms. Leniart's statement alone is sufficient to establish the lack of probable cause, and eliminating the use of Mr. Piascik's statement from the trial will clarify and narrow the issues for the jury's consideration, and will streamline the trial.

**5.      Plaintiff Objects to Defense Exhibit 536 Under Rules 402 and 403.**

Defendants intend to offer into evidence Def. Exh. 536, a report of the findings of a search conducted on the computer seized from Mr. Leniart's home on September 25, 2007. Plaintiff objects to this exhibit on the grounds that it is irrelevant, immaterial and prejudicial.

As discussed above, the issues in this case are limited to the propriety of the search conducted on Mr. Leniart's home on September 25, 2007. As such, the results of forensic

searches on his seized computer are irrelevant to the propriety of the underlying search. Moreover, references to erotic materials allegedly found on that computer would be severely prejudicial to Mr. Leniart's case. Given that this exhibit has no evidentiary value, this prejudice requires exclusion.

6. **Plaintiff Objects to Defense Exhibits 502, 503, 504, 518, 519, 520, 521, and 522 Under Rules 402, 403, and 802.**

Plaintiff's objections to Defense Exhibits 502, 503, 504, 518, 519, 520, 521, and 522 are addressed in plaintiff's motion in limine regarding the October 2006 arrest and the scope of the resulting search incident to arrest. *See* Plaintiff Motion in Limine No. 3. To the extent necessary, the arguments made there are fully incorporated by reference here.

7. **Plaintiff Objects to Defense Exhibits 525, 526, 527, 537, 538, 539, and 540 Under Rules 402, 403, and 802.**

Plaintiff's objections to Defense Exhibits 525, 526, 527, 537, 538, 539, and 540 are addressed in plaintiff's motion in limine regarding the September 2007 arrest and search. *See* Plaintiff Motion in Limine No. 5. To the extent necessary, the arguments made there are fully incorporated by reference here.

8. **Plaintiff Objects to Defense Exhibits 535, 504, 542, 543, 544, 545, 546, and 556 Under Rules 609 and 403.**

Plaintiff's objections to Defense Exhibits 535, 504, 542, 543, 544, 545, 546, and 556 are addressed in plaintiff's motion in limine regarding evidence of plaintiff's prior convictions. See Plaintiff Motion in Limine No. 4. To the extent necessary, the arguments made there are fully incorporated by reference here.

PLAINTIFF,
GEORGE M. LENIART

By:     /s/ Carolina D. Ventura
        Kevin M. Smith (ct24774)
        Carolina D. Ventura (ct28780)
        Wiggin and Dana LLP
        One Century Tower
        265 Church Street
        PO Box 1832
        New Haven, CT 06508-1832
        E-Mail:  ksmith@wiggin.com
        E-Mail:  cventura@wiggin.com
        Tel.:  (203) 498-4304
        Fax: (203) 782-2889

## CERTIFICATE OF SERVICE

I hereby certify that, on February 25, 2013, a copy of the foregoing Plaintiff's Objections To Defendants' Proposed Exhibits was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Carolina D. Ventura
Carolina D. Ventura (ct28780)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
E-Mail:  cventura@wiggin.com
Tel.:  (203) 498-4304
Fax: (203) 782-2889

1

# Exhibits

 State of Connecticut - Board of Pardons and Paroles

## Parole Violation Report - Notice of Parole Violation

Parolee Name: Lenhart, George                    Numbers    CT    25001001

A PAROLE VIOLATION DETAINER HAS BEEN FILED AGAINST YOU. FULL REPORT OF THESE VIOLATIONS HAS BEEN FORWARDED TO THE BOARD FOR REVOCATION ACTION. YOU ARE CHARGED WITH VIOLATING THE CONDITIONS OF YOUR PAROLE AS NOTED BELOW.

CHARGES:

### Standard Conditions

| | Condition # Violated | Violation Details |
|---|---|---|
| Charge # 1 | Condition #11 | On, or about 10/03/06, you were under the influence of alcohol and were involved in a domestic incident with your daughter. During the domestic incident, you physically assaulted your daughter by throwing a full can of beer that struck her, causing injury to the upper rear area of her head. You also provided liquor (Black Berry Brandy) to a minor. Subsequently, on 10/05/06, the Connecticut State Police Troop E (Docket # CR0699331) arrested you for the following charges: Assault II (53a-60b); Breach of Peace (53a-181); and Delivery of liquor to a Minor (30-86). Therefore, you are in violation of Condition #11, due to your failure to obey all laws, as documented above. |
| Charge # 2 | Condition #13 | On, or about 10/03/06, you engaged in criminal behavior, while under special parole supervision, which led to your new arrest(s), as documented in the above charges. You verbally threatened your daughter by stating to her that she did not know who she was messing with. You locked your daughter in her room and threw her on the bed when she attempted to leave. You threw your daughters cell phone on the ground causing it to smash. You also threatened your daughters cousin by stating "if you have a problem with me say it now and I'll fuck you up", and you physically pulled off his sweatshirt. Your conduct clearly demonstrates that you are not able to live and remain at liberty without violating the law and that your release is incompatible with the welfare of society. Therefore, you are also in violation of Condition #13, due to your violations of the law, and victimization of innocent people, as documented above. |

### Additional Conditions

| | Condition# Violated | Violation Details |
|---|---|---|
| Charge # 3 | Condition #14 | On, or about 10/03/06, you had alcoholic beverages (Bud Light, Black Berry Brandy and Jagermister) in a cooler on your boat while fishing. You also consumed alcoholic beverages while fishing on your boat and you usually consumed alcoholic beverages as soon as you got home from work. You gave liquor (Black Berry Brandy) to a minor, your action resulted in you being charged with Connecticut General Statue (30-86), Delivery of liquor to a minor. Therefore, you are in violation of Condition #14a, due to your consumption of alcoholic beverages. |

DOCUMENT SCANNED

DATE: 10/27/06

SIGNATURE

WITNESS AND EVIDENCE RELIED UPON:

EVIDENCE:
Exhibit A: Parole Violation Report

Parolee:                                        Date: 10/11/06

Parole Officer: _____ Binsford PO          Date: 10/11/06

DEFENDANT'S
EXHIBIT
502
3:09CV09 (HBF)

Exhibit B:  Notice of Parole Violation.
Exhibit C:  Parole Conditions signed dated 01/11/06.
Exhibit D:  Remand to Actual Custody Order dated 10/05/06.
Exhibit E:  State of Connecticut Arrest Warrant Application.


A FINAL REVOCATION IN YOUR CASE HAS BEEN SCHEDULED FOR:   Date   _11/17/2006_   Location   _Enfield CI_


Parolee: _____   Date: _10/11/06_

Parole Officer: _Jerry Biamonte PO_   Date: _10/11/06_

## Rights at Preliminary Hearing

A Preliminary Hearing may determine if there is probable cause to believe you have violated one or more conditions of your parole. Conviction for new criminal offenses precludes your right to a preliminary hearing. Waiver of a Preliminary Hearing or the finding of probable cause shall be the basis for a final revocation hearing.

RIGHTS:

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST A POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX:

A. _____*YMC*_____ I waive my right to a Preliminary Hearing.
B. _____ I request a Preliminary Hearing

_____ I will represent myself.
_____ I will be retaining my own attorney (indicate name if known)
Attorney Name:
_____ I request that the Board provide me when attorney representation for my hearing.

I will present the following witnesses to speak on my behalf:

_____
_____

I wish to have the following persons who gave evidence against me present for cross-examination:

_____
_____

Parolee: _____   Date: 10/11/06

Parole Officer: _____   Date: 10-11-06

### Rights at Final Revocation Hearing

A final Revocation Hearing is conducted by a panel of the Board of Parole to determine, by a preponderance of evidence, whether you have violated one or more conditions of your parole. In addition to the Board voting whether or not to revoke your parole, it also has the statutory authority to order the forfeiture of any and all awarded good time in matters of final revocation.

RIGHTS:

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX (note: If you check the box to continue your hearing pending disposition of criminal charges, once notified that the charges are disposed, you will be scheduled to appear at a hearing. If you do not want to appear at that hearing, please indicate below).

A. _____    I WAIVE MY RIGHT TO APPEAR BEFORE A PANEL OF THE BOARD OF PAROLE FOR A REVOCATION HEARING. I fully realize that the Board of Parole may revoke my parole in my absence and recommit me to a correctional facility and, at its discretion, determine forfeiture of any or all applicable good time.

B. _____    I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING THE DISPOSITION OF CRIMINAL CHARGES. I will notify the Board as soon as charges are disposed of.

C. _____    I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING MY OBTAINING AN ATTORNEY FOR REPRESENTATION AT THIS HEARING. Either myself or my attorney will notify the Board as soon as possible to reschedule my Revocation Hearing.

D. _*AMC*_    I WISH TO APPEAR AT MY REVOCATION HEARING

_____    I will represent myself.
_____    I will be retaining my own attorney (indicate name if known)
Attorney Name: _*AMC*_
_____    I request that the Board provide me when attorney representation for my hearing.

I wish to present the following witnesses to speak on my behalf:

_____
_____

I wish to have the following persons who gave evidence against me present for cross examination (not applicable in cases of criminal conviction):

_____

Parolee: _____   Date: _10-11-06_

Parole Officer: _Danny Bamford PO_   Date: _10-11-06_

M. JODI RELL
Governor

Gregory R. Everett
Chairman

# STATE OF CONNECTICUT



TELEPHONE
(203) 805-6605

FAX
(203) 805-6655

BOARD OF PARDONS & PAROLES
55 West Main Street - Waterbury, CT  06702

5-22-2007

Leniart, George
250010
Corrigan CI
986 Norwich-New London Tpke.
Uncasville, CT  06382

This is a summary of the action of the Board of Parole Special Parole Revocation Hearing on 5-22-2007 at Radgowski CI.

**CHARGE:** #1 Condition #11: OBEY ALL LAWS(1) Subject arrested for Assault 2nd, BOP, and Illegal Sale of Liquor to Minors.(2) Aso, arrest warrant for Poss. Of Marijuana pursued. Case sentenced and disposed of on 3-22-2007. See Violation Report (10/16/2006).
**PLEA:** DENY
**FINDING:** No Finding on (1).   An automatic finding is made on (2).
**BASIS:** (1)Case dismissed in court on all counts on 1-26-2007. (2) Case sentenced to 1 year Conditional Discharge.

**CHARGE:** #2 Condition #13:STATUTORY RELEASE CRITERIA: Incompatible with welfare of society. See Violation Report dated( 10/16/2006).
**PLEA:** DENY
**FINDING:** A finding of violation is made on this charge.
**BASIS:** Evidence provided within Parole Violation Report is more credible than your testimony.

**CHARGE:** #3 Condition #14:NO ALCOHOL. Subject was in presence of alcohol, being served to minors. Alcohol was on subject's property.
**PLEA:** DENY
**FINDING:** A finding of violation is made on this charge.
**BASIS:** The evidence provided was more credible than your testimony.

DEFENDANT'S
EXHIBIT
503
3:09 CV 09 (HBF)

ADDITIONAL INFORMATION: Case was not prosecuted in court, statement from daughter stating that incident did not occur as reported. Subject denies any arguments, both verbal and physical, that he may have had with daughter. Subject admits that his employee did have alcohol on his premises, and that the employee did serve alcohol to a minor. Subject states that marijuana belonged to the daughter. Subject also states that he needs to be back home to run business and household. States that he earned $50,000 in 4 month period while on parole supervision. States that he is motivated to do any Family Counseling.

HEARING EXAMINER RECOMMENDATION: Recommend Revoke Special Parole / Re Parole 7/5/2007.

FINAL BOARD ACTION:   Revoke/ Re Parole 7/5/2007. Board requires GPS, Family Counseling, Same Conditions apply. No Contact w/ ▮▮▮▮▮▮ w/o P.O.'s permission.

Karen Tomaszewski/Hearing Examiner
cc: Records Supervisor, Corrigan CI.

Document Name: untitled

```
3/30/2007 15:18        * CRMVS CASE/DEFENDANT LOOK-UP *      CJFLAHERTY    CK39
                             * CASE INFORMATION *           TNA1374:
     Dkt No: K21N-CR07-0100664-S Defendant: LENIART GEORGE M            YO:
```

This case was sentenced and disposed of on 03/22/2007
                        Conditional Discharge

Disposition Message:                            Amount Owed:       $0

```
   PF1-M     PF1-R     PF1-N      PF1-1     PF1-3     PF1-4     PF1-5    PF1-6
   PF1-7     PF1-9
```

```
03/30/2007 15:18       * CRMVS CASE/DEFENDANT LOOK-UP *      CJFLAHERTY    CR39
                           * CHARGE INFORMATION *           TNA1374:
     Dkt No: K21N-CR07-0100664-S Defendant: LENIART GEORGE M            YO:
```

```
One (1) Charge Record Found                                  $15 Costs W
  Chg    Statute Number / Name / Type/Class          Oc  PL VF  Date  SOR.DV
       21a-279(c)    POSS CNTRLD SBSTNC/<4 OZ MRHNA M/U   1 GY GC 03/22/07
       90 Dys Jail Execution Suspend    1 Yrs CondDschg
```

```
   PF1-M     PF1-R     PF1-N      PF1-1     PF1-2     PF1-3     PF1-4    PF1-5
   PF1-6     PF1-9
```

Date: 3/30/2007 Time: 03:19:48 PM

DEFENDANT'S
EXHIBIT
504
3:09CV09 (HBF)

State of Connecticut – Board of Parole
Special Management Unit

## PAROLEE NOTIFICATION FORM

DATE: _6/15/07_

TO: George Leinaat                CJIS #: _250060_

FROM: Larry Bransford_____, PAROLE OFFICER

RE:   CONNECTICUT GENERAL STATUTES CHAPTER 969 – REGISTRATION OF SEXUAL OFFENDERS.

NOTE:   YOU MEET THE CRITERIA OF CHAPTER 969 OF THE CONNECTICUT GENERAL STATUTES AND ARE REPSONSIBLE FOR ALL OBLIGATIONS REQUIRED UPON YOUR RELEASE FROM THE BORAD OF PAROLE. ATTACHED TO THIS NOTICE IS A COPY OF CHAPTER 969 FOR YOUR REFERENCE TO MAINTAIN COMPLIANCE WITH YOUR OBLIGATIONS UNDER THIS STATUTE.

FAILURE TO COMPLY WITH THE PROVISIONS OF THIS STATUTE IS A CLASS D FELONY.

. CKNOWLEDGE BEING INFORMED OF MY OBLIGATIONS CONCERNING THIS STATUTE AND RECEIVING THIS NOTICE.

_____
Parolee

_____
Parole Officer

DISHCARGE OBLIGATION NOTICE

Page 1 of 4

DEFENDANT'S
EXHIBIT
507
3:09CV09(HBF)

State of Connecticut – Board of Parole
Special Management Unit

# CHAPTER 969
## REGISTRATION OF SEXUAL OFFENDERS

Table of Contents

§54-250.     Definitions.
§54-251.     Registration of person who has committed a criminal offense against a victim who is a minor or a
nonvionlent          sexual offense.
§54-252.     Registration of person who has committed a sexually violent offense.
§54-253.     Registration of person who has committed a sexual offense in another jurisdiction.
§54-254.     Registration of person who has committed a felony for a sexual purpose.
§54-255.     Restriction dissemination of registration information for certain offenders.
§54-256.     Responsibilities of courts and agencies in registration process.
§54-257.     Registry. Suspension of registration. Verification of address. Retake of photographic image. Change of
name.
§54-258.     Availability of registration information. Immunity.
§54-258a.    Warning against wrongful use of registry information.
§54-259.     Sexual Offender Registration Committee.
§54-260.     (Formerly §54-102s). Notification of change of name or address of sexual offenders on parole or
probation.
§54-261.     Community response education program.

---

§54-250. Definitions. For the purposes of §§54-102g and 54-250-54-258a, inclusive:

(1) "Conviction" means a judgment entered by a court upon a plea of guilty, a plea of nolo contendre or a finding of guilty by a jury or the court notwithstanding any pending appeal or habeas corpus proceeding arising from such judgment.

(2) "Criminal offense against a victim who is a minor" means (A) a violation of subdivision (2) of §53-21 of the general statutes in effect prior to October 1, 2000, subdivision (2) of subsection (a) of §53-21, subdivision (2) of subsection (a) of §53a-70, subdivision (1), (4) or (8) of subsection (a) of §53a-71, subdivision (2) of subsection (a) of §53a-72a, subdivision (2) of subsection (a) of §53a-86, subdivision (2) of subsection (a) o f§53a-87, §53a-90a, 53a-196a, 53a-196b, 53a-196c, 53a-196d, 53a-196e-53a-196f, (B) a violation of §53a-92, 53a-92a, 53a-94, 53-94a, 53a-95, 53a-96 or 53a-186, provided the court makes a finding that, at the time of the offense, the victim was under eighteen years of age, (C) a violation of any of the offenses specified in subparagraph (A) or (B) of this subdivision for which a person is criminally liable under §53a-8, 53a-48 or 53a-49, or (D) a violation of any predecessor statute to any offense specified in subparagraph (A), (B), or (C) of this subdivision the essential elements of which are substantially the same as said offense.

(3) "Identifying factors: means fingerprints, a photographic image, and a description of any other identifying characteristics as may be required by the Commissioner of Public Safety. The commissioner shall also require a sample of the registrant's blood or other biological sample be taken for DNA (deoxyribonucleic acid) analysis, unless such sample has been previously obtained in accordance with §54-102g.

State of Connecticut – Board of Parole
Special Management Unit

    (4)   "Mental abnormality" means a congenital or acquired condition of a person that affects the emotional or volitional

capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.

    (5)·  "Nonviolent sexual offense" means a violation of §53a-73a.

    (6)   "Not guilty by reason of mental disease or defect" means a finding by a court or jury of not guilty by reason of mental

disease or defect pursuant to §53a-13 notwithstanding any pending appeal or habeas corpus proceeding arising from such finding.

    (7)   "Personality disorder" means a condition as defined in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, published by the American Psychiatric Association.

    (8)   "Registrant" means a person required to register under §54-251, 54-252, 54-253 or 54-254.

    (9)   "Registry" means a central record system in this state, any other state or the federal government that receives, maintains and disseminates information on persons convicted or found not guilty by reason of mental disease or defect of criminal offenses against victims who are minors, nonviolent sexual offenses, sexually violent offenses and felonies found by the sentencing court to have been committed for a sexual purpose.

    (10)  "Release into the community" means, with respect to a conviction or a finding of not guilty by reason of mental disease or defect or a criminal offense against a victim who is a minor, a nonviolent sexual offense, a sexually violent offense or a felony found by the sentencing court to have been committed for a sexual purpose, (A) any release by a court after such conviction or finding of not guilty by reason of mental disease or defect, a sentence of probation or any other sentence under §53a-28 that does not result in the offender's immediate placement in the custody of the Commission of rection; (B) release from a correctional facility at the discretion of the Board of Pardons or Paroles, by the Department Correction to a program authorized by §18-100c or upon completion of the maximum term or terms of the offender's sentence or sentences, or to the supervision of the Court Support Services Division in accordance with the terms of the offender's sentence; or (C) release from a hospital for mental illness or a facility for persons with mental retardation by the Psychiatric Security Review Board on conditional release pursuant to §17a-588 or upon termination of commitment to the Psychiatric Security Review Board.

    (11)  "Sexually violent offense" means (A) a violation of §53a-70, except subdivision (2) of subsection (a) of said section, 53a-70a, 53a-70b, 53a-71, except subdivision (1), (4) or (8) or subsection (a) of said section, 53a-72a, except subdivision (2) of subsection (a) of said section, or 53a-72b, or of §53a-92 or 53a-92a, provided the court makes a finding that the offense was committed with intent to sexually violate or abuse the victim; (B) a violation of any of the offenses specified in subparagraph (A) of this subdivision for which a person is criminally liable under §53a-8, 53a-48 or 53a-49, or (C) a violation of any predecessor statute to any of the offenses specified in subparagraph (A) or (B) of this subdivision the essential elements of which are substantially the same as said offense.

    (12)  "Sexual purpose" means that a purpose of the defendant in committing the felony was to engage in sexual contact or sexual intercourse with another person without that person's consent. A sexual purpose need not be the sole purpose of the commission of the felony. The sexual purpose may arise at any time in the course of the commission of the felony.

    (13)  "Employed" or "carries on a vocation" means employment that is full-time or part-time for more than fourteen days, or for a total period of time of more than thirty days during any calendar year, whether financially compensated, volunteered or for the purpose of government or educational benefit.

(14) "Student" means a person who is enrolled on a full-time or part-time basis, in any public or private educational institution, including any secondary school, trade or professional institution or institution of higher learning.

§54-251. Registration of person who has committed a criminal offense against a victim who is a minor or a nonviolent sexual offense. (a) Any person who has been convicted or found not guilty by reason of mental disease or defect of a criminal offense against a victim who is a minor or a nonviolent sexual offense, and is released into the community on or after October 1, 1998, shall, within three days following such release, and whether or not such person's place of residence is in

this state, register such person's name, identifying factors, criminal history record and residence address with the Commissioner of Public Safety, on such forms and in such locations as the commissioner shall direct, and shall maintain such registration for ten years except that any person who has one or more prior convictions of any such offense or who is convicted of a violation of subdivision (2) of subsection (a) of §53a-70 shall maintain such registration for life.

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

Case Number: CFS 06 - 0034705 I
Date: 10-04-06
Time Started: 1930 HRS
Time Ended: 1955 HRS

WITNESS STATEMENT OF

I  Corey Michael Piascik                                      date of birth, ▉▉▉▉
of ▉▉▉▉▉▉▉             , town/city of Norwich, CT 06360

make the following statement without fear, threat, or promise. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function. is a crime under C.G.S. section 53a-157.

Yesterday 10-03-06 I was hanging out with my cousin ▉▉ at her house at ▉▉▉▉ Norwich. ▉▉ asked me to go fishing with her and her Father George Leniart. George picked us up at about 6:45pm at the end of the street in his boat. George was with his friend named Mike. They were both drunk before they got to us and were still drinking. They had Bud Light Beer, Black Berry Brandy, and Jagermister. Both of them were real nice and set up the fishing poles. We fished for about 30 minutes and went back to George's house by boat. He lives about 50 feet from the dock. As soon as we pulled up to the dock Corey, a neighborhood kid who is deaf, was waiting at he dock. We all went over to the house and started grilling. They were drinking beer partying the whole time and things were cool. George had offered me a beer at the house but I declined because I don't like beer. George had offered me some black berry brandy while at the house. I have never tried it before so I took a sip. That's all I had all night. After that we cleaned up the grill brought all of the stuff in the house. George told Mike to come in the house so he could give him some weed. We all followed in the door into the basement. The room is all open. There is a tool area to the right, straight ahead its open, and then a work area behind the stairs. George went up into the ceiling and ▉bbed a freezer bag full of weed (marijuana). I looked at the bag and figured it to be about ½ ▉nd of weed. By his computer there is the stairs and then a door. Right above the door there is a opening in the ceiling. That's where he had the stash of weed. He then gave his friend about a handful of weed and told him it was time to call it a night. Mike then left and ▉▉ asked George if she could go back to her mom's house with me. George said "No" and started to get violent. He told ▉▉ to go up into her room. He told her that she could give him the cell phone and go to her moms or keep the cell phone and go to her bed. At that point George locked me out of the house. George went upstairs with ▉▉ After about ten minutes George came outside. ▉▉ came outside and was walking down the street. George came right over to me an told me that I was talking shit on him when he was in the house. He was screaming and yelling at me. He said "If you have a problem with me say it right now and I'll fuck you up". I told him I had no problem with him and I did not say anything. We all went after ▉▉ who was on the phone with her grandmother. George jumped on top of ▉▉ and grabbed her cell phone. He then smashed the cell phone in the road. ▉▉ was crying and did not want to talk to George. We were trying to walk away from him. We saw lights coming around the corner. George grabbed us and pushed us into the woods. We came

By affixing my signature to this statement, I acknowledge that I have read it or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _DET _____ 647_    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained in.

Notarized, endorse here: _____

DEFENDANT'S
EXHIBIT
511
3:09CV09(HBF)

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

Case Number:

WITNESS STATEMENT OF

back out to the road and the yelling and screaming continued. George then grabbed me, took off my sweat shirt, and started patting me down. He started saying that I took some weed from him and was still pissed off. He told me to go and search the other Corey and if he had it I could keep it. I walked over to Corey and patted him down. I did not find any weed on Corey. I did that to Corey because I wanted George away from me and he had told me to do it. I did not want him any madder than he all ready was. We then saw the police lights on top of the car. George pulled us into the woods again. Once in the woods he told us to tell the cops a fake story. He wanted us to tell the cops that ▮▮▮▮▮ boyfriend was drunk and the reason they were fighting was because George did not want ▮▮▮ to leave with him. If the cop asked where George was I was supposed to say that he was bringing ▮▮▮▮▮ boyfriend home to Colchester so he would not drive. George told us that if he got arrested he was facing up to ten years in prison. He was then pleading with us not to tell the cops. He did not care about anything except not getting arrested. We then left and went to talk to the cops. We told then the story and the cops left. We walked in the house and called ▮▮▮▮ grandmother for a ride home. We walked back into the woods to see if George and Corey were there but they had left.

By affixing my signature to this statement, I acknowledge that I have read it or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _DET _____ 6 47_     Signature: X _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained 'n.

.arized, endorse here: _____

State of Connecticut
Department of Public Safety

# Family Violence ( ... )nse Report

(Print or type all entries. See other instructions on the reverse side of this form)

| 1. Arrest | 2. If Zero Reporting, Enter Period Covered (MM/YY) | 3. Case Number | 4. Local PD Name | 5. Offense Town Code | 6. Offense Date | 7. Offense Time |
|---|---|---|---|---|---|---|
| ☒ Yes ☐ No | | 0600347051 | Connecticut State Police | T086 | 10/05/2006 | 09:30 |

| OFFENSE CODES | A. Homicide D. Sexual Assault G. Breach of Peace B. Assault E. Criminal Mischief H. Disorderly Conduct C. Kidnapping F. Risk of Injury I. Other/Violation Court Order | 8. Enter a letter to indicate type of offense: _B_ |
|---|---|---|

| WEAPONS CODES | A. Firearm C. Other Dangerous Weapon B. Knife D. Hands, Fists, Feet, etc. | 9. Enter the NUMBER of weapons used by type | A. _D_  C. _ B. _ D. _ |
|---|---|---|---|

| INJURY CODES | A. Serious Physical Injury C. No Physical Injury B. Minor Physical Injury D. Fatal | 10. Enter the letter for the most serious type of injury to any victim: |
|---|---|---|

| STATUS CODES | V. Victim RELATIONSHIP O. Offender CODES B. Both/All | A. Spouse B. Former Spouse C. Other Relatives residing in home | D. Other relatives NOT residing in home E. Persons who are presently living together, have lived together, or ever had a child together F. Persons in, or who have recently been in, a dating relationship |
|---|---|---|---|

| STATUS | | | | | RELATIONSHIP | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| V | ▉ | PIASCIK | COREY | | ▉ | M | M | D | Yes ☐ No ☒ Unknown ☐ |
| V | ▉ | LENIART | GEORGE | | ▉ | M | M | D | Yes ☐ No ☒ Unknown ☐ |
| O | | | | | | | | D | Yes ☐ No ☒ Unknown ☐ |
| | | | | | | | | | Yes ☐ No ☐ Unknown ☐ |
| | | | | | | | | | Yes ☐ No ☐ Unknown ☐ |

| 19. Prior Court Orders? | 20. A Child under 18 years old was: |
|---|---|
| ☐ Yes | ☐ A. Involved as a victim, offender, or both |
| ☐ No | ☒ B. was Present |
| ☐ Unknown | ☐ C. N/A |

...marks (optional)

| 21. Officer's Name & Rank | 23. Badge Number | 24. Date of Report | 25. Supervisor's Signature & Rank |
|---|---|---|---|
| TFC MICHAEL HOAGLAND | 0647 | 10/06/2006 | |

DPS-230-C (Rev. 08/04)

DEFENDANT'S EXHIBIT 516 3:09CV09 (HBF)

ARREST WARRANT APPLICATION
JD-CR-64b Rev. 10-04
C.G.S. § 54-2a
'r. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.state.ct.us

SUPPORTING AFFIDAVITS SEALED
☐ YES          ☐ NO

| | AGENCY NAME CSP EDMC-E | AGENCY NO. (860) 848-6500 |
|---|---|---|

| NAME AND RESIDENCE *(Town)* OF ACCUSED | DOB: | COURT TO BE HELD AT *(Town)* Norwich | G.A. NO. 21 |
|---|---|---|---|
| Leniart, George M.    Enfield, CT | | | |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the:    ☒ AFFIDAVIT BELOW        ☐ AFFIDAVIT(S) ATTACHED

| DATE AND SIGNATURE | DATE | SIGNED *(Prosecuting Authority)* | TYPE / PRINT NAME OF PROSECUTING AUTHORITY |
|---|---|---|---|

## AFFIDAVIT

The undersigned Affiant, being duly sworn, deposes and says:

1. That the affiant, Trooper Wilfred J. Blanchette III, is a member of the Connecticut State Police and has been a member of the department for the past 6 years. That the affiant is currently assigned to the Eastern District Major Crime Squad as a detective. That prior to this assignment, your affiant was a sworn police officer in the State of Connecticut for approximately 13 years. That the affiant has received training in criminal investigations and has investigated crimes of the following nature. That the affiant has personal knowledge of the facts and circumstances stated hereinafter as a result of the affiant's own investigative efforts, as well as the investigative efforts of fellow officers who have reported their findings to the affiant.

2. That on 10/05/2006 at approximately 1800 hours, I was tasked with assisting Det. Michael Hoagland with the service of an arrest warrant on George Leniart for the crime of Assault in the 2nd Degree. As part of this investigation, I was also assisting Parole Officer Larry Bransford with a Remand to Actual Custody Order for Leniart. Upon the arrival of officers to Leniart's residence at 300 Massapeag Side Road, Montville, Connecticut, Leniart granted access to the basement portion of his residence and was placed under arrest on the strength of a valid arrest warrant issued by GA-21 in Norwich. After Leniart was arrested, a limited "wingspan" search was conducted in the basement area where Leniart was located incident to a lawful arrest. In the rafters near the stairway of the basement, Parole Officer John Duca located a plastic bag which contained less than 4 ounces of a green leafy plant like material believed to be marijuana. I seized this bag as evidence and transported it to Troop "E" in Montville. I photographed this bag of suspected marijuana and then subjected small portions of it to three separate field tests using a Duquonise-Levine Reagent for Marijuana. None of the three tests provided any positive reactions indicative of the presumptive presence of marijuana.

3. Because of the negative test results, I spoke with Leniart concerning the contents of the bag after he was given his Miranda Warnings. When asked if the contents of the bag were drugs, Leniart advised that the bag contained "Brush sage which is used for smudging during Indian Prayer Rituals." Leniart went on to state that the "Brush Sage" must be stored away from moisture which it was why it was stored in the rafters of the basement. The

(This is page __1__ of a __2__ page Affidavit.)

| DATE AND SIGNATURE | DATE 01/02/07 | SIGNED *(Affiant)* Tpr. W. Blanchette III #0895 | |
|---|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 1/2/07 | SIGNED *(Judge / Clerk, Comm. Sup. Ct., Notary Public)* Sergeant CSP | 1/2/07 |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having b[een] considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable ca[use] offense has been committed and that the accused committed it and, therefore, that probable cause [exists for the issue] of a warrant for the arrest of the above-named accused.

| SIGNED AT City or Town Norwich | ON *(Date)* 1-31-07 | SIGNED *(Judge / Judge Trial Referee)* | PRINT NAME *(Judge)* J Fischer |
|---|---|---|---|

DEFENDANT'S
EXHIBIT
518
3:09CV09 (HBF)

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-64a Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

INSTRUCTIONS:
*The jurat is to be completed for each page of the affidavit.
The prosecutorial official and judge / judge trial referee are to date
and signed or initial each page to indicate that they have reviewed
it.*

STATE OF CONNECTICUT
SUPERIOR COURT

| NAME AND RESIDENCE *(Town)* OF ACCUSED | DOB:19760124 | | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|---|---|
| Love, William M.    New London | ▓▓▓▓▓▓ | | New London | 10 |

AFFIDAVIT

The undersigned Affiant, being duly sworn, deposes and says:

suspected marijuana was placed in the evidence holding room at Troop "E" pending transport to the CSP
Toxicology Laboratory for testing.

4.   During November of 2006, TFC Sheryl LeBlanc, Evidence Officer at Troop "E" obtained an order from GA-21 in
Norwich authorizing the testing of the suspect material seized from the residence of George M. Leniart on
10/05/2006.

5.   On 12/26/2006, I was advised by TFC LeBlanc that the suspect material seized from the residence of George M.
Leniart on 10/05/2006 had been examined by the CSP Toxicology Laboratory. According to Chemists at the
laboratory, the evidence submitted, namely "One bag of green leafy plant-like material believed to be marijuana"
was determined to contain marijuana.

6.   That based upon the aforementioned facts and circumstances, I am requesting that the court issue a warrant for the
arrest of the accused in this case, George Michael Leniart, a white male with a DOB of 01/08/1966, charging him
with violations of the Connecticut General Statutes.

*(This is page   2   of a   2   page Affidavit.)*

| DATE AND SIGNATURE | DATE 01/02/07 | SIGNED *(Affiant)* Tpr. W. Blanchette III #0895 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 1/3/07 | SIGNED *(Judge, Clerk, Comm-Sup Ct, Notary Pub.)* Sergeant CSP Det/Sgt William Bundy 1/03 |
| SIGNED *(Prosecutorial Official)* | DATE 1-30-02 | SIGNED *(Judge / Judge Trial Referee)* DATE 1-31-07 |







DEFENDANT'S
EXHIBIT
519
3:09CV09(HBF)



**STATE OF CONNECTICUT**
Department of Public Safety Scientific Services



10 Clinton Street
Hartford, CT 06106
Telephone: 860-509-8600

## FINAL REPORT

Laboratory - Controlled Substance Report

| | | |
|---|---|---|
| Name and Address of Submitting Agency:<br>Troop E<br>P.O. Box 306<br>Uncasville, CT 06382 | Source(s):<br>LENIART, GEORGE | Lab Case #: ID-06-003775<br>Request: 0001<br><br>Agency Case #: CFS0600347861 |

### DESCRIPTION OF EVIDENCE SUBMITTED:

On 10/19/2006 at 9:45 AM, Evidence Control Officer Dorothea Sargent received the following evidence from the Troop E via Sheryl LeBlanc.

    Evidence Submission 0001:  Tx envelope containing a heat/tape sealed plastic bag:
                    "Item #1 - One bag of green leafy plant-like material suspected  marijuana".

                  Note:  Chain of Custody for this case between the time of submission and time
                  of LIMS Log-In is documented on the "Internal Chain of Custody" form.
        Item #1A:  One sealed plastic evidence bag containing Item 1A1.
        Item #1A1:  One plastic zip lock bag containing plant material

### EXAMINATIONS / METHODS PERFORMED:

Gas Chromatography / Mass Spectrometry (GC/MS)
Microscopy / Morphology
Weight

### RESULTS AND CONCLUSIONS:

Evidence Submission #1A1

*Analytical Findings:*
    *Item 1A1 (botanical material and packaging, 34.1 grams = 1.202 ounce(s)).*
    *delta-9-Tetrahydrocannabinol (delta-9-THC) was identified in Item 1A1.*
    *Item 1A1 was determined to contain Marihuana.*
    *Marihuana and delta-9-Tetrahydrocannabinol are Schedule I controlled substances (CT and Federal).*

---

*I HEREBY CERTIFY* that this is a true copy of the laboratory examination described herein and a true copy of the records of the Laboratory Division of the Connecticut Department of Public Safety pertaining thereto.

Signed (Analyst):                                                    Signed (Reviewing Analyst):

        12/18/06

Chemist 2 Rafal Mielgul                                        Principal Chemist Jane Ridley

DEFENDANT'S
EXHIBIT
520
3: 09CV09 (HBF)

Page 1 of 1

**INVENTORY OF PROPERTY SEIZED
WITHOUT A SEARCH WARRANT**
JD-CR-18 Rev. 5-03   C.G.S. §§ 21a-262, 28-85, 28-90,
54-36a,g,h, 46b-121 and 53-278c.

POLICE CASE RECEIPT NO. *06-00347861*

☐ FOR P.D. USE ONLY
☐ WARRANT APPLIED FOR
☐ TO COURT

☐ To Court
☐ Destroy - No Value
☐ Case Pending
☐ Return to Owner
☐ Prisoner's
☐ Juvenile

**PART A**
PT DOCKET NO.

**PART B**
COURT DOCKET NO.
CR

**JUVENILE**
COURT DOCKET NO.

**INSTRUCTIONS**

1. Do not use this form if a search warrant is used.
2. Original must be filed with the Clerk of Court.
3. In the case of an arrest or referral, file with a uniform arrest report or Juvenile Summons/Complaint.
4. Last copy for Police Department use.

TO THE SUPERIOR COURT AT *(Address of court)*
☐ JUVENILE MATTERS   ☒ G.A. No. 21   *Courthouse Sq. Norwich, CT*

UNIFORM ARREST REPORT/JUV. SUMMONS NO.

COURT APPEARANCE DATE   ARREST/REFERRAL ☐ MADE ☒ PENDING
POLICE CASE/RECEIPT NO. CFS *06-00347861*
COMPANION CASE NO. CFS *06-00347051*

NAME, ADDRESS AND TEL. NO. OF DEFENDANT(S)/SUBJECT(S)
1. *George M. Leniart*
   *300 Massapeag Side Road, Uncasville, CT*
2.
3.

NAME, ADDRESS AND TEL. NO. OF COMPLAINANT(S)/OWNER(S)
1. *State of Connecticut*
2.
3.

TYPE OF INCIDENT
*Poss. of Marijuana*

TOWN OF SEIZURE   *Montville*
DATE OF SEIZURE   *10/05/06*
TYPE OF PROPERTY   ☐ STOLEN ☒ EVIDENCE ☐ LOST/FOUND ☐ INVESTIGATION

The following property was seized, in connection with a criminal/delinquency case: *(Describe type, color, serial number, etc.)*

PROPERTY SEIZED

1. *1 bag of green leafy plant-like material believed to be marijuana.*
   *(10/6/06 @ 1833)*
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.

PART A INVENTORY NO.

PART B INVENTORY NO.

If cash money was seized, enter total amount here ▶   TOTAL AMOUNT OF CASH   $
*8/14/07*

SIGNED *(Police Officer)*   (Title) *Detective*   DATE *10/5/06*   DEPARTMENT *CSP EDMCE*

**PROPERTY ROOM USE ONLY**

EVIDENCE PHOTOGRAPHED   ☐ NO ☐ YES   DATE   REMARKS

JUVENILE INVENTORY NO.

| DATE OUT | REASON | BY | DATE RETURNED |
|----------|--------|----|----|
|          |        |    |    |

DEFENDANT'S EXHIBIT
521
3:09CV09 (HBF)

*(over)*   INVENTORY OF

Lab ID # _____

**State of Connecticut**
**Department of Public Safety**
**Division of Scientific Services**

## Request For Examination Of Physical Evidence

☐ Forensic Science Laboratory          ☒ Toxicology Laboratory
                                           10 Clinton Street 4th Floor
☐ Computer Crime Laboratory              Hartford, CT 06106
   278 Colony Street                      (860) 509-8600
   Meriden, CT 06451                      ☒ Narc/Drug     ☐ Alcohol Analysis
   (203) 639-8400

| Case Previously Submitted? ☐ Yes ☒ No <br> If "Yes," Lab ID #: | Examined By Other Agency? ☐ Yes ☒ No <br> If "Yes," specify: |
|---|---|

Name of Submitting Agency: *CSP EASTERN DISTRICT MAJOR CRIME*

Address: *Troop "E" PO BOX 306, Uncasville*  Telephone: *(860) 848-6534*

Agency Case #: *CFS-06-0034786/*          Incident Town: *Montville*

Incident Type: *POSS MARIJUANA*           Incident Date: *10/05/06*

| Victim(s) Name(s): | D.O.B. | Race | Sex | Suspect(s) Name(s) | D.O.B. | Race | Sex |
|---|---|---|---|---|---|---|---|
| *State of CT* | | | | *LENIART, George* | ▉ | *W* | *M* |
| | | | | | | | |
| | | | | | | | |

Summary of Case: *WHILE ASSISTING PAROLE OFFICERS AND EXECUTING AN ARREST WARRANT AT ACCUSED RESIDENCE, SUSPECTED MARIJUANA WAS LOCATED.*

| Item # | Name and Description | Type of Examination Requested: |
|---|---|---|
| *1* | *1 BAG OF GREEN LEAFY PLANT-LIKE MATERIAL BELIEVED TO BE MARIJUANA.* | *Narc/Drug* |
| | | |
| | | |
| | | |
| | | |

Remarks:

| Person Requesting Examination (please print name) <br> *SGT. WILFRED BLANCHETTE #895* | Date of Request <br> *10/05/06* |
|---|---|
| Person Receiving Request | Date Received |

DPS-997-C (Rev. 06/01)

Criminal/Motor Vehicle Conviction Case Detail                                    Page 1 of 1



**State of Connecticut**
# Judicial Branch

Thursday, December
09, 2010 Docket
Search by Court
Location

Thursday, December
09, 2010 Docket
Search by Defendant

Pending Cases
Search by Defendant

Pending Cases
Search by Docket
Number

Convictions Search
by Defendant

Convictions Search
by Docket Number

GA Court Phone
Numbers

JD Court Phone
Numbers

Home

## Criminal/Motor Vehicle Conviction Case Detail

### Data as of the Previous Business Day

**Defendant Information**
Last, First: LENIART GEORGE M                    Represented By: 401748 PUBLIC DEF-GA21
Birth Year: 1966

**Docket Information**
Docket No: K21N-CR07-0100664-S                   Original Arresting        DPS EDMC (EASTERN DISTRICT
Court:      Norwich GA 21                        Agency:                   MAJOR CRIMES)
Costs:                                           Original Arrest Date: 3/7/2007
                                                 Sentenced Date:       3/22/2007

| Overall Sentence Information |
|---|
| Conditional Discharge |

| Statute | Description | Class | Type | Occ | Offense Date | Plea | Verdict Finding | Verdict Date | Fine | Fee(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 21a-279(c) | Poss Cntrld Sbstnc/<4 Oz Mrhna | U | Misdemeanor | 1 | 10/5/2006 | Guilty | Guilty | 3/22/2007 | $0.00 | $0.00 |
| Sentenced: 90 Days Jail, Execution Suspended, Conditional Discharge 1 Year | | | | | | | | | | |

[ Back ]

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | Media | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2010, State of Connecticut Judicial Branch



DEFENDANT'S
EXHIBIT
522
3:09CV09 (HBF)



 State of Connecticut - Board of Pardons and Paroles

## Parole Violation Report: Notice of Parole Violation

Parolee Name:  Lenfart, George          Numbers    CT    25001001

A PAROLE VIOLATION DETAINER HAS BEEN FILED AGAINST YOU. FULL REPORT OF THESE VIOLATIONS HAS BEEN FORWARDED TO THE BOARD FOR REVOCATION ACTION.  YOU ARE CHARGED WITH VIOLATING THE CONDITIONS OF YOUR PAROLE AS NOTED BELOW.

CHARGES:

### Standard Conditions

|  | Condition # Violated | Violation Details |
|---|---|---|
| Charge # 1 | Condition #6 | On September 25, 2007, members of the Parole Special Management Unit found BB Gun pellets in your room inside a Foxwoods cup that was sitting on top of you dresser in plain view.  Inside the cup were 2 sharp metal like arrowheads. In addition, we found a sharp hunting knife with a blade longer than 4 inches. |
| Charge # 2 | Condition #9 | On September 25, 2007, the Connecticut State Police provided a written statement from the State of New York Deposit Police Department.  In that statement, ███████ age 17, stated that you bought him a case of beer, Mad Dog Malt Liquor and Brandy.  You and ██████████ got drunk together.  In addition, you offered ██████████ hallucinogens.<br><br>On September 25, 2007, the Connecticut State Police provided a written statement to the Parole Special Management Unit, that on July 5, 2007, you were in the company of ██████████ at your house while he was smoking marijuana and you were drinking beer. |
| Charge # 3 | Condition #11 | On September 25, 2007, the Connecticut State Police provide a written statement from the State of New York Deposit Police Department.  In that statement, ███████ age 17, stated that you bought him a case of beer, Mad Dog Malt Liquor and Brandy.  You and ██████████ got drunk together.  In addition, you offered ██████████ hallucinogens.<br><br>You have failed to obey highway traffic laws by speeding on the highway at speeds as high as 89 mph as substantiated by GPS monitoring. |
| Charge # 4 | Condition #13 | On September 25, 2007, the Connecticut State Police provided a written statement from the State of New York Deposit Police Department.  In that statement, ███████ age 17, stated that you bought him a case of beer, Mad Dog Malt Liquor and Brandy.  You and ██████████ got drunk together.  In addition, you offered ██████████ hallucinogens.<br><br>You have been convicted of Sexual Assault 2nd Degree, Risk of Injury to a Minor, Assault 3rd Degree, Threatening, Reckless Endangerment 1st Degree and Breach of Peace.<br><br>Regarding your sexual assault and risk of injury convictions, you brought a 13-year-old female to a trailer located behind your house where you and her drank beer.  At approximately 5:00 a.m., you forced her to have vaginal intercourse. The female victim told you to stop and you choked her several times until she nearly lost consciousness. You then forced her to perform oral sex until you ejaculated in her mouth and kept her against her will.<br><br>You provided a version of the offense and you admitted to being in a trailer smoking marijuana and drinking with the under age female victim and you admitted to having sex with her. |

Parolee: X _____     Date: 9/28/07

Parole Officer: _____    Date: 9/28/07

DEFENDANT'S
EXHIBIT
525
3:09CV09 (HBF)

Page 2

As a result of all the information you are charged with in this violation of parole supervision, the following applies: Your past sexual criminal history and convictions with under age children, use of alcohol, and sexual encounters with a 17-year-old male by means of deception, make you a high risk to re-offend. Because of the above, your release in the community is incompatible with the welfare of society.

### Additional Conditions

| | Condition# Violated | Violation Details |
|---|---|---|
| Charge # 5 | Condition #14 | On September 25, 2007, the Connecticut State Police provided a written statement to the Parole Special Management Unit, that on July 5, 2007, you were in the company of ▇▇▇▇▇ while he was smoking marijuana and you were drinking beer at your house. |

In addition, you purchased a 12 pack of Bush beer, a bottle of Mad Dog Malt Liquor and a bottle of Brandy. You and ▇▇▇▇▇ got intoxicated while drinking in your Ford F-150.

In another occasion, while at the Groton Marina in Connecticut, you and ▇▇▇▇▇ were sitting on your boat drinking Southern Comfort and a 12 pack of beer.

| Charge # 6 | Condition #14 | You have numerous GPS violations consisting of "MTD Motion NO GPS" for unacceptable periods, "Bracelet Gone", "Base Unit A/C Power Disconnected", "Base Unit Unable to Connect", and "Phone Line In Use." All of the above are violations of you GPS monitoring as it interferes with the tracking of your daily activities. |
|---|---|---|
| Charge # 7 | Condition #14 | You are prohibited from having contact with minor children. You had contact with ▇▇▇▇▇ age 17, on several occassions. Connecticut Law defines a minor as anyone under the age of 18 years of age. |

WITNESS AND EVIDENCE RELIED UPON:

EVIDENCE:
xhibit   a - Connecticut Conditions of Parole
xhibit   b - Remand to Actual Custody
chibit   c - Notice of Parole Violation
chibit   d - Parole Violation Report
chibit   e - Connecticut State Police Reports
hibit    f - GPS Position History Reports

A FINAL REVOCATION IN YOUR CASE HAS BEEN SCHEDULED FOR:   Date   11/27/2007   Location   Radgowski CI

Parolee _____   Date: 9/28/07

Parole Officer _____   Date: 9/28/07

## Rights at Preliminary Hearing

A Preliminary Hearing may determine if there is probable cause to believe you have violated one or more conditions of your parole. Conviction for new criminal offenses precludes your right to a preliminary hearing. Waiver of a Preliminary Hearing or the finding of probable cause shall be the basis for a final revocation hearing.

RIGHTS:

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST A POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONEMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX:

A. _____ I waive my right to a Preliminary Hearing.
B. _____ I request a Preliminary Hearing

_____ I will represent myself.
_____ I will be retaining my own attorney (indicate name if known)
Attorney Name: _____

_____ I request that the Board provide me when attorney representation for my hearing.

I will present the following witnesses to speak on my behalf:

ATTY Bill Koch / ATTY SCOTT MASER
_____

I wish to have the following persons who gave evidence against me present for cross-examination:

_____
_____

Parolee: X _____   Date: 9/28/07

Parole Officer: _____   Date: 9/28/07

## Rights at Final Revocation Hearing

A final Revocation Hearing is conducted by a panel of the Board of Parole to determine, by a preponderance of evidence, whether you have violated one or more conditions of your parole. In addition to the Board voting whether or not to revoke your parole, it also has the statutory authority to order the forfeiture of any and all awarded good time in matters of final revocation.

**RIGHTS:**

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX (note: If you check the box to continue your hearing pending disposition of criminal charges, once notified that the charges are disposed, you will be scheduled to appear at a hearing. If you do not want to appear at that hearing, please indicate below).

A. _____  I WAIVE MY RIGHT TO APPEAR BEFORE A PANEL OF THE BOARD OF PAROLE FOR A REVOCATION HEARING. I fully realize that the Board of Parole may revoke my parole in my absence and recommit me to a correctional facility and, at its discretion, determine forfeiture of any or all applicable good time.

B. _____  I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING THE DISPOSITION OF CRIMINAL CHARGES. I will notify the Board as soon as charges are disposed of.

C. _____  I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING MY OBTAINING AN ATTORNEY FOR REPRESENTATION AT THIS HEARING. Either myself or my attorney will notify the Board as soon as possible to reschedule my Revocation Hearing.

D. ____✓____  I WISH TO APPEAR AT MY REVOCATION HEARING

_____  I will represent myself.
____✓____  I will be retaining my own attorney (indicate name if known)
Attorney Name: _____

_____  I request that the Board provide me when attorney representation for my hearing.

I wish to present the following witnesses to speak on my behalf:
_SCOTT MASER / BILL KOCH_____

Parolee: _____   Date: _9/28/07_

Parole Officer: _____   Date: _9/28/07_

I wish to have the following persons who gave evidence against me present for cross examination (not applicable in cases of criminal conviction):

① ▓▓▓▓▓▓▓▓▓▓

② MY police given or TAKEN statments.

③ ANY OFFICER given or TAKEN A statment from ANY witness involving this MATTER.

④ ANY and All Records concerning MY 1997 criminal convictions.

⑤ A statment of the chain of commend of ANY evidence siezed.

⑥ CARRY Brunsford P/O

Parolee: _____   Date: 9/28/07

Parole Officer: _____   Date: 9/28/07

Page 1

 State of Connecticut - Board of Pardons and Paroles

**Parole Violation Report - Notice of Parole Violation**

Parolee Name:  Leniart, George                    Numbers     CT     25001001

A PAROLE VIOLATION DETAINER HAS BEEN FILED AGAINST YOU. FULL REPORT OF THESE VIOLATIONS HAS BEEN
FORWARDED TO THE BOARD FOR REVOCATION ACTION. YOU ARE CHARGED WITH VIOLATING THE CONDITIONS OF YOUR
PAROLE AS NOTED BELOW.

CHARGES:

## Standard Conditions

| | Condition # Violated | Violation Details |
|---|---|---|
| Charge # 1 | Condition #6 | On September 25, 2007, members of the Parole Special Management Unit found BB Gun pellets in your room inside a Foxwoods cup that was sitting on top of you dresser in plain view. Inside the cup were 2 sharp metal like arrowheads. In addition, we found a sharp hunting knife with a blade longer than 4 inches. |
| Charge # 2 | Condition #9 | On September 25, 2007, the Connecticut State Police provided a written statement from the State of New York Deposit Police Department. In that statement, ▮▮▮▮ age 17, stated that you bought him a case of beer, Mad Dog Malt Liquor and Brandy. You and ▮▮▮▮ got drunk together. In addition, you offered ▮▮▮▮ hallucinogens. |
| | | On September 25, 2007, the Connecticut State Police provided a written statement to the Parole Special Management Unit, that on July 5, 2007, you were in the company of ▮▮▮▮ at your house while he was smoking marijuana and you were drinking beer. |
| Charge # 3 | Condition #11 | On September 25, 2007, the Connecticut State Police provide a written statement from the State of New York Deposit Police Department. In that statement, ▮▮▮▮ age 17, stated that you bought him a case of beer, Mad Dog Malt Liquor and Brandy. You and ▮▮▮▮ got drunk together. In addition, you offered ▮▮▮▮ hallucinogens. |
| | | You have failed to obey highway traffic laws by speeding on the highway at speeds as high as 89 mph as substantiated by GPS monitoring. |
| Charge # 4 | Condition #13 | On September 25, 2007, the Connecticut State Police provided a written statement from the State of New York Deposit Police Department. In that statement, ▮▮▮▮ age 17, stated that you bought him a case of beer, Mad Dog Malt Liquor and Brandy. You and ▮▮▮▮ got drunk together. In addition, you offered ▮▮▮▮ hallucinogens. |
| | | You have been convicted of Sexual Assault 2nd Degree, Risk of Injury to a Minor, Assault 3rd Degree, Threatening, Reckless Endangerment 1st Degree and Breach of Peace. |
| | | Regarding your sexual assault and risk of injury convictions, you brought a 13-year-old female to a trailer located behind your house where you and her drank beer. At approximately 5:00 a.m., you forced her to have vaginal intercourse. The female victim told you to stop and you choked her several times until she nearly lost consciousness. You then forced her to perform oral sex until you ejaculated in her mouth and kept her against her will. |
| | | You provided a version of the offense and you admitted to being in a trailer smoking marijuana and drinking with the under age female victim and you admitted to having sex with her. |

DOCUMENT SCANNED
DATE: 10·30·07
SIGNATURE: AS

Parolee: _____          Date: 10-29-07

Parole Officer: Danny Branford Po             Date: 10·29·07

DEFENDANT'S
EXHIBIT
526
3:09CV09 (HBF)

As a result of all the information you are charged with in this violation of parole supervision, the following applies: Your past sexual criminal history and convictions with under age children, use of alcohol, and sexual encounters with a 17-year-old male by means of deception, make you a high risk to re-offend.  Because of the above, your release in the community is incompatible with the welfare of society.

### Additional Conditions

|  | Condition# Violated | Violation Details |
|---|---|---|
| Charge # 5 | Condition #14 | On September 25, 2007, the Connecticut State Police provided a written statement to the Parole Special Management Unit, that on July 5, 2007, you were in the company of ████████ while he was smoking marijuana and you were drinking beer at your house. |

In addition, you purchased a 12 pack of Bush beer, a bottle of Mad Dog Malt Liquor and a bottle of Brandy.  You and ████████ got intoxicated while drinking in your Ford F-150.

In another occasion, while at the Groton Marina in Connecticut, you and ████████ were sitting on your boat drinking Southern Comfort and a 12 pack of beer.

| Charge # 6 | Condition #14 | You have numerous GPS violations consisting of "MTD Motion NO GPS" for unacceptable periods, "Bracelet Gone", "Base Unit A/C Power Disconnected", "Base Unit Unable to Connect", and "Phone Line in Use." All of the above are violations of you GPS monitoring as it interferes with the tracking of your daily activities. |
|---|---|---|
| Charge # 7 | Condition #14 | You are prohibited from having contact with minor children.  You had contact with ████████ age 17, on several occassions. Connecticut Law defines a minor as anyone under the age of 18 years of age. |

. # 8   Condition #1 .       On September 25, 2007, you were instructed by Parole Officer Bransford to return to your approved residence   by 2:00 p.m. You were instructed to place the GPS MTD on the charger and wait at your home for parole staff to arrive. You failed to make yourself available to parole staff by not answering the door. You were found outside your residence hiding behind a stone wall, clearly eluding parole staff and found without your GPS MTD box, which is required to be carried on your person at all time when outside the residence.
WITNESS AND EVIDENCE RELIED UPON:

EVIDENCE:
Exhibit A-Connecticut Conditions of Parole
Exhibit B-Remand to Actual Custody Order
Exhibit C-Notice of Parole Violation
Exhibit D-Parole Violation Report
Exhibit E-Connecticut State Police Reports
Exhibit F-

A FINAL REVOCATION IN YOUR CASE HAS BEEN SCHEDULED FOR:  Date      11/27/2007      Location  Radgowski CI

Parolee: _____          Date: _10-29-07_

Parole Officer: _Jenny Bransford P O_          Date: _10.29.07_

## Rights at Preliminary Hearing

A Preliminary Hearing may determine if there is probable cause to believe you have violated one or more conditions of your parole. Conviction for new criminal offenses precludes your right to a preliminary hearing. Waiver of a Preliminary Hearing or the finding of probable cause shall be the basis for a final revocation hearing.

RIGHTS:

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST A POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX:

A. ___*gml*___ I waive my right to a Preliminary Hearing.
B. _____ I request a Preliminary Hearing

_____ I will represent myself.
_____ I will be retaining my own attorney (indicate name if known)
Attorney Name: Bill koch and Scott Maser
_____ I request that the Board provide me when attorney representation for my hearing.

I will present the following witnesses to speak on my behalf:

_____
_____

I wish to have the following persons who gave evidence against me present for cross-examination:

_____
_____

Parolee: _____   Date: _10/29/07_

Parole Officer: _Gary Bramford PO_   Date: _10/29/07_

## Rights at Final Revocation Hearing

A final Revocation Hearing is conducted by a panel of the Board of Parole to determine, by a preponderance of evidence, whether you have violated one or more conditions of your parole. In addition to the Board voting whether or not to revoke your parole, it also has the statutory authority to order the forfeiture of any and all awarded good time in matters of final revocation.

RIGHTS:

1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX (note: If you check the box to continue your hearing pending disposition of criminal charges, once notified that the charges are disposed, you will be scheduled to appear at a hearing. If you do not want to appear at that hearing, please indicate below).

A. _____ I WAIVE MY RIGHT TO APPEAR BEFORE A PANEL OF THE BOARD OF PAROLE FOR A REVOCATION HEARING. I fully realize that the Board of Parole may revoke my parole in my absence and recommit me to a correctional facility and, at its discretion, determine forfeiture of any or all applicable good time.

B. _____ I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING THE DISPOSITION OF CRIMINAL CHARGES. I will notify the Board as soon as charges are disposed of.

C. _____ I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING MY OBTAINING AN ATTORNEY FOR REPRESENTATION AT THIS HEARING. Either myself or my attorney will notify the Board as soon as possible to reschedule my Revocation Hearing.

D. __*SML C*__ I WISH TO APPEAR AT MY REVOCATION HEARING

_____ I will represent myself.
__*SM Court*__ I will be retaining my own attorney (indicate name if known)
Attorney Name: _____ Bill Koch and Scott Maser
_____ I request that the Board provide me when attorney representation for my hearing.

I wish to present the following witnesses to speak on my behalf:
*Phyllis Leniart (MOTHER)* ████████████████████████

Parolee: _____     Date: *10/29/07*

Parole Officer: *Nancy Bramford PO*     Date: *11/24/07*

I wish to have the following persons who gave evidence against me present for cross examination (not applicable in cases of criminal conviction):

1. ██████████████

2. P/O BRANSFORD

3. NY Deposit police OFFICER "LOU"

4. P/O SUPERVISOR ELLISON

5. CT STATE POLICE UNKNOWN AT THIS TIME
   Will be called and identified by Petty.

Parolee: _[signature]_                    Date: _10-29-07_

Parole Officer: _Gary Bransford PO_       Date: _10·29·07_

12/20/2007 18:44 FAX 2033891593                        PAROLE AND COMMUNITY SVS                        ☑002



M. Jodi Rell
Governor

**State of Connecticut**

Telephone
(203) 805-6605

Robert Farr
Chairman



FAX
(203) 805-6652

**Board of Pardons and
Paroles**
55 West Main St. Waterbury, Ct 06702

Name of Parolee : Lenlart, George                        Number: 25001001

Date: 12/20/2007

**Addendum:**
IN ADDITION TO THE CHARGES NOTED ON THE NOTICE OF PAROLE VIOLATION, THE FOLLOWING ADDITIONAL INFORMATION APPLIES:

Condition # 11: The following applies:  On December 11, 2007, the Connecticut State Police provided an arrest warrant for your arrest.  The arrest warrant alleges that you worked with Victim # 1 during the summer of 2007.  You provided victim # 1 large quantities of alcohol, marijuana and prescription medication.  You and Victim # 1 continued to consume alcohol and drugs daily.  Victim # 1 stated that one night he passed out after you served him too much alcohol or drugging him.  When Victim # 1 regained consciousness, he found you sexually assaulting him.

As a result, you were arrested on December 11, 2007, at the New London Superior Court and charged with Sexual Assault 2nd Degree/Intercourse/Unable to Consent/Abuse, in violation of C.G.S. 53a-71, Liquor Sales/Delivery to Minor, in violation of C.G.S. 30-86, and Unauthorized Manufacture/Sale (Etc.) of Marijuana, in violation of C.G.S. 21a-277(b).

Condition # 1: The following information applies: On December 18, 2007, a 6 page report was received from the Court Support Services Division Technology and Support Unit.  The forensic examination conducted on Mr. Lenlart's laptop revealed the following findings: You violated conditions # 1,2,4, 5, 6, and 8 of the Special Management Computer Access Agreement.  According to the forensic report, your laptop contained 118 files of adult erotica, 1,981 HTML files and 14,732 JPG image files from MySpace.com.

THE FOLLOWING EVIDENCE APPLIES:
Exhibit G-Request for Computer Use-1 page
Exhibit H-CSSD Technology & Support Unit Report-6 pages
Exhibit I-State Police Arrest Warrant/Information-6 pages
Exhibit J-Computer Access Agreement-2 pages

Parolee _____                        Date: 12/21/07

Parole Officer _Jenny Diamond PO___                        Date: 12/21/07

Document Signatures - Addendum


DEFENDANT'S
EXHIBIT
527
3:09CV09 (HBF)

12/20/2007 18:46 FAX 2033891593        PAROLE AND COMMUNITY SVS                    ☒003

Page 3

## Rights at Preliminary Hearing

A Preliminary Hearing may determine if there is probable cause to believe you have violated one or more conditions of your parole. Conviction for new criminal offenses precludes your right to a preliminary hearing. Waiver of a Preliminary Hearing or the finding of probable cause shall be the basis for a final revocation hearing.

**RIGHTS:**
1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST A POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX:

A.  _~~SM~~_ ( I waive my right to a Preliminary Hearing.
B.  _____ I request a Preliminary Hearing

_____ I will represent myself.
_____ I will be retaining my own attorney (indicate name if known)
Attorney Name: Bill Koch and Scott Maser
_____ I request that the Board provide me when attorney representation for my hearing.

I will present the following witnesses to speak on my behalf:

_____
_____

I wish to have the following persons who gave evidence against me present for cross-examination:

_____
_____

Parolee: _____   Date: _12/2/07_

Parole Officer: _Jerry Crawford  PO_   Date: _12/21/07_

Case 3:09-cv-00009-HBF   Document 156-3   Filed 02/25/13   Page 56 of 99
12/20/2007 18:45 FAX 2033891593      PAROLE AND COMMUNITY SVS                    ☒004

Page 4

## Rights at Final Revocation Hearing

A final Revocation Hearing is conducted by a panel of the Board of Parole to determine, by a preponderance of evidence, whether you have violated one or more conditions of your parole. In addition to the Board voting whether or not to revoke your parole, it also has the statutory authority to order the forfeiture of any and all awarded good time in matters of final revocation.

**RIGHTS:**
1. YOU HAVE THE RIGHT TO ADEQUATE NOTICE OF THIS HEARING AND THE CHARGES AGAINST YOU.
2. YOU MAY TESTIFY ON YOUR OWN BEHALF OR YOU MAY CHOOSE TO REMAIN SILENT AT THIS HEARING. IF YOU CHOOSE TO REMAIN SILENT, A DECISION WILL BE MADE ON THE BASIS OF THE AVAILABLE INFORMATION.
3. YOU MAY PRESENT DOCUMENTARY EVIDENCE (FOR EXAMPLE, LETTERS OR OTHER WRITTEN DOCUMENTS). YOU MAY ALSO REVIEW THE DOCUMENTS PRESENTED AS EVIDENCE SUPPORTING THE CHARGES AGAINST YOU (THESE INCLUDE THE NOTICE OF PAROLE VIOLATION, PAROLE VIOLATION REPORT, SIGNED CONDITIONS OF PAROLE, REMAND TO CUSTODY ORDER OR ANY OTHER INFORMATION SUPPORTING THE CHARGES AGAINST YOU.
4. YOU MAY ASK INDIVIDUALS WHO HAVE RELEVANT KNOWLEDGE REGARDING THE ALLEGED VIOLATIONS TO APPEAR AND TESTIFY ON YOUR BEHALF.
5. YOU MAY ASK TO HAVE INDIVIDUALS WHO HAVE GIVEN INFORMATION AGAINST YOU TO APPEAR AT THIS HEARING FOR CROSS-EXAMINATION UNLESS GOOD CAUSE FOR THEIR NON-APPEARANCE IS FOUND.
6. YOU MAY HAVE THE ASSISTANCE OF AN ATTORNEY TO REPRESENT YOU AT THIS HEARING. IF YOU WISH TO RETAIN AN ATTORNEY, YOU MAY REQUEST POSTPONEMENT OF THIS HEARING FOR THIS PURPOSE. IF YOU CANNOT AFFORD AN ATTORNEY, THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PAROLE BOARD MAY SECURE AN ATTORNEY TO REPRESENT YOU. IF YOU REQUEST AN ATTORNEY REPRESENTATION FROM THE BOARD, YOUR REQUEST WILL BE EVALUATED TO DETERMINE IF YOU QUALIFY FOR APPOINTMENT OF COUNSEL. THIS MAY RESULT IN A POSTPONMENT OF THIS HEARING.

PLEASE CHECK THE APPROPRIATE BOX (note: If you check the box to continue your hearing pending disposition of criminal charges, once notified that the charges are disposed, you will be scheduled to appear at a hearing. If you do not want to appear at that hearing, please indicate below).

A. _____ I WAIVE MY RIGHT TO APPEAR BEFORE A PANEL OF THE BOARD OF PAROLE FOR A REVOCATION HEARING. I fully realize that the Board of Parole may revoke my parole in my absence and recommit me to a correctional facility and, at its discretion, determine forfeiture of any or all applicable good time.

B. _~~_ I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING THE DISPOSITION OF CRIMINAL CHARGES. I will notify the Board as soon as charges are disposed of.

C. _____ I REQUEST THAT MY REVOCATION HEARING BE CONTINUED PENDING MY OBTAINING AN ATTORNEY FOR REPRESENTATION AT THIS HEARING. Either myself or my attorney will notify the Board as soon as possible to reschedule my Revocation Hearing.

D. _____ I WISH TO APPEAR AT MY REVOCATION HEARING

_____ I will represent myself.
_e djm_ ✓ I will be retaining my own attorney (indicate name if known)
Attorney Name:  Bill Koch and Scott Maser
_____ I request that the Board provide me when attorney representation for my hearing.

I wish to present the following witnesses to speak on my behalf:
_SAME AS PREVIOUS STATED_

Parolee: _edm_____ Date: _12/21/07_

Parole Officer: _Benny Bramford  PO_ Date: _12/21/07_

I wish to have the following persons who gave evidence against me present for cross examination (not applicable in cases of criminal conviction):

Parolee: _____   Date: 12/21/07

Parole Officer: Amy Brandford  PO   Date: 12/21/07

01/27/2006 FRI 15:12 FAX 860 443 6017     PART A CRIMINAL
01/27/2006 13:52 FAX 860 741 2473      RECORDS CENTER                          ☑003

**MITTIMUS**  JD-CR-38 Rev. 10-01
C.G.S§§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76;
18-82, 54-2a, 54-54b, 54-92a, 54-96b, 54-97, 54-98
Pr. Bk. Sec. 43-17 to 43-29

☒ JUDGMENT   ☐ CONTINUANCE

**FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a**

TO: Any Proper Officer

INSTRUCTIONS TO CLERK
Prepare a separate Mittimus for each file.
TO OFFICER
Original to receiving facility; return copy to court.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

DATE OF DISPOSITION
6-11-02

| DOCKET NO. | NAME OF DEFENDANT | DAT | DATE SENTENCE TO BEGIN (if different) |
|---|---|---|---|
| KKJUKOR02-264726S | LENIART GEORGE MICHAEL | | |

NAME AND LOCATION OF RECEIVING FACILITY
COMMISSIONER OF CORRECTIONS

NAME AND LOCATION OF COURT
GA10  112 Broad St New London CT   To Huntington

| | 1ST COUNT - STATUTE NO. | DATE OF OFFENSE | 2ND COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|
| ☒ CRIME(S) CONVICTED | 53-21 RISK OF INJURY TO CHILD (1) | 1-12-02 | | |
| ☐ CRIME(S) CHARGED | 3RD COUNT - STATUTE NO. | DATE OF OFFENSE | 4TH COUNT - STATUTE NO. | DATE OF OFFENSE |
| | 5TH COUNT - STATUTE NO. | DATE OF OFFENSE | 6TH COUNT - STATUTE NO. | DATE OF OFFENSE |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

**COUNTS AND TERMS** (If execution of portion of sentence is suspended, show only time to be served.)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 4 years | | | | | | 4 years |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

Count 1 concurrent with CR95-648951T

YES 4 YEARS TO SERVE ON THIS FILE WITH 6 YEARS SPECIAL PAROLE

JAIL CREDIT 01-12-02 to 06-11-02

(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. (A defendant may not be incarcerated for failing to pay fees or costs.)

**COUNTS AND FINES** (Show only unpaid portion of fines)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ The Defendant is entitled to sentence credit of
☐ The foregoing credit includes _____ days of credit for pretrial confinement at a police or courthouse lockup.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

| TO BE HELD AT (Name and address of court) | | ☐ J.D. | ON (Date) | SURETY BOND AMOUNT |
|---|---|---|---|---|
| | | ☐ G.A. | | |

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

HANDY, J

| SIGNED (Assistant Clerk) | By Order of the Court | ON (Date) 6-11-02 | RECEIVING FACILITY TIME STAMP |
|---|---|---|---|

**ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT**

I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY
CORRIGAN C.I.

| OF DELIVERING OFFICER | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVI |
|---|---|---|

DEFENDANT'S EXHIBIT 535
3:09CV09 (HBF)



*Court Support Services Division* ° Technology and Support Unit

*936 Silas Deane Highway Wethersfield, CT  06109*

# *Evidence Receipt*

Date:                  12/12/2007
Time:                  9:18:51 AM                        **Evidence Returned**

Intake #:              4168
Submitting Agency:     CT Parole
Agency Case #:         250010
Town:                  New Haven

Received By (Signature): _____
                                        DiPietro, Steven

Submission #:          Description:
001                    Case w/ "Dell Laptop Mod PP10S"

002            1 Large Manilla Envelope containing 1-JVC Cassette Adapter, Vector DC to AC Power
Converter, Dell AC Adapter SN: MOW0606236748, Microsoft GPS-360 GPD Antenna P/N X10-72407 SN
36BLC6100498

Delivered to Forensics by (Please Print): _____
                                        Submitted By: Ellison, Eric

Delivered to Forensics by (Signature): _____   12/1

DEFENDANT'S
EXHIBIT
536
3:09CV09(HBF)



# *Court Support Services Division* • Technology and Support Unit

*936 Silas Deane Highway Wethersfield, CT  06109*

## Report of Findings

| | | | |
|---|---|---|---|
| Date | : 11/26/2007 | Submitting Agency | : CT Parole – New Haven |
| Intake #. | : 4168 | Agency Case # | : 250010 |

### Intake Summary:

On 11/01/2007 the Computer Lab received the source media referenced below for forensic evaluation, per the request of Parole Officer Jose Cartagena. Parole Officer Cartagena is conducting an investigation regarding the possession of adult pornography, child pornography, and the use IM software to have contact with children under the age of 16 and requested a search be done on the storage media for information relating to this investigation, including:

1. Recovery of suspected child pornographic images either in still or video format;
2. Recovery of adult pornographic images either in still or video format;
3. Recovery and examination of chat logs, IM logs, and emails from and to anyone under the age of 16;
4. Recovery and examination of any information relating to myspace.com accounts;
5. Recovery and examination of any information connecting the subject to this computer;

This report may contain terminology unfamiliar to the reader. These items are in *bold italics*, and a "Glossary of Terms" with corresponding definitions is located at the end of this report.

### Source Media:

The evidence listed below is not necessarily all evidence submitted in the case, but reflects the media where the reported evidence was found.

Submission #1:   S1          Dell Inspiron 2200 Laptop computer Serial No.: JDT9V71
                 HD1         Hitachi HDD Model: HTS424030M9AT00
                             Serial No.: MPAA22QBJ6KZHB

### Processing:

To protect the integrity of the data contained on all fixed and removable media, all information was copied to another storage media where a *bit plus.copy* image is created. The acquired image is called an "Evidence File". Throughout the creation of this evidence file the image is continually verified by both a *CRC (Cyclical Redundancy Check)* value for every 32K block, as well as an *MD5 hash* calculated for all data contained in the evidence file. Both the CRC and MD5 hash values are immediately assigned to the evidence file upon acquisition. This process not only copies all the standard DOS and Windows compatible files, but it also copies all *file slack*, erased files and *unallocated space*. This procedure does not affect, change or alter the information on the original storage media in any manner.

Examiner   :   Steven DiPietro

Signature  :   _[signature]_  Date: 11/27/2007

Page 1 of 6

## Report Continued

| | | | |
|---|---|---|---|
| Date | : 11/26/2007 | Submitting Agency | : CT Parole – New Haven |
| Intake # | : 4168 | Agency Case # | : 250010 |

### Directory and File Examination:

*(NOTE: Files, including images, included in this report may display dates and times. The specified date and time stamps reflected are based upon user-applied settings of the subject computer, and do not necessarily indicate the accurate dates and times.).*

1. Recovery of suspected child pornographic images in either still or video formats;

The submitted media was reviewed for images and videos in an attempt to locate suspected child pornography. The submitted media contained numerous still image files and very few video image files. Image and video files in *allocated and unallocated space* were reviewed in an attempt to locate suspected child pornography. No image or video files of suspected child pornography were found.

2. Recovery of adult pornographic images in either still or video format;

The submitted media was reviewed for images and videos in an attempt to locate adult pornography. The submitted media contained numerous still images and very few video images. Image and video files in *allocated and unallocated space* were reviewed in an attempt to locate adult pornography. There were no videos found that displayed adult pornography. A total of one hundred eighteen (118) files were found displaying adult erotica. Twenty-four of these image files were selected and were printed. (See *"Attachment One"*) All 118 of these files were burned to a CD-R disc in the form of a Microsoft Word Document which contains information about the files including where they were found on the submitted media, and turned over to the investigating officer for his further review. (See *"Attachment Two"*).

3. Recovery and examination of chat logs, IM logs, and emails from and to anyone under the age of 16;

The submitted media was reviewed for any chat and or IM log files and for emails from and or to anyone under the age of 16. Nothing of evidentiary value was found on the submitted media.

4. Recovery and examination of any information relating to myspace.com accounts;

The submitted media was reviewed for any information relating to "myspace" accounts. An automated search was conducted against the submitted hard drive in an attempt to recover any *HTML* pages that deal with the myspace web site. A total of one thousand nine hundred eighty one (1981) HTML files were recovered from both allocated and unallocated space on the hard drive. These files were reviewed and it was found that someone had used the submitted computer to go to the myspace web site. A check of the latest *INEX.DAT* file shows that the myspace web site was last accessed on 09/12/2007. No other evidentiary value was found in these files.

Along with the HTML files that were found fourteen thousand seven hundred thirty two (14732) *JPG* image files were found. A large number of these image files appear to be image files from myspace web pages. These files were extracted from the case and burned to a CD-R disc and turned over to the investigating officer for further review. (See *"Attachment Three"*)

| | |
|---|---|
| Examiner | : Steven DiPietro |
| Signature | : _[signature]_ Date: 11/27/2007 |

Page 2 of 6

12/18/2007 TUE 9:05  FAX 8605665765 HTFD PAROLE FIELD OFFICE                        ☒004/009

## Report Continued

| Date | : 11/26/2007 | Submitting Agency | : CT Parole — New Haven |
|------|-------------|-------------------|------------------------|
| Intake # | : 4168 | Agency Case # | : 250010 |

It was also requested that any information about password(s) for myspace account(s) be examined. Using AccessData Password Recovery Toolkit v6.3.0 I extracted the subjects *NTUSER.DAT* file and ran the recover password program against it. A list of passwords and their related web sites was recovered. These passwords and site names were placed into a Microsoft Excel spreadsheet. This spreadsheet was printed and turned over to the investigating officer for further review. (See *"Attachment Four"*)

5.  .    Recovery and examination of any information connecting the subject to this computer;

The submitted media was reviewed for any information connecting the subject to this computer. An automated search of the computers *Windows Registry Files* revealed that the subject created a *user account* on the computer named "RENTER". (See *"Attachment Six"*) This user account has a full name of "J&G Unlimited". In Attachment Five it can be seen that the document is from J&G Unlimited and that the subject George Leniart was part of J&G Unlimited.

### Status:

All reports generated that pertain to this case will be forwarded to the submitting agency for their investigative review. If further analysis is requested the evidence will need to be re-submitted with an additional request for examination.

Examiner : Steven DiPietro

Signature : _[signature]_ Date: 11/27/2007

Page 3 of 6

## Glossary of Terms

*Allocated Space*

Also referred to as used space. This is the area of magnetic media (floppy disk, hard drive etc.) that contains data (files, sub-directories etc.) that were created by computer applications or the operating system.

*Bit Plus Copy*

A bit for bit copy of the original that has been altered to include proprietary or non-proprietary data within the image file.

*Bookmark Sector*

A term used in Encase to indicate what sector a bookmarked item is located in by recording where the bookmark begins.

*CRC (Cyclical Redundancy Checksum)*

A common technique for detecting data transmission errors; used to verify the integrity of each block of data. Each data block transmitted is accompanied by a numerical value based on the number of set bits in the block. The receiving station then applies the same formula to the data block and checks to make sure the accompanying numerical value is the same. If not, the receiver can assume that the data block has been corrupted. The advantage of the CRC is that it is order sensitive. The odds that two different data blocks produce the same CRC are roughly 1 in 4 billion. Most hard drives store one CRC for every sector (512 bytes). When a read error is generated from a disk, this usually means that the CRC value of the sector on disk does not match the value that is recomputed by the drive hardware after the sector is read.

*File Slack*

Files are created in varying lengths depending on their contents, DOS, Windows and Windows NT-based computers store files in fixed length blocks of data called clusters. Rarely do file sizes exactly match the size of one or multiple clusters perfectly. This happens because DOS/Windows normally writes in 512 byte blocks called sectors. Clusters are made up of blocks of sectors. If there is not enough data in the file to fill the last sector in a file, DOS/Windows makes up the difference by padding the remaining space with data from the memory buffers of the operating system. The data storage space that exists from the end of the file to the end of the last cluster assigned to the file is called "file slack". File Slack is created at the time a file is saved to disk. Cluster sizes vary in length depending on the operating system involved and, in the case of Windows 95, the size of the logical partition involved. Larger cluster sizes mean more file slack and also the waste of storage space when Windows 95 systems are involved. However, this computer security weakness creates benefits for the computer forensics investigator because file slack is a significant source of evidence and leads.

*HTML (HyperText Markup Language)*

Hyper Text Markup Language (HTML) is the programming language that Internet browsers use to display a web page. Each element (commonly known as "tags") contains an instruction, commanding the browser how to display images and words. HTML is standardized by the World Wide Web Consortium (W3c) and is followed by most of the leading browsers. The industry leaders, Netscape Navigator and Internet Explorer use HTML, but do

---

## Glossary of Terms

not include support for all of the same tags. Thus a page viewed in IE can look vastly different from a page viewed in Netscape.

### INDEX.DAT

In the Microsoft Windows operating system, index.dat is a file used by the Internet Explorer web browser. The index.dat file functions as an active database, which runs as long as Windows is active. It functions as a repository of redundant information, such as web URLs, search queries, and recently opened files. Its role is similar to that of an index file in the field of databases, where a technique called "indexing" stores the contents of a database in a different order to help speed up query responses. Similarly, when the Autocomplete function is enabled in Internet Explorer, every web address visited is sorted in the index.dat file, allowing the Internet Explorer to attempt to find an appropriate match when a user types in an edit field. Separate index.dat files exist for the Internet Explorer history, cache, and cookies.

### JPG

(Sometimes referred to as "jpeg" for Joint Photographic Experts Group and pronounced jay-peg) indicates a compression technique generally used for color images, usually of photographic quality. The file suffix usually affixed to the filename is ".jpg"

### MD5 (Message Digest 5) Hash

A 128-bit (16 byte) number that uniquely describes the contents of a file. The code to compute the MD5 was developed by Professor Ronald Rivest of MIT and is publicly available. For this reason, the MD5 is a standard in the forensics world. The odds that two (2) different contents have the same hash value is roughly $2^{128}$ (two raised to the 128th power) or $1 \times 10^{38}$ (1 followed by 38 zeros).

### NTUSER.DAT

On Windows-NT based systems, each user's settings are stored in their own files called NTUSER.DAT and USRCLASS.DAT. These files are stored inside each user's Documents and Settings subfolder. i.e. C:\Documents and Settings\UserName\ntuser.dat

### Windows Registry Files

The Windows registry is a directory which stores settings and options for the operating system for Microsoft Windows 32-bit versions, 64-bit versions and Windows Mobile. It contains information and settings for all the hardware, operating system software, most non-operating system software, users, preferences of the PC, etc. Whenever a user makes changes to Control Panel settings, file associations, system policies, or installed software, the changes are reflected and stored in the registry.

### Unallocated Space

Also referred to as free space. This is the area of the hard drive that is free to be written to again. When files are deleted using conventional DOS or Windows commands or are automatically deleted by programs such as word processing applications, the data associated with the file is not actually deleted. The computer simply makes the

---

## Glossary of Terms

space available for new files. The old data remains behind on the computer hard drive or floppy diskette to be eventually overwritten with data from new files. This area will also contain file slack that was previously associated with the file.

### User Account

An established relationship between a user and a computer, network or information service. User accounts are assigned a username. Passwords are optional for computers and networks, but are mandatory for registrations and subscriptions to online services.

For personal computers, there are typically two types of user accounts: standard and administrator. A standard user is prevented from performing tasks such as installing applications, while administrators have the complete run of the computer.

THE JOHN W. GROSS CO. • WEST HARTFORD, CT 06157-0657 • (860) 678-00/3 FAX (860)

705- 6198

DPS-533-C Rev. 7/94

**STATE OF CONNECTICUT**
**DEPARTMENT OF PUBLIC SAFETY**
**DIVISION OF STATE POLICE**

Case Number  07-344371
Date  7-20-07
Time Started  1645
Time Ended  1710

WITNESS STATEMENT OF ██████████████████

I, ██████████████████████, date of birth ███████████

of _____, town /city of Montville, CT.

make the following statement, without fear, threat, or promise. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

Last Friday 7-13-07 I Bonded out of The Norwich court around 2:00pm my girlfriend Cheryl Lynn Loranda Bonded me out.

After that I went over to my Fathers house at ████████████████ Montville as my Father is George Loranda. my father was supposed to co-sign the Bond But he didn't. When I got to my Fathers house there was a bunch of people There I knew ████████████████████ New York his girlfriend CeCe ████████████████████████████████████████████████ ████████████████████████████████████████████████ co-sign ████████████████████████████████ on Saturday with his brother Bob ████████████████ to New London. I gave my Father was out Fishing with ████████████████ And ████ They called me and had me + my girlfriend meet them at ████████ marina in Groton. They were all drinking and they were pretty wasted.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Signature: ~~[signature]~~

Signature: ██████████████████

Witness: [signature]

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters containe

If notarized, endorse here: _____

DEFENDANT'S
EXHIBIT
537
3:09CV09 (HBF)

DPS-630-C1 Rev. 7/95

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

Case Number 07 - 394371

STATEMENT OF ██████████████ _____ (Cont.)

After the fire works we were in the us Rockton
and ████████ was asking me for a place to
stay Because he had come down from New York
to celebrate for my father. ████████ had no money and
he said he hadn't taken a shower. I felt Bad for
him. my father wouldn't let ████████ or his
girlfriend stay at his house.
We got off the Boat and me ████████ and my girlfriend
went to pick up ████████ girlfriend in New London
around 11:00 pm. on the way Back to montville
████████ told me that he had Been hanging out with
my father and my father had got some strippers.
████████ said he got tied up and Blindfolded and
then got oral sex from the stripper. He told
me this right in front of his girlfriend. I told
████████ that it wasn't a stripper But it was my
father that had sex with him. ████████ got pretty
upset and his girlfriend was kinda laughing at
him. Because that was what he got for cheating on
him. I told ████████ I knew this same story Because it
had happened to ██████████████████ and ██████
████████ stayed over with us saturday night and went

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my
knowledge and belief.

1st _____   486                                   Signature ██████████████████
Initial _____                                    Signature _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

If notarized, endorse here: _____

DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

STATEMENT OF ███████████████████ (Cont.)

Back to New York on Sunday ██████ never spoke again about what my father did to him. My girlfriend and ██████ girlfriend Bill heard ██████ tell the story about the stripper and being tied up. Off

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____

Witness: _____

Signature: ████████████████████

Signature: ████████████████████

nally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

rized, endorse here: _____

# 607-849-8876

DPS-633-C Rev. 7/94

**STATE OF CONNECTICUT**
**DEPARTMENT OF PUBLIC SAFETY**
**DIVISION OF STATE POLICE**

Case Number: 07-354371
Date: 8-17-2007
Time Started: 1045
Time Ended: 12:15

WITNESS STATEMENT OF ████████████████

I, ██████████████████████████, date of birth ████████

of ████████████████████, town/city of Deposit, New York,

make the following statement, without fear, threat, or promise. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

Back in 2006 I was living at 361 Maple Ave with my step father, ██████████████████ my mother, ████████████ my step brother ██████████████████ i was ████████████ I answered a Help wanted ad in the Norwich Bulletin. The phone number was 860-263-8024. I called it and that is how I met George LeMart. He came over to my house that same day and offered me $50/day for doing construction work with him. I needed money so I took his offer. This all happened about 4 days before George had his parole violated. The same day he offered me the job me, me and George went down to some old marina by George's house. we drank a 12 pack of Busch, a bottle of Madog and a bottle of Brandy. George bought the booze because I was only 18 yrs old. We sat in his green Ford F-150. We got pretty Drunk. I was throwing up George and I were talking about how he could get some hookers to do us. We ended up back at George's house We were in the basement and I was laying on the bed and George asked if I still wanted to get the hookers I said But George said Because of my age I decided to Re

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: ████████████  Signature X ████████████

Witness: ████████████  Signature: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained ████

If notarized, endorse here: _____

Page 1 of 4 Pages.

DEFENDANT'S EXHIBIT 538
3:09CV09(HBF)

JPS-630-C-1  Rev. 7/85                STATE OF CONNECTICUT                Case Number 07-394371
                               DEPARTMENT OF PUBLIC SAFETY
                                  DIVISION OF STATE POLICE

                     STATEMENT OF ▓▓▓▓▓▓▓▓▓▓▓▓ (Cont.)

Tied up and Blind folded. George Tied me up and Blinded folded
me with cloth. my clothes were on and I couldn't see.
I heard the door squeak open and Then someone pulled
my pants down. Somebody started giving me a Blow
Job. It lasted pretty long But who ever it was couldn't
get me off. I could feel hairy legs But I was too
Drunk to care. The person finally left and I
untied myself. I slept ▓▓▓ on the floor and then
went home the next morning. I told my mom what
happened the next morning. My mom never liked
George since she met him.
   I worked with George doing roofing Jobs in Waterbury for
a couple of Days and Then he went Back to Jail.
   About a week later we moved Back to Deposit, N.Y
while George was in Jail I would talk to his
mom every couple of months to see how things were
going.
   On July 5th 2007 George called me on my cell phone and
told me he was out of Jail and I should come to
ct. to work with him I drove down to ct. By
myself and got to George's house around 5 or 6pm
That night I got high on Marijuana and George MS

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my
knowledge and belief.
Witness: ▓▓▓▓  486                    Signature: X ▓▓▓▓▓▓▓▓▓
                                      Signature:
nally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.
n ctarized, endorse here:

DPS-830-C-1 Rev. 7/95

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

Case Number 07-394371

STATEMENT OF ███████████ (Cont.)

was drinking beer at his house. Again George mentioned getting hookers to come over. I agreed but I asked George about being tied up. The first time George said it was because I was only 16. Now I was 18 years old. George said it wasn't the same girls. George had me tie myself up and I layed on the bed. It was the same all over again. The door squeaked and somebody started blowing me. I never came and again I felt the parson leave. I tried to see who it was but I couldn't see. The person eventually left the room and I untied myself. I slept on the floor next to the bed.

I did some small jobs for George and eventually met George's son ████.

One night we were out watching fire works on George's Boat. I was on the boat with ████ his girlfriend, George, ████ and Tom Flynn. I was smoking and George had bought beer for everybody. Later that night at ████ girlfriend's house ████ was telling me about his father's past. ████ told me how his father would tell guys hookers were coming over but they had to be tied up and blindfolded. ████ said that then MS

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Wi_____ 486                    Signature: _____

Wi_____                         Signature: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

If notarized, endorse here: _____

DPS-530-C-1 Rev. 7/95

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

Case Number 07 - 34 4371

STATEMENT OF ▮▮▮▮▮▮▮▮▮▮▮▮▮ _____ (Cont.)

his Father would have sex with the guys I told
▮▮▮▮ The same Thing happened to me.
I told people in Deposit N.Y. what had happened
to me. I told the police at home what happened and
I told ▮▮▮▮▮▮▮▮ my girlfriend.
Thinking Back I know it was George who Blew me.
I never heard anyone else at the house. I confronted
George and he denied it.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Signature: ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮

Signature: ▮▮▮▮▮▮

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

If notarized, endorse here: _____

CFS 07-00394371

Voluntary Statement

STATE OF NEW YORK
COUNTY OF BROOME
Village of Deposit

Date 08-06-07 Time 2110

Place: Deposit Police Dept.

I ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, residing at ▓▓▓▓▓▓▓▓▓ in the Village of Deposit Make the following statement of my own free will.

I ▓▓▓▓▓▓▓ met George Lenhart back in 2006 through an ad in the paper he offered me a job and I accepted it. That same night we went partying. George bought me a case of beer, some Mad Dog 20/20 and some Brandy. We got really drunk together and he said he was going to buy some hookers for the night. I was about passed out on his bed when he came in and told me the only way these girls will do anything with me is if I was blind folded and my hands tied behind my back because of my age. So I said ok so well I was lying there on the bed my hands were tied and the blindfold was over my eyes I heard a door open the blankets came off from me and someone was giving oral sex to me. I worked with George for about a week after that then he violated parole and went to jail for 9 months I have stopped at his house while he was in jail to see if his mom needed help with anything. Then about 2 months ago I got a call from George saying he was out of jail and wanted me up there to work so I went back up there stayed about a week. The night before I left his house he got me drunk again and offered the hookers over again so it all happened all over again with the oral sex but that night he offered me something in this tube that would make me hallucinate and I turned it down. Then I brought my friend ▓▓▓▓▓▓▓▓ up to George's house to work with me and my girlfriend ▓▓▓▓▓▓▓ which I had her stay over at a friends house her name is ▓▓▓▓▓▓▓▓▓ and there were a lot of problems then I ended up staying with her in my car because George wouldn't let her stay there so the only time I had a chance to hang with George at that time was when the fireworks and everything were going on at the marina in Groton George went to the store to buy some southern comfort and a 12 pack of beer so we sat on the boat and drank some beer. Then I went home to NY the next day and he had me bring ▓▓▓▓▓ back up about a weeks later I have no idea what has happened since then.

Notice
( Penal Law Sec.210.45 )

IT IS A CRIME, PUNISHABLE AS A CLASS "A" MISDEMEANOR UNDER THE LAWS OF THE STATE OF NEW YORK, FOR A PERSON, IN AND BY A WRITTEN INSTRUMENT, TO KNOWINGLY MAKES A FALSE STATEMENT, OR MAKE A STATEMENT WHICH SUCH PERSON DOES NOT BELIEVE TO BE TRUE.

I have read this statement consisting of ___I___ page (s) and the facts contained therein are true and correct.
Signed and Affirmed this
06 Day of August, 2007

Signature




DEFENDANT'S
EXHIBIT
539
3:09CV09(HBF)

ARREST WARRANT APPLICATION
JD-CR-64b   Rev. 10-04
C.G.S. §54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.state.ct.us

| FOR COURT USE ONLY |
| SUPPORTING AFFIDAVITS SEALED |
| ☐ YES   ☐ NO |

| | AGENCY NAME | AGENCY NO. |
| C. r. 0700491385 | CSP - EDMC | EDMC |

| NAME AND RESIDENCE   (Town)  OF ACCUSED | COURT TO BE HELD AT   (Town) | G.A. NO. |
| LENIART, GEORGE MICH̶̶̶̶̶̶  Montville CT | | |

Race: White    Sex: Male

**APPLICATION FOR ARREST WARRANT**

D.O.B: ▓▓▓▓

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the:   ☐ AFFIDAVIT BELOW.   ☐ AFFIDAVIT(S) ATTACHED.

| DATE AND SIGNATURE | DATE  *12-5-07* | SIGNED  *(Prosecuting Authority)* | TYPE/PRINT NAME OF PROSECUTING AUTHORITY  *LAWRENCE J. TYTLA* |

**AFFIDAVIT**

The undersigned affiant, being duly sworn, deposes and says:

1- That the undersigned affiant, Detective Michael Hoagland #647, is a member of the Connecticut State Police and has been a member of said department since August 28th 1998 and at all pertinent times mentioned herein, was acting in his official capacity as a member of said department.  That the affiant is presently assigned to The Eastern District Major Crime Squad at Troop E in Montville.  That the affiant has had training and has investigated numerous crimes against persons and property.  That this affiant has investigated numerous crimes to include; murder, robbery, sexual assault and others and that these efforts have led to arrest and subsequent convictions for those crimes.  That the following facts and circumstances a   tated from personal knowledge, observation and investigation as well as from information received from other officers acting in their official capacity.

2- That based upon the nature of this investigation and in compliance with section 54-86e of the Connecticut General Statues, victim #1, a seventeen (17) year old white male, with a D.O.B. of ▓▓▓▓ will be referred to as, victim # 1 throughout the body of this affidavit. Victim #2, a eighteen (18) year old white male with a D.O.B. of ▓▓▓▓ will be referred to as, victim #2 throughout the body of this affidavit.

3- That on 11-21-07 at approximately 1700hrs victim #1 was at the State Police Barracks, Troop E after being arrested on an unrelated case.  The victim was processed according to State Police policies and issued his Miranda Rights utilizing notice of right form JD-CR-5, which he read and signed witnessed by Off. Moorehead

| (This is page   1   of a   5   page Affidavit.) | | |
| DATE AND SIGNATURE | DATE  *12-4-07* | SIGNED  *(Affiant)*  *DET. ▓▓ #647* |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON   (Date)  *12/4/07* | SIGNED  *(Judge/Clerk, Comm. Sup. Ct. Notary Public)*  *103* |

**FINDING**

foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and sidered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE AND SIGNATURE | SIGNED AT   (City or Town)  *NEW LONDON* | ON   (Date)  *12/6/07* | SIGNED  *(Judge/Judge Trial Referee)* | NAME OF JUDGE/JUDGE  *HANDY* |

DEFENDANT'S
EXHIBIT
540
3:09CV09(HBF)

ARREST WARRANT AFFIDAVIT · INSTRUCTIONS STATE OF CONNECTICUT
CONTINUATION PAGE *The jurat is to be completed for each page of the affidavit.* SUPERIOR COURT
JD-CR-94a    Rev. 10-04 *The prosecutorial official and judge/judge trial referee are to date*
\.G.S §54-2a *and sign or initial each page to indicate that they have reviewed it.*
ec. 36-1, 36-2, 36-3
Cr ── #: 0700491385

| NAME AND RESIDENCE  (Town)  OF ACCUSED | | COURT TO BE HELD AT  (Town) | G.A. NO. |
|---|---|---|---|
| LENIART, GEORGE MICH███████  Montville CT | | | |
| Race:  White    Sex  Male | AFFIDAVIT | D.O.B: █████ | |

The undersigned affiant, being duly sworn, deposes and says:

EC-52 with the Montville Police Department. While in custody and during the regular coarse of processing, victim #1 requested to speak with me about an unrelated incident.

4- That after processing I spoke with victim #1 in the interview room at Troop E. Victim #1 was issued the Notice and Waiver of Rights form DPS-362 which he read signed and initialed. I then spoke victim #1 about this incident.

5- Victim #1 explained that during the summer of 2007 he worked for and lived with a guy by the name of George Leniart DOB ███████ who lives at ████████████ Montville, CT. Victim #1 was involved with Leniart for approximately two months from mid July through mid September 2007. During this time frame victim #1 consumed large quantities of alcohol and drugs, including marijuana and prescription medication which was provided by Leniart. Victim #1 and Leniart continued consuming alcohol and drugs daily until one night. Victim #1 explained that he had passed out due to being over served alcohol or being drugged by ____art. Victim #1 recalls passing out in the shower of Leniart's home. As victim #1 regained consciousness he was being sexually assaulted by Leniart.

6- That I then obtained an eight page signed written statement victim #1 who stated, among other things, that he was released from prison on July 10th, 2007. He was contacted by victim #2, who was a friend he grew up with. Victim #2 had explained that he was working construction for a guy named George who also had a job for victim #1. On 07-17-07 victim #2 drove victim #1 down to ██████████████ Montville, CT. There victim #1 met George Leniart who offered him the job. Leniart also let victim #1 stay at his house while he worked for him. Victim #1 and victim #2 worked together with Leniart for approximately one week until victim #2 left the state. Once victim #2 left Connecticut, Leniart and victim #1 began partying everyday after work. Victim #1 explained that they partied hard. Since victim #1 was only seventeen (17) and did not have an ID., Leniart would buy cases of Busch beer, Southern Comfort, and peach Bacardi liquor. On many occasions Leniart bought marijuana and prescription drugs. Victim #1 recalls Leniart buying drugs from a black male that works at the Chucky's Mobil on Rte 32 in Montville approximately six (6) times. Victim #1 explained that they had gone to the Chucky's Mobil a few times. A few other occasions the black male met both of them at the old marina just down from Leniart's house. Victim #1 stated it was like a dream. He had a job, with a boss who bought him beer, liquor, and drugs and partied all the time.

| This is page  2  of a  5  page Affidavit. | | SIGNED  (Affiant) | |
|---|---|---|---|
| AND  lATURE | DATE  12-04-07 | DET _____ 647 | |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON  (Date)  12/9/07 | SIGNED  (Judge/Clerk  Comm. Sup. Ct  Notary Public) | |
| REVIEWED  (Prosecutorial Official) | DATE  12-5-07 | REVIEWED  (Judge  Trial Referee) | DATE 12/6/07 |

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE

JD-CR-64a    Rev. 10-04
C.G.S. 54-2a
Sec. 36-1, 36-2, 38-3

INSTRUCTIONS

The jurat is to be completed for each page of the affidavit.
The prosecutorial official and judge/judge trial referee  are to date
and sign or initial each page to indicate that they have reviewed it.

STATE OF CONNECTICUT
SUPERIOR COURT

CFS #: 0700491385

| NAME AND RESIDENCE  (Town)  OF ACCUSED | COURT TO BE HELD AT  (Town) | G.A. NO. |
|---|---|---|
| LENIART, GEORGE MICH████████████  Montville CT | | |

Race:  White       Sex  Male            AFFIDAVIT              D.O.B: ████████

The undersigned affiant, being duly sworn, deposes and says:

7- That everything was going well until one night.  Victim #2 had returned to Montville and was at Leniart's house.  They were all behind Leniart's shed smoking marijuana inside of a blue Ford Taurus when two  police cars pulled into the driveway.  Leniart instructed them to climb out of the car's windows and run.  Leniart and victim #1 ran through the woods and hid.  As the police left victim #1 and Leniart returned to the house.  They then both left the area in Leniart's truck.  Leniart drove for about twenty minutes and arrived at an old Indian reservation.  Victim #1 had been to the property once before and has known Leniart to store construction equipment there.  While they were driving and once at the trailer victim #1 became very concerned for his safety.  Victim # 1 explained that Leniart was very nervous and was acting freaky.  Leniart was making comments along the lines of, he was never going back to jail.  Leniart's demeanor began to make victim #1 real uncomfortable to the point where he thought Leniart might harm him.  As they entered the camper victim #1 stated that Leniart opened a brown box and pulled out two assault rifles that Leniart referred to as AK-47s.  Leniart attempted to hand one to victim #1 and made the comment, "Lets go kill some cops".  Victim #1 lied that he wanted nothing to do with guns or killing anyone and he wasn't going to prison for murder.  After that night they went back to working everyday and partying like usual.

8- That victim #1 then explained about the incident that occurred on September 12th, 2007.  He was certain of the date due to the traumatic nature of the event.  As victim #1 started to explain the incident he became visibly disturbed.  His physical demeanor became closed up and defensive and his faced flushed with color.  I also observed his eyes fill with tears as he placed both hands over his face and leanded forward placing his elbows on his knees.  Victim #1 apologized for his actions and attempted to gain his composure.  Victim #1 stated that he thinks about the incident everyday and can't make it go away.  After victim #1 regained himself he explained that he and Leniart worked all day and again after work, started partying like usual.  Victim #1 was at Leniart's house and he was drinking and smoking marijuana.  Victim #1 then got up and went to take a shower.  At some point during the shower victim #1 passed out.  When victim #1 woke up he realized he was lying on Leniart's bed completely naked.  Victim #1 recalls feeling like he was almost dreaming because he couldn't believe what he was seeing.  As victim #1 looked down he observed Leniart to be performing oral sex on him.  Victim #1 described Leniart to be completely naked and was straddling the victims lower half.  As Leniart was performing oral sex on victim #1 Leniart was also stroking his own erect penis and masturbating.  Victim almost didn't believe what was happening to him.  Due to being groggy victim #1 thought he was

| This is page  3  of a  5   page Affidavit.) | | | |
|---|---|---|---|
| NAME AND SIGNATURE | DATE  12-04-07 | SIGNED  (Affiant)  647 | |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON   (Date)  12/4/07 | SIGNED  (Judge, Clerk, Comm. Sup. Ct, Notary Public)  103 | |
| REVIEWED   (Prosecutorial Official) | DATE  12-5-07 | REVIEWED   (Judge/ Judge Trial Referee) | DATE  12/6/07 |

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-54a   Rev. 10-04
G S § 54-2a
'ec. 36-1, 36-2, 36-3

INSTRUCTIONS
*The jurat is to be completed for each page of the affidavit.*
*The prosecutorial official and judge/judge trial referee are to date*
*and sign or initial each page to indicate that they have reviewed it.*

STATE OF CONNECTICUT
SUPERIOR COURT

C, □ #: 0700491385

| NAME AND RESIDENCE   *(Town)*   OF ACCUSED | COURT TO BE HELD AT  *(Town)* | G.A. NO. |
|---|---|---|
| LENIART, GEORGE MICH███████████  Montville CT | | |

Race:  White        Sex: · Male        AFFIDAVIT        D.O.B: ████████

The undersigned affiant, being duly sworn, deposes and says:

dreaming and could not figure things out.  When victim #1 did realize what was happening he freaked out jumped up and left the room.  Victim #1 got dressed and ran out of the house.· Victim # 1 then walked around for a few hours and was trying to compose himself.  He couldn't help feeling twisted, violated and disgusted and didn't know what to do.  Victim #1 also realized that he had no money and no where else to go and eventually returned to the house.  Upon arrival Leniart was waiting for victim #1.  Leniart attempted to convince victim #1 that its was all right to be bisexual.  Victim #1 informed Leniart that he wanted nothing to . do with it at which point Leniart entered his bedroom where he stayed for the night.  While explaining the incident to me victim #1 became upset·and emotional numerous times.  Victim #1 stated that he was so mad and·disturbed about the incident that if he had a gun that night he would have killed Leniart.  Victim #1 Informed me that·he had cried about this incident too much and just wants to get it behind him.

9- That the next day they both worked as usual.  After work they both returned to Leniart's house and were partying.  At one point Leniart attempted to bring victim #1 into his room.  Victim #1 informed Leniart that he ....ed nothing to do with it, which led to Leniart wrestling with victim #1.  During this victim #1 shoved Leniart which resulted in Leniart  injuring his elbow.  Leniart then left victim #1 alone after that.

10- That while speaking to victim #1 I asked if he had mentioned this to anyone else.  Victim #1 informed me that he had talked about the incident with victim #2.  Victim #2 explained that Leniart had gotten him intoxicated and offered to get some hookers to the house for both of them.  Leniart informed victim #2 that he would have to be tied up and blind folded due to his age.  Victim #2 agreed and described that he received oral sex from an unknown hooker that had hairy legs.  After the incident victim #2 was informed·by ███████ the son of George Leniart, that the alleged hooker was actually George Leniart himself who had performed oral sex on him.

11- That after speaking with victim #2, victim #1 recalled being warned by victim #2 about Leniart.  Victim #2 instructed him not to agree to hookers if he was asked if he wanted any.  This was mentioned right before victim #2 left the state back in July, 2007.  Victim #1 did not take victim #2 seriously and didn't think anything of it at the time but now wishes he questioned the comment.

12- That on 11-29-07 at approximately 1030hrs members of this office and I proceeded ██████

| This is page   4   of a   5   page Affidavit.) | | | | |
|---|---|---|---|---|
| . AND NATURE | DATE  12 - 04 - 07 | .SIGNED  *(Affiant)*  DET ███████ 647 | | |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON   *(Date)*  12/4/07 | SIGNED  *(Judge, Clerk, Comm. Sup. Ct., Notary Public)*  10S | | |
| REVIEWED  *(Prosecutorial Official)* ███ | | DATE  12-5-07 | REVIEWED  *(Judge/ Judge Trial Referee)* | DATE  12/6/07 |

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-84a    Rev. 10-04
C.G.S §54-2a
Sec. 36-1, 36-2, 36-3

INSTRUCTIONS
*The jurat is to be completed for each page of the affidavit.*
*The prosecutorial official and judge/judge trial referee are to date*
*and sign or initial each page to indicate that they have reviewed it.*

STATE OF CONNECTICUT
SUPERIOR COURT

C___ #: 0700491385

| NAME AND RESIDENCE  *(Town)* OF ACCUSED | COURT TO BE HELD AT  *(Town)* | G.A. NO. |
|---|---|---|
| LENIART, GEORGE MICH████████████ Montville CT. | | |
| Race:  White    Sex:  Male          **AFFIDAVIT** | D.O.B: ████ | |

The undersigned affiant, being duly sworn, deposes and says:

Colchester, CT. This land is owned by Julia Piper DOB █████ who resides on the property and is a member of the Golden Hill Pagaussetts Indians. Upon our arrival we spoke with Piper and close friend, Denis Dodier DOB █████ of █████████ Colchester, CT. Piper and Dodier stated that they were familiar with Leniart and had known him for years. Both stated that Leniart had been to the property during the summer and had seen him in August with a younger boy that was working with him. At that point Piper and Dodier viewed a photograph of victim #1 and identified him as the boy who was with Leniart this summer. Piper informed us that Leniart utilizes a large white camper trailer on the property to store building materials and gutter supplies. We explained to Piper and Dodier that we had obtained information from victim #1 concerning assault weapons possibly being stored in the trailer. Piper assured us that there was no assault weapons in the trailer and granted us access to the trailer. Piper also granted consent to numerous other camper trailers that were on the property in the area of the described camper trailer. As we conducted a search of the mentioned camper trailer we observed building materials and gutter supplies described by victim #1. Although no assault weapons were discovered during the search, the trailer and surrounding area _____ the detailed description provided by victim #1.

13- That on 12-03-07 a criminal history check of George Michael Leniart DOB █████ was ran through SPRC and NCIC. This records check indicates the accused, Leniart is a convicted felon and has been arrested numerous times for Sexual Assault 2nd Degree, Sexual assault 4th Degree, Assault 1st, Assault 2nd Degree, Assault 3rd Degree, Risk of Injury to a Minor, Reckless Endangerment, Illegal delivery of Alcohol to a Minor, Illegal Possession of Narcotics, Threatening, Breach of Peace, and Failure to Appear 2nd Degree.

14- That based upon the facts and circumstances as set forth above, I request that an arrest warrant be issued for the accused, George Michael Leniart DOB █████ of █████████████ Montville, CT.

| This is page 5 of a 5 page Affidavit.) | | |
|---|---|---|
| .E AND GNATURE | DATE 12-04-07 | SIGNED  *(Affiant)*  ___ 647 |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON  *(Date)*  12/4/07 | SIGNED  *(Clerk, Comm. Sup. Ct., Notary Public)*  03 |
| REVIEWED  *(Prosecutorial Official)* | DATE 12-5-07 | REVIEWED  *(Judge / Judge Trial Referee)*  DATE 12/6/07 |

*NEW*

**MITTIMUS** JD-CR-38 Rev. 10-01

C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76, 18-82, 54-2a, 54-84b, 54-92a, 54-96b, 54-97, 54-98
Bk. Sec. 43-17 to 43-20

☐ JUDGMENT ☐ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a
TO: Any Proper Officer    **TRANS TO PART A**

INSTRUCTIONS TO CLERK
Prepare a separate Mittimus for each file.
TO OFFICER
Original to receiving facility; return copy to court.

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.state.ct.us

250010

| DATE OF DISPOSITION | | |
|---|---|---|

| DOCKET NO. | NAME OF DEFENDANT | DATE OF BIRTH | DATE SENTENCE TO BEGIN (If different) |
|---|---|---|---|
| CR95-64895 | LENIART, George | | |

NAME AND LOCATION OF RECEIVING FACILITY
Department of Corrections

NAME AND LOCATION OF COURT
GA#10, 112 Broad St, New London, CT

☐ CRIME(S) CONVICTED
☒ CRIME(S) CHARGED

| | 1ST COUNT - STATUTE NO. 53a-32 Viol of Probation | DATE OF OFFENSE 1/12/02 | 2ND COUNT - STATUTE NO. | | DATE OF OFFENSE |
|---|---|---|---|---|---|
| | 3RD COUNT - STATUTE NO. | DATE OF OFFENSE | 4TH COUNT - STATUTE NO. | | DATE OF OFFENSE |
| | 5TH COUNT - STATUTE NO. | DATE OF OFFENSE | 6TH COUNT - STATUTE NO. | | DATE OF OFFENSE |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

COUNTS AND TERMS (If execution of portion of sentence is suspended, show only time to be served.)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| | | | | | | |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. (A defendant may not be incarcerated for failing to pay fees or costs.)

COUNTS AND FINES (Show only unpaid portion of fines)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ The Defendant is entitled to sentence credit of
☐ The foregoing credit includes _____ days of credit for pretrial confinement at a police or courthouse lockup.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

TO BE HELD AT (Name and address of court))
Part A, 70 Huntington ST, NEw London, CT

☒ J.D. ☐ G.A.
ON (Date) 1/28/02
SURETY BOND AMOUNT $500,000.00c/s

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

SIGNED (Assistant Clerk)
Mary H. Carell
By Order of the Court
ON (Date) 1/14/02

RECEIVING FACILITY TIME STAMP
99:1 d hi NVr Z002

ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT
Delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY
Department of Corrections
TITLE OF DELIVERING OFFICER

SIGNATURE OF DELIVERING OFFICER
SIGNATURE OF

DEFENDANT'S EXHIBIT
542
3:09CV09(HBF)

STATE OF CONNECTICUT
SUPERIOR COURT

Continuance Mittimus — Failure to Meet Conditions of Release
JD-CR-36A   1/93                                                              Page: 1

TO: ANY PROPER OFFICER

Docket Number:    K10K-CR02-0264786-S                    DOB:
Defendant Name:   LENIART GEORGE M.                      Race: C    Sex: M

Committing Court: GA 10 COURTHOUSE
                  112 BROAD STREET
                  NEW LONDON, CT 06320 5785

Charges Pending as of Mittimus Date:                         Offense Date:

   53-21        RISK OF INJURY TO CHILD           F C   01/12/2002

Special Conditions:

     Whereas it is ordered that said case be continued and/or transferred for
future proceedings before said court to be held at the court location shown
above or at (clerk to complete address of court if different):

     Amount of Bond: $500,000 SE/       Next Hearing Date: 01/28/2002

     BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to
deliver said defendant to the custody of the Commissioner of Correction and
said Commissioner is hereby commanded to receive and keep said defendant for
the period fixed by said order or until legally discharged.

Signed:                                              Date: 1/14/02

                                   Receiving Facility Time Stamp

Signature of Receiving Officer:

DEFENDANT'S
EXHIBIT
543
3:09CV09 (HBF)

**MITTIMUS** JD-CR-38 Rev. 10-01
C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76, 54-2a, 54-64b, 54-92a, 54-96b, 54-97, 54-98 k. Sec. 43-17 to 43-20

INSTRUCTIONS TO CLERK
*Prepare a separate Mittimus for each file.*
TO OFFICER
*Original to receiving facility; return copy to court.*

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.state.ct.us

☒ JUDGMENT   ☐ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a
TO: Any Proper Officer

DATE OF DISPOSITION
250010

DATE SENTENCE TO BEGIN *(if different)*
6-11-02

| DOCKET NO. K10KCR02-264726S | NAME OF DEFENDANT LENIART GEORGE MICHAEL | DATE |
|---|---|---|

NAME AND LOCATION OF RECEIVING FACILITY
COMMISSIONER OF CORRECTIONS

NAME AND LOCATION OF COURT
GA10  112 Broad St. New London, CT  To Huntington

| | 1ST COUNT - STATUTE NO. 53-21 RISK OF INJURY TO CHILD (1) | DATE OF OFFENSE 1-12-02 | 2ND COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|
| ☒ CRIME(S) CONVICTED | 3RD COUNT - STATUTE NO. | DATE OF OFFENSE | 4TH COUNT - STATUTE NO. | DATE OF OFFENSE |
| ☐ CRIME(S) CHARGED | 5TH COUNT - STATUTE NO. | DATE OF OFFENSE | 6TH COUNT - STATUTE NO. | DATE OF OFFENSE |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

**JUDGMENT MITTIMUS**

| COUNTS AND TERMS *(If execution of portion of sentence is suspended, show only time to be served.)* | | | | | | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| First | Second | Third | Fourth | Fifth | Sixth | 4 years |
| 4 years | | | | | | |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

Count 1 concurrent with CR95-64895T

TES 4 YEARS TO SERVE ON THIS FILE WITH 6 YEARS SPECIAL PAROLE

JAIL CREDIT 01-12-02 to 06-11-02

*(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)*

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. *(A defendant may not be incarcerated for failing to pay fees or costs.)*

| COUNTS AND FINES *(Show only unpaid portion of fines)* | | | | | | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| First | Second | Third | Fourth | Fifth | Sixth | |

☐ The Defendant is entitled to sentence credit of
☐ The foregoing credit includes _____ days of credit for pretrial confinement at a police or courthouse lockup.

**TRANSFER OR CONTIN.**

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

TO BE HELD AT *(Name and address of court)*   ☐ J.D.  ☐ G.A.   ON *(Date)*   SURETY BOND AMOUNT

**ORDER**

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

HANDY, J

SIGNED *(Assistant Clerk)*   By Order of the Court   ON *(Date)* 6-11-02

RECEIVING FACILITY TIME STAMP
2002 JUN 11 P 2:48

ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT
I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY
CORRIGAN C.I.

TITLE OF DELIVERING OFFICER
JM

SIGNATURE OF DELIVERING OFFICER   SIGNATURE

DEFENDANT'S EXHIBIT
544
3:09CV09(HBF

**MITTIMUS** JD-CR-38 Rev. 10-01

^ G.S. §§ 18-23, 18-83, 18-85, 18-85a, 18-73, 18-76, 82, 54-2a, 54b, 54-92a, 54-96b, 54-97, 54-98

r. Bk. Sec. 43-17 to 43-20

*INSTRUCTIONS TO CLERK*
*Prepare a separate Mittimus for each file.*
*TO OFFICER*
*Original to receiving facility; return copy to court.*

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

[X] JUDGMENT  [ ] CONTINUANCE
[ ] FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a

TO: Any Proper Officer

| | |
|---|---|
| DATE OF DISPOSITION | 250010 |

DATE OF BIRTH ▓▓▓▓

DATE SENTENCE TO BEGIN *(If different)*

DOCKET NO. KNLCR95-64895T

NAME OF DEFENDANT LENTART GEORGE MICHAEL

NAME AND LOCATION OF RECEIVING FACILITY
COMMISSIONER OF CORRECTIONS

NAME AND LOCATION OF COURT
70 Huntington New London, CT NLJD

| | 1ST COUNT - STATUTE NO. 53a-32 VIOLATION OF PROBATION | DATE OF OFFENSE 1-4-02 | 2ND COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|
| [ ] CRIME(S) CONVICTED | 3RD COUNT - STATUTE NO. | DATE OF OFFENSE | 4TH COUNT - STATUTE NO. | DATE OF OFFENSE |
| [ ] CRIME(S) CHARGED | 5TH COUNT - STATUTE NO. | DATE OF OFFENSE | 6TH COUNT - STATUTE NO. | DATE OF OFFENSE |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

**COUNTS AND TERMS** *(If execution of portion of sentence is suspended, show only time to be served.)*

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 4yrs | | | | | | 4 yrs |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

OFFENSE DATE: XXXXXXX  11-27-95 SEXUAL ASSAULT 2nd DEGREE 53a-71
11-27-95 RISK OF INJURY TO CHILD
Count 1 concurrent with CR02-264726S
TES: 4 years to serve on this file

Jail Credit from 01-12-02 to 06-11-02

*(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)*

[ ] And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. *(A defendant may not be incarcerated for failing to pay fees or costs.)*

**COUNTS AND FINES** (Show only unpaid portion of fines)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |

[ ] The Defendant is entitled to sentence credit of _____
[ ] The foregoing credit includes _____ days of credit for pretrial confinement at a police or courthouse lockup.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

| TO BE HELD AT *(Name and address of court)* | [ ] J.D. [ ] G.A. | ON *(Date)* | SURETY BOND AMOUNT |
|---|---|---|---|

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

HANDY, J

| SIGNED *(Assistant Clerk)* _____ — By Order of the Court | ON *(Date)* 6-11-02 |
|---|---|

RECEIVING FACILITY TIME STAMP
2002 JUN 11 P 2:49

**ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT**
I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY
CORRIGAN C.I.

TITLE OF DELIVERING OFFICER

SIGNATURE OF DELIVERING OFFICER

DEFENDANT'S EXHIBIT
545
3:09CV009 (HBF)

Def. Missouri

**APPLICATION AND WRIT**
**HABEAS CORPUS**

JD-CR-60  Rev. 9-98  C.G.S. § 18-51a

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.state.ct.us

☐ AD TESTIFICANDUM
(Prisoner in State Jail or Prison,
required as witness)

☒ AD RESPONDENDUM
(Prisoner in State Jail or Prison,
required as defendant in criminal action)

☐ AD PROSEQUENDUM
(Prisoner in Federal Penitentiary,
required as witness or defendant)

*INSTRUCTIONS TO PREPARER*
*1.  Prepare on typewriter or print firmly with a ball point pen.*
*2.  File original and two copies with the court, retain last copy*
*for your records.*

TO: The Superior Court

| COURT APPEARANCE DATE AND TIME | |
|---|---|
| 8/24/2004   10:00 | |

| ADDRESS OF COURT | | APPLICATION DATE |
|---|---|---|
| 1 Courthouse Sq., Norwich, CT 06360 | ☐ J.D.  ☒ G.A. NO. __21__ | 8/18/2004 |

| NAME OF CASE | | DOCKET NO. |
|---|---|---|
| George Laniart   Inmate #250010   Major Crime Troop E | | Issue Warrant |

| NAME OF PRISONER (Only if prisoner required as witness) | DATE OF BIRTH | PLACE OF CONFINEMENT |
|---|---|---|
| | ▓▓▓▓▓ | Brooklyn CC |

CRIME(S) CHARGED (Only if prisoner required as defendant)
53a-71, 53-21, 53a-20

REASON FOR COURT APPEARANCE
☒ ARRAIGNMENT    ☐ PRE-TRIAL    ☐ TRIAL    ☐ OTHER (Specify)   Issue Warrant

**A P P L I C A T I O N**

The undersigned Assistant State's Attorney of said Court hereby deposes and says:

☐ AD TESTIFICANDUM
1. on information and belief, that said prisoner is presently confined in the above place of confinement;
2. that said prisoner's testimony is needed in said case.

☒ AD RESPONDENDUM
1. on information and belief, that said prisoner is presently confined in the above place of confinement;
2. on information and belief, that said prisoner is charged in said court with the crime(s) shown above.

☐ AD PROSEQUENDUM
1. on information and belief, that said prisoner is presently confined in the above place of confinement;
☐ 2a. that said prisoner's testimony is needed in said case:
☐ 2b. on information and belief, that said prisoner is charged in said court with the crime(s) shown above;
3. all costs incident to the production of said prisoner will be born by the State of Connecticut;
4. the authority to so produce said prisoner has been granted by the Department of Justice, Bureau of
Prisons, of the United States of America. (*Letter of authority must accompany application*)

Wherefore, the undersigned requests that a Writ of Habeas Corpus be issued, ordering the person by whom said prisoner is confined to produce the body of said prisoner before said court to be held at the above address on said Court Appearance Date and Time noted above.

| SIGNED (Assistant State's Attorney for said court) | FAX NUMBER |
|---|---|
| | 889-0351 |

| SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) | SIGNED (Judge, Assistant Clerk, Comm. Sup. Ct., Notary Public) |
|---|---|
| 8/18/2004 | |

**O R D E R**

Upon the within application and affidavit, let the Writ of Habeas Corpus be issued.

| BY ORDER OF THE COURT (Name of Judge) | DATE OF ORDER | SIGNED (Assistant Clerk) |
|---|---|---|
| Strackbain | 8/18/2004 | |

TO:  The person by whom said prisoner is confined, AND, if said prisoner is confined in a federal penitentiary, to
the United States Marshall for the District of Connecticut.

**W R I T**

By authority of the State of Connecticut, you are hereby commanded to bring the body of said prisoner under safe and secure conduct, before the said court, to be held at the above address on said Court Appearance Date and Time noted above, and, immediately after said prisoner has given testimony and evidence therein; or the proceeding in said case sha be otherwise terminated, to return said prisoner under safe and secure conduct. And have you then and there this writ.

| DATED AT (Town) | ON (Date) | SIGNED (Assistant Clerk) |
|---|---|---|
| Norwich | 8/18/2004 | |

DEFENDANT'S
EXHIBIT
546
3:09CV09(HBF)

DISTRIBUTION: ORIGINAL - Court        COPY1 - Return with Prisoner        COPY2 - Jail or Prison        COPY3

STATE OF CONNECTICUT
SUPERIOR COURT

Continuance Mittimus — Failure to Meet Conditions of Release
CR-38A   1/93                                                            Page:  1

TO:  ANY PROPER OFFICER                    250010

---

Docket Number:    K21N-CR04-0098626-S
Defendant Name:   LENIART GEORGE M                    DOB:
                                                       Race: C    Sex: M

Committing Court: GA 21 COURTHOUSE
                  1 COURTHOUSE SQUARE
                  NORWICH, CT 06360 5706

---

Charges Pending as of Mittimus Date:                Offense Date:

    53a-70        SEXUAL ASSAULT 1ST DEG        F B   10/01/1991
    53-21         RISK OF INJURY TO CHILD       F C   10/01/1991

Special Conditions: *No contact whatsoever with Complainent*

---

    Whereas it is ordered that said case be continued and/or transferred for
future proceedings before said court to be held at the court location shown
above or at (clerk to complete address of court if different):

    Amount of Bond: $100000 SE       Next Hearing Date: 09/03/2004

---

    BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to
deliver said defendant to the custody of the Commissioner of Correction and
said Commissioner is hereby commanded to receive and keep said defendant for
the period fixed by said order or until legally discharged.

Signed: *CBrinardo*                        Date: *8-24-74*

                                  Receiving Facility Time Stamp

---

Signature of Receiving Officer:

MITTIMUS   JD-CR-38 Rev. 4-07
C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76,
54-2a, 54-84b, 54-92a, 54-96b, 54-97, 54-98
P.K. Sec. 43-17 to 43-20, 44-10, 44-10A

☒ JUDGMENT   ☐ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS
   OF RELEASE UNDER 54-2a
TO: Any Proper Officer

*INSTRUCTIONS TO CLERK*
*Prepare a separate Mittimus for each file.*
*TO OFFICER*
*Original to receiving facility; return copy to court.*

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| DATE OF DISPOSITION |
|---|
| 06/22/2010 |

| DOCKET NO. | NAME OF DEFENDANT | DATE OF BIRTH | DATE SENTENCE TO BEGIN *(If different)* |
|---|---|---|---|
| KNLCR08-0296666T | LENIART, George | | |

| NAME AND LOCATION OF RECEIVING FACILITY | INMATE NO. *(If available)* | NAME AND LOCATION OF COURT |
|---|---|---|
| DOC | 250010 | New London JD 70 Huntington St. New London 06320 |

| | 1ST COUNT - STATUTE NO. | DATE OF OFFENSE | 2ND COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|
| ☒ CRIME(S) CONVICTED | 53a-54b(5) -- Capital Felony | 05/29/1996 | 53a-54b(7) -- Capital Felony | 05/29/1996 |
| | 3RD COUNT - STATUTE NO. | DATE OF OFFENSE | 4TH COUNT - STATUTE NO. | DATE OF OFFENSE |
| ☐ CRIME(S) CHARGED | 53a-54b(9) -- Capital Felony | 05/29/1996 | 53a-54a(a) -- Murder | 05/29/1996 |
| | 5TH COUNT - STATUTE NO. | DATE OF OFFENSE | 6TH COUNT - STATUTE NO. | DATE OF OFFENSE |
| | n/a | n/a | n/a | n/a |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

COUNTS AND TERMS *(If execution of portion of sentence is suspended, show only time to be served.)*

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| Life w/o possibility of Release | | | | — | | Life w/o possibility of Release |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

Counts 1-4 merged
Appeal Bond - $2,000,000.00 C/S. * If met, must be posted
at New London JD 70 Huntington St. New London 06320

*(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)*

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. *(A defendant may not be incarcerated for failing to pay fees or costs.)*

COUNTS AND FINES *(Show only unpaid portion of fines)*

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | $0.00 |

☐ The Defendant is entitled to sentence credit of _____
☐ The foregoing credit includes _____ days of credit for pretrial confinement at a police or courthouse lockup.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

☐ Defendant to appear by interactive audiovisual device. (As permitted by Practice Book §§ 44-10 and 44-10A.)

| TO BE HELD AT *(Name and address of court)* | ON *(Date)* | SURETY BOND AMOUNT |
|---|---|---|
| | ☐ J.D. ☐ G.A. | |

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is willful.

| SIGNED *(Assistant Clerk)* | BY Order of the Court | ON *(Date)* | RECEIVING FACILITY TIME STAMP |
|---|---|---|---|
| (Jonathan J.) Moran for court clerk | | 06/22/2010 | |

ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT

I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

DEFENDANT'S EXHIBIT 556
3:09CV09 (HBF)

NAME AND LOCATION OF RECEIVING FACILITY

| TITLE OF DELIVERING OFFICER | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVING OFFICER |
|---|---|---|
| | | |

# STATE OF CONNECTICUT

M. Jodi Rell
Governor

~~~~~ R. Everett
~~ an



TELEPHONE
(203) 805-6605

FAX
(203) 805-6652

### BOARD OF PARDONS & PAROLES
*55 West Main Street - Waterbury, CT  06702*

December 19, 2005

Mr. George Leniart
#250010
MacDougall CI
1153 East Street South
Suffield, CT 06080

Dear Mr. Leniart,

As you know, you are currently scheduled to discharge from the custody of the Commissioner of Correction on Wednesday, January 11, 2006. On that date, you will begin a Court-imposed 6-year sentence of Special Parole in accordance with Section 54-125e of the Connecticut General Statutes.

Please be advised that a panel of our Board reviewed your case on November 14, 2005. This review was conducted for purposes of establishing the conditions of your parole. In addition to all standard conditions, the panel has required that you successfully participate in:

1. You will participate in a mental health treatment program for problem sexual behavior. You must follow the instructions of the program staff as to your course of treatment and may not make any changes without the express permission of the program staff and your Parole Officer.
2. Throughout your period on parole, you are to have no contact in any manner whatsoever with the victim(s) of your offense(s) or with the members of that family.
3. Throughout your period on parole, you are to have no contact in any manner whatsoever with minors.
4. Throughout your period on parole, you are not to consume alcoholic beverages and you are prohibited from entering any establishment where the primary purpose is the sale/service of alcohol.

A Parole Officer of the Special Management Unit @ the Norwich District Office will be assigned to your case. The Parole Officer will explain all parole conditions to your at your first meeting.

Sincerely,

Richard Sparaco
Parole Supervisor, Hearings Division

Cc:    MacDougall CI, Records Supervisor
       Special Management Unit @ the Norwich District Office, Parole Officer

DEFENDANT'S
EXHIBIT
554
3:09CV09(HBF)