UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE M. LENIART, | : |
| Plaintiff, | : Civil Action No. 3:09-cv-09 (HBF) |
| v. | : |
| WILLIAM BUNDY, ET AL. | : February 25, 2013 |
| Defendants. | : |

**PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Plaintiff, George M. Leniart, proposes the following voir dire questions:

1.   Do you have any problem with the general concept of a plaintiff, such as Mr. Leniart, who alleges that he has been harmed by the wrongful conduct of another party, coming to court and seeking monetary redress to compensate him for the harm he alleges occurred to him?

2.   Plaintiff George Leniart has brought this lawsuit pursuant to the federal Civil Rights Act, 42 U.S.C. § 1983, a law that allows him to seek money damages as a remedy for violations of his constitutional rights.  In this lawsuit, Mr. Leniart alleges three violations of his constitutional rights.  First, he alleges that, on October 5, 2006, he was unlawfully arrested by defendant Michael Hoagland, a Connecticut State Police Detective, based on witness statements that Detective Hoagland had fabricated.  Second, Mr. Leniart alleges that, on the same date, October 5, 2006, his home was subjected to an unconstitutional search by defendant Hoagland as well as defendants William Bundy and Wilber Blanchette, Connecticut State Police Sergeants, and defendant Larry Bransford, a Connecticut Department of Corrections Parole Officer.  Third, Mr. Leniart alleges that, on a separate occasion on September 25, 2007, defendant Eric Ellison, a Parole Manager, unlawfully searched his home for a second time and seized his laptop computer,

various VHS surveillance videos of his driveway, and a microcassette recorder and tape. Mr. Leniart seeks compensatory and punitive damages from each defendant for these three alleged violations of his constitutional rights. Based upon this information alone, do you have any reason to believe that you could not be fair and impartial in evaluating the evidence and serving as a juror in this case?

3.  Do you have any relationship, either personal or professional, to a law enforcement or correctional officer that you believe someone could view as a reason that you might have trouble being completely impartial in a case involving allegations of unlawful arrest and illegal search?

4.  Mr. Leniart is currently a prisoner at Cheshire Correctional Institution. Do you believe that, if a prisoner like Mr. Leniart proves that more likely than not he was subject to unlawful arrest and illegal search, and suffered damages as a result, that you could award fair, just, and reasonable damages to the prisoner?

5.  In addition, Mr. Leniart is seeking punitive damages for the constitutional violations alleged in this case. Do you believe that, if a prisoner like Mr. Leniart proves that one or more of the defendants acted with malice or in callous indifference to the plaintiff's federally protected rights, you could award punitive damages to the prisoner?

6.  It is anticipated that, during this trial, you will hear testimony from a number of witnesses, some of whom are employees of the Connecticut State Police Department and the Department of Corrections. I anticipate that the Court may instruct you that the testimony of a law enforcement officer who takes the stand is subject to the same legal rules applicable to the testimony of any other witness regarding credibility, including any possible bias or interest of a

witness. In other words, you are to evaluate the testimony of the defendant officers in the same manner you evaluate the testimony of the other witnesses. If the court instructs you that this is the law, do you think you can follow that law?

7. If the judge instructs you that the standard of proof in this case is NOT beyond a reasonable doubt, as is used in criminal cases, but instead simply a "preponderance" of the evidence, or, in other words, "more likely than not," do you believe that you can apply that standard?

8. Have you, or any member of your family, or close friend, ever been a party to a lawsuit? If so, please describe the circumstances.

9. Have you, or any member of your family, or close friend, ever been involved in what you consider to be a negative or unpleasant experience with a police or parole officer. If so, please explain. Do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

10. Have you, or any member of your family, or close friend, had any interaction with police officers from the Connecticut State Police? If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

11. Have you, or any member of your family, or close friend, had any interaction with parole officers? If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

12. Have you, or any member of your family, or close friend, ever been arrested? If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

13. Have you, or any member of your family, or close friend, ever filed a complaint against a police officer? If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

14. Would you like to be a juror in this case?

15. Can you promise to be fair and impartial and listen to all the evidence in this case and follow the judge's instructions on the law as he directs?

        PLAINTIFF,
        GEORGE M. LENIART

By: /s/ Carolina D. Ventura
     Kevin M. Smith (ct24774)
     Carolina D. Ventura (ct28780)
     Wiggin and Dana LLP
     One Century Tower
     265 Church Street
     PO Box 1832
     New Haven, CT 06508-1832
     E-Mail: ksmith@wiggin.com
     E-Mail: cventura@wiggin.com
     Tel.: (203) 498-4304
     Fax: (203) 782-2889

**CERTIFICATE OF SERVICE**

      I hereby certify that, on February 25, 2013, a copy of the forgoing Plaintiff's Proposed Voir Dire Questions was served by electronic mail and regular mail on the following counsel of record, and has been included as an attachment to the parties' Joint Pre-Trial Memorandum:

Robert S. Dearington
Steven R. Strom
Assistant Attorneys General
110 Sherman St.
Hartford, CT 06105
Tel.: 860-808-5450
Fax: 860-808-5591
Email: robert.dearington@ct.gov
Email: steven.strom@ct.gov

                                              /s/ Carolina D. Ventura
                                              Carolina D. Ventura (ct28780)
                                              Wiggin and Dana LLP
                                              One Century Tower
                                              265 Church Street
                                              PO Box 1832
                                              New Haven, CT 06508-1832
                                              E-Mail:  cventura@wiggin.com
                                              Tel.:  (203) 498-4304
                                              Fax: (203) 782-2889

1