UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE M. LENIART, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:09-cv-09 (HBF) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM BUNDY, ET AL. | : | February 25, 2013 |
| | : | |
| Defendants. | : | |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, George Leniart, proposes the following jury instructions:

I.   ELEMENTS OF SECTION 1983 CLAIMS[1]

With respect to each claim under section 1983, the plaintiff must establish all of the following three elements by a preponderance of the evidence:

> First, that the conduct complained of was committed by the defendants while acting under color of state law;
>
> Second, that this conduct deprived the plaintiff of rights secured by the Constitution of the United States; and
>
> Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. I shall now examine each of the three elements in greater detail.

a)   **Element One: Color of State Law.**

The first element of a Section 1983 claim is conduct under color of state law. I instruct you that as a matter of law the Defendant Officers acted under color of state law in regards to plaintiff's allegations. In other words, the first element of plaintiff's Section 1983 claim has been satisfied, and you need not be concerned with it.

---

[1] Based on 4 Martin A. Schwartz & George C. Pratt, Section 1983 Litigation: Jury Instructions, Instruction 0.01.13 at 8-33 to -38 (2d ed. 2011).

**b)** **Element Two: Deprivation of Rights.**

The second element of the plaintiff's section 1983 claims is that the plaintiff was deprived of a federal right by the defendants. In order for a plaintiff to establish the second element, he must show by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and third, that in performing the acts alleged, the defendant acted with the requisite intent.

In evaluating whether defendants' acts deprived a plaintiff of a federal right, you should consider each of plaintiff's constitutional claims individually.

### Unconstitutional Arrest Claim: Probable Cause

Plaintiff's first claim is that he was unlawfully arrested by defendant Michael Hoagland on October 5, 2006 in violation of his right to be free of an unreasonable seizure under the Fourth Amendment.

The first element that plaintiff must prove on his claim of wrongful arrest against defendant Hoagland is that defendant Hoagland did in fact arrest plaintiff. If you find that defendant Hoagland did in fact arrest plaintiff, then you must consider the following elements.

Under the United States Constitution, a person may not be arrested without probable cause for the arrest. Probable cause exists where the facts and circumstances known to a law enforcement officer at the time of the arrest, or the information supplied to the officer before making the arrest, were sufficient to lead a reasonably prudent person to believe that the plaintiff had committed a crime. The plaintiff bears the burden of proving by a preponderance of evidence that the arrest was not justified by probable cause.

### Protective Sweep Following Arrest in Home[2]

The plaintiff contends that after he was arrested in his home on October 5, 2006, police and parole officers Bransford, Hoagland, Blanchette, and Bundy searched his home without a search warrant in violation of the Fourth Amendment.

In some circumstances, after the police have arrested an individual in his home, the police may carry out what the law calls a "protective sweep." A protective sweep is a quick and limited search of the premises, incident to an arrest, limited to protecting the safety of the police officers and other persons.

The police may, without probable cause or even reasonable suspicion, look into closets and other spaces immediately adjoining the place of arrest from which an attack upon them could be immediately launched. However, if the police desire to search beyond that immediate area, the Fourth Amendment requires that they have articulable facts which, together with rational inferences drawn from those facts, would warrant a reasonably prudent police officer in

---

[2] Based on Schwartz & Pratt, supra, Instruction 8.02.10 at 8-83 (2d ed. 2011).

2

believing that the area to be swept harbors an individual (or individuals) posing a danger to the officer or others.

I emphasize that a protective sweep is not a full search of the premises. It is only a limited inspection of those spaces where a person, who may pose a danger to the police, may be found. The sweep may last no longer than necessary for the police to investigate the possibility of danger and, in any event, may last no longer than necessary for the officer to complete the arrest and to depart the premises.

It is for you, the jury, to determine (1) whether the search extended beyond the immediate area of the arrest and, if so, (2) whether the defendants had articulable facts which, together with the rational inferences from those facts, would warrant a reasonably prudent police officer in believing that the area that was swept posed a danger to the officer or others.

If you find that the search did not extend beyond the immediate area of the arrest, then you are to return a verdict for the defendant officers. If you find that the search went beyond that immediate area but that the police officers had such articulable facts, then you are to return a verdict for the defendant officers. If you find that the search went beyond the immediate area of the arrest and the police officers did not have such articulable facts, you are to return a verdict for the plaintiff.

### Search as Part of a Parole Home Visit[3]

Plaintiff contends that Parole Officer Ellison conducted a search of his home on September 25, 2007 that exceeded the lawful scope of a home visit authorized by his written conditions of parole.

It is for you, the jury, to determine (1) whether the search conducted by Defendant Ellison was properly limited to a plain view assessment of the residence, and (2) whether all of the items confiscated were rightfully identifiable as contraband.  Contraband is defined as an item not authorized to be in plaintiff's possession or control.

If you find that the search of plaintiff's home on September 25, 2007 exceeded the lawful scope of a home visit authorized by plaintiff's written conditions of parole, then you are to return a verdict for the plaintiff.  If you find that the search did not exceed the lawful scope of a home visit, then you are to return a verdict for defendant Ellison.

c)      **Element Three: Proximate Cause**

The third element of a Section 1983 action is proximate cause. The plaintiff must prove that the unconstitutional acts of the defendants were a proximate cause of the injuries or damages he sustained. You must therefore determine whether any violations of plaintiff's constitutional rights that you have found were the proximate cause of any injury or damage sustained by him.

---

[3] *See U.S. v. Trzaska*, 866 F. Supp. 98, 102 (E.D.N.Y. 1994).

Proximate cause means that there must be a sufficient causal connection between the violation of constitutional rights and any injury or damage sustained by the plaintiff. A violation of constitutional rights is a proximate cause if it was a substantial factor in bringing about, or actually causing, injury or damage, that is, if the injury or damage was a direct result or a reasonably foreseeable consequence of the constitutional violation. In order to recover any damages for any injury, the plaintiff must show that such injury would not have occurred but for the violation of his constitutional rights.

## II.     DAMAGES[4]

### Damages–Generally

If you find that the plaintiff is entitled to recover against either one or all defendants, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find the plaintiff has sustained as a result of any of his three federal Section 1983 claims.

It is for you to decide, based on the evidence, and the law as I have instructed you, whether the plaintiff is entitled to recover damages from any of the defendants. If you have decided that he is not entitled to recover, you should go no further. Only if you decide that he is entitled to recover, will you consider the amount of damages to be awarded.

### Causation and Damages

You may award damages only for those injuries that you find the plaintiff has proven, by a preponderance of the evidence, to have been the direct result of the conduct of a defendant with regard to a federal Section 1983 violation.

### Compensatory Damages

In considering an award of damages, your first task is to determine the amount of actual or what the law calls ''compensatory'' damages allegedly sustained by the plaintiff. You should award the plaintiff an amount that justly and fairly compensates him for any injuries and damages you find, from the evidence, he actually sustained as a direct consequence of the conduct of a defendants.

Compensatory damages may include damages only for injuries that you find to have been proximately caused by acts for which you find the defendants to be liable. In this regard there are

---

[4] Based on Schwartz & Pratt, *supra*, Instruction 18.01.

three claims for which you can award compensatory damages: namely the Section 1983 unlawful arrest claim and the two Section 1983 unlawful search claims.

If you find for the plaintiff with respect to any of these three claims, you should award a sum of money that will compensate the plaintiff for any actual injury he suffered. The plaintiff is not entitled to recover damages for personal injuries, emotional distress, or any other injury, based upon mere speculation and conjecture. Your verdict must be based on the evidence.

For all three claims, the unlawful arrest and the two unlawful search claims, the plaintiff claims compensatory damages for both economic and non-economic losses.  Economic damages include an amount for any monetary losses suffered by the plaintiff because of the defendants' conduct, including lost wages, lost business income, and other financial losses.  Non-economic damages include an amount for pain, suffering, loss of enjoyment of life, and other emotional or psychological harm suffered by the plaintiff because of the defendants' conduct.

### Nominal Damages

Nominal damages are awarded when the plaintiff has been deprived by a defendant of a federal constitutional right, but has suffered no actual damage as a natural consequence of that deprivation. This is because merely suffering constitutional deprivation is an injury that must be recognized.

Therefore, if you return a verdict for the plaintiff on a federal Section 1983 claim, but find that the plaintiff has failed to prove, by a preponderance of the evidence, that he suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of one dollar, on the particular claim.

### Punitive Damages

In addition to either actual damages or nominal damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the defendant and others not to engage in that conduct.

If you find from a preponderance of the evidence that the plaintiff is entitled to a verdict for either actual damages or nominal damages, and you further find that the conduct of the defendant, which proximately caused injury or damage to the plaintiff, was done maliciously, or wantonly, or oppressively, then you may add to the award of compensatory or nominal damages such amount, as you unanimously agree to be proper, as punitive damages.

An act or a failure to act is ''maliciously'' done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is ''wantonly'' done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the plaintiff.

An act or a failure to act is ''oppressively'' done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

If you unanimously find, from a preponderance of the evidence in the case, that the defendants' conduct, which proximately caused actual or nominal damage to the plaintiff, was done maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages.

The law does not have an objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendant's conduct and the relationship to the actual harm inflicted on the plaintiff. It should be proportionate to the need to punish the defendant and to deter him and others from like conduct; it should not be based on whim or on unrestrained imagination.

### III.   TESTIMONY OF LAW ENFORCEMENT OFFICERS

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the Connecticut Police Department and the Department of Corrections. The testimony of a law enforcement or corrections officer is entitled to no special treatment or consideration. It does not have any greater or lesser weight. The testimony of a law enforcement or corrections officer who takes the stand is subject to the same legal rules applicable to the testimony of any other witness regarding credibility, including any possible bias or interest of a witness. In other words, you are to evaluate the testimony of the defendant officers in the same manner you evaluate the testimony of the other witnesses.[5]

At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a police department employee witness or a corrections department employee witness on the ground that their testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the police officer and to give that testimony whatever weight, if any, you find that it deserves.[6]

---

[5] Based on Schwartz & Pratt, *supra*, Instruction 7.01.13 at 7-50.
[6] Based on Schwartz & Pratt, *supra*, Instruction 2.03.06 at 2-13.

PLAINTIFF,
GEORGE M. LENIART


By:  /s/ Carolina D. Ventura
     Kevin M. Smith (ct24774)
     Carolina D. Ventura (ct28780)
     Wiggin and Dana LLP
     One Century Tower
     265 Church Street
     PO Box 1832
     New Haven, CT 06508-1832
     E-Mail:  ksmith@wiggin.com
     E-Mail:  cventura@wiggin.com
     Tel.:  (203) 498-4304
     Fax: (203) 782-2889

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2013, a copy of the foregoing Plaintiff's Proposed Jury Instructions was served by electronic mail and regular mail on the following counsel of record, and has been included as an attachment to the parties' Joint Pre-Trial Memorandum:

Robert S. Dearington
Steven R. Strom
Assistant Attorneys General
110 Sherman St.
Hartford, CT 06105
Tel.: 860-808-5450
Fax: 860-808-5591
Email: robert.dearington@ct.gov
Email: steven.strom@ct.gov

/s/ Carolina D. Ventura
Carolina D. Ventura (ct28780)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
E-Mail: cventura@wiggin.com
Tel.: (203) 498-4304
Fax: (203) 782-2889