UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE LENIART, #250010          :          CIVIL NO. 3:09CV00009 (HBF)

      V.                                      :

SGT. BUNDY, ET AL.                     :          MARCH 1, 2013

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE Re: EXPERT DISCLOSURE AND TESTIMONY OF
GREG KETTERING**

The defendants, on February 28, 2013, in accordance with paragraph 7 of this Court's Final Pre-Trial Order, provided to plaintiff's counsel, the Curriculum Vitae of Greg Kettering, a qualified and certified "Questioned Document Examiner," together with his expert report.  Prior to February 28, 2013, on February 14, 2013, counsel for the parties exchanged emails and defendants had offered to make Mr. Kettering available for deposition, as soon as his report was completed. On February 28, 2013, defendants counsel renewed the offer to have Mr. Kettering available in the office of plaintiff's counsel for a deposition.  There is ample time for such a deposition as exactly one month remains prior to the start of the evidence on April 1, 2013.  For the additional reasons discussed below, plaintiff's motion in limine to preclude the expert report and testimony of Greg Kettering should be denied.

**I.          PLAINTIFF WANTS TO HIDE THE TRUTH FROM THE JURY**

Plaintiff claims that his daughter, Brandi Leniart, signed blank pages, and did not give a signed statement, witnessed by and signed by both Brandi Leniart and Det. Hoagland, in the presence of Det. Hoagland.  This claim is a fabricated hoax on the Court, and Mr. Kettering can scientifically debunk and disprove this false allegation.  To

allow this Court to be subjected to such a fraudulent claim, where, as here, it can be categorically rejected by standard, professionally accepted methods of document analysis would be to deprive this Court and the jury of the chance to determine the truth in this case. Further, it would make plaintiff's court appointed counsel complicit in the plaintiff's elaborate scheme of deception on this Court, a course of conduct which should be meticulously avoided, once it has been brought to this Court's attention.[1]

This is a material and extremely serious matter, which should be carefully and meticulously explored during the presently scheduled March 7, 2013, pretrial conference with the Court.  The defendants have taken the plaintiff's allegations that Det. Hoagland fabricated a witness statement extremely seriously, and have subjected the witness statement that he took from Brandi Leniart to the most rigorous of scientific analysis. They have then produced, through the Connecticut State Police Forensic Science Division, an expert report of Mr. Greg Kettering.[2]   Plaintiff has moved to

---

[1] "'[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication.' *Gleason,* 860 F.2d at 559 (citations omitted); *Transaero, Inc. v. La Fuerza Area Boliviana,* 24 F.3d 457, 460 (2d Cir.1994). The concept of 'fraud on the court' embraces 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.' *Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972) (citation omitted)." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995).

[2] In an abundance of caution, the defendants' have also, on even date herewith, disclosed the CV of Lisa Ragaza, who jointly analyzed and prepared the report with Mr. Kettering. It may be that Mr. Kettering may be required by court order to have to testify in another court, and in the event of a conflict, Ms Ragaza would be able to testify in this case about the questioned documents. All of the arguments being made herein apply equally to both Mr. Kettering and Ms. Ragaza. Wherever the memorandum refers to Mr.

preclude this report, allegedly because it is untimely.  As explained below, and in the attached affidavit of counsel, Mr. Kettering was not known, nor was his expertise known, to the undersigned counsel, until the day that the parties had agreed to exchange witness lists, January 28, 2013.  (Doc. # 146).  As explained in the caselaw discussed herein below, "preclusion is a drastic remedy" which is not warranted in this case where there is ample justification for the alleged delay in disclosing the report of Mr. Kettering. See Equant Integrations Services, Inc. v. United Rentals (N. Am.), Inc., No. 3:01 CV 1134(JBA)(JGM). 217 F.R.D. 113 (D. Conn. 2003)(Margolis, USMJ)( other citations omitted).

> Dean and legal scholar John Henry Wigmore [1863–1943], whose greatest contribution was the *Treatise on the Anglo– American System of Evidence in Trials at Common Law* (1904) ["*Wigmore on Evidence* "], famously described cross-examination as the "greatest legal engine ever invented for the discovery of truth" and "the great and permanent contribution of the Anglo–American system of law to improved methods of trial procedure." 5 *Wigmore on Evidence* § 1367, at 32 (Chadbourn rev.1974). Dean Wigmore's aforementioned statement has been quoted, to date, in over 700 reported judicial opinions in the United States, including by the Supreme Court of the United States (*California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 [1970] ) and the New York Court of Appeals (*O'Brien v. Commissioner of Ed.,* 4 N.Y.2d 140, 152, 173 N.Y.S.2d 265, 149 N.E.2d 705 [1958], *appeal dismissed,* 361 U.S. 117, 80 S.Ct. 207, 4 L.Ed.2d 154 [1959]. Wigmore analogized cross-examination as an "engine" for the discovery of the truth.

Barnaby v. Coreman, Inc., 25 Misc. 3d 855, 857-58, 890 N.Y.S.2d 291, 293 (Sup. Ct. 2009).  Plaintiff has not articulated any specific prejudice, but arguably, it means that plaintiff's counsel will have to spend more time to prepare for the testimony of Mr. Kettering, and may find it necessary to take Mr. Kettering's deposition, so that he will

---

Kettering, the name of Ms. Ragaza may be substituted, as either one can debunk the plaintiff's claims and testify about the scientific analysis of the documents in question.

not be ambushed at trial by any surprise testimony.  However, as explained below, that prejudice is easily cured, and is not a reason to grant the drastic remedy of preclusion of Mr. Kettering's report and testimony.

## II.   PRECLUSION IS TOO SEVERE A SANCTION UNDER THE CIRCUMSTANCES OF THIS CASE

The imposition of sanctions under Rule 26 is discretionary and preclusion is not generally ordered.  See Semi-Tech Litig. LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D.N.Y.2004).  Rule 26 states the following: a party must disclose expert testimony "at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial."  Fed. R. Civ. P. 26(a)(2)(D).  The purpose of Rule 26(a) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence.  Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992); see Virgin Enter, Ltd. v. American Longevity, 2001 U.S. Dist. LEXIS 2048, at *6 (S.D.N.Y. Mar. 1, 2001).").  Precluding the testimony of an expert under Rule 26 is "a drastic remedy and should only be applied in those rare cases where the party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure."  Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y.1995); see also Johnson Elec. N. Am., Inc. v. Mabuchi Motor, 77 F.Supp.2d 446, 458 (S.D.N.Y.1999); McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 587 (W.D.N.Y.1995); Sterling v. Interlake Ind., Inc., 154 F.R.D. 579, 587 (E.D.N.Y.1994).

The Second Circuit has stated that the following factors are relevant in the determination of whether preclusion is appropriate:  "(1) the party's explanation for the

failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955, 961 (2d Cir.1997) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir.1988)).   Furthermore, preclusion may not be appropriate if there is substantial justification for the failure, the failure to make disclosure is harmless" or the prejudice may be remedied by the party presenting the evidence.   Gilad v. Strauchi, 2001 WL 388052, at *3, 2001 U.S. Dist. LEXIS 4645, at *8-9 (S.D.N.Y. 2001 Apr. 16, 2001); see Strougo v. BEA Assoc., 188 F.Supp.2d 373, 380 (S.D.N.Y. 2002)("[a]ny prejudice caused by untimely disclosure was remedied by the availability of those months during which plaintiff could depose the expert."); see Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y.1995)(Rule 37(c)(1) (penalties "should not apply if the offending party's failure to disclose was 'substantially justified.' "); see also Equant Integration Services, Inc. v. United Rental (North America), Inc., 217 F.R.D. 113, 118 (D.Conn.2003) (ruling that the defendant was untimely in the disclosure of expert testimony but the plaintiff had five weeks to depose the expert, thus, the severe sanction of preclusion was not warranted).

The plaintiff requests that the court uses its discretion to preclude Mr. Kettering's testimony, however, the circumstances of this case do not warrant such a severe sanction.   The factors discussed in Softel, 118 F.3d at 961, as related to the circumstances of the case at hand, support the defendants' argument.   Furthermore, the plaintiff will not be ambushed by trial and he does not risk surprise or prejudice if Mr.

Kettering's testimony is allowed in.[3]  Rather, the plaintiff has a full month to depose Mr. Kettering to prepare for his testimony, and Kettering is readily available to travel to the plaintiff counsel's office for a deposition.  The current circumstances of the case do not represent the rare case in which preclusion should be applied.  And even if the court finds that the defendants should be sanctioned regarding the timing of Mr. Kettering's disclosure, preclusion of the evidence is too severe under the circumstances of this case.[4]

### A.    The Defendant's Explanation of the Timing of the Disclosure

The plaintiff disclosed the expert's testimony on February 28, 2013, within 90 days of the start of evidence on April 1, 2013.  Due to the Local Rule 26(f)(d) exemption of prisoner cases from Local Rule 26(f), the defendants did not have an initial scheduling order covering disclosure deadlines.   Shortly after the plaintiff's current counsel filed an appearance on August 8, 2012 (Doc 125), the parties filed a proposed scheduling order that did not specify expert testimony disclosure.  (Doc. # 135).  The defendants fully complied with this agreed upon schedule.[5]  On January 28, 2013, the

---

[3]   As noted above, in footnote 2, all references to Mr. Kettering should be read to include Ms. Ragaza.

[4] In Equant, 217 F.R.D. 113, the court ruled that the appropriate sanction for the untimely disclosure of expert testimony, where the plaintiff had five weeks to depose the expert, was ordering the defendants to pay for the cost of the deposition; here, the defendants are more than willing to cover the costs of Mr. Kettering's deposition and provide the plaintiff with a copy of the transcript.

[5] Plaintiff's counsel did not ask for expert disclosures, but rather a simple exchange of witness lists on January 14, 2013.  By agreement, the deadline for mutual disclosure of witnesses was moved to January 28, 2013.  Indeed, the plaintiff himself listed Greg Kettering as his own witness.  See Doc. #149 at p.9 of 10, #25.

day that the parties agreed exchange witness lists, the defendants' counsel first learned about Mr. Kettering and his expertise regarding document examination. The defendants, in good faith, further disclosed Mr. Kettering as an expert to the plaintiff on February 14, 2013 and have offered to make Mr.Kettering available for a deposition. On February 14, 2013, Mr. Kettering had not completed his analysis of Brandi Leniart's statement; in the pursuit of the truth, the defendant's took the chance that Mr. Kettering's report would be favorable to the plaintiff and detrimental to the defendants, thereby giving the plaintiff a free expert at their expense. On February 28, 2013, the defendants received a copy of Mr. Kettering's report, which defendants claim supports the defendants' case. The defendants immediately forwarded the report to the plaintiffs and again expressed willingness to make Mr. Kettering available for a deposition. On this date, having read the caselaw, defendants renew their offer, and in accordance with the decision of Judge Margolis, respectfully suggest they they will pay the costs and expenses of the deposition and provide free copies of the transcript to plaintiff's counsel.[6]

**B.    Mr. Kettering's Testimony is Extremely Important to this Case**

The plaintiff claims that the Connecticut State Police obtained signatures on blank sheets of paper from the plaintiff's daughter, Brandi Leniart. Allegedly, Connecticut State Police Detective Hoagland filled the blank, signed sheets of paper, with false information. Detective Hoagland allegedly used this fabricated statement to

---

[6] Equant Integration Services, Inc. v. United Rental (North America), Inc., No. 3:01 CV 1134(JBA)(JGM)F.R.D. 113, 118 (D.Conn.2003) (ruling that the defendant was untimely in the disclosure of expert testimony but the plaintiff had five weeks to depose the expert, thus, the severe sanction of preclusion was not warranted).

apply for the plaintiff's arrest warrant, which was eventually signed by a state court judge.   The defendants anticipate that Brandi Leniart will testify to support this allegation.

In this action, the plaintiff is challenging the constitutionality of his arrest, which he supports with the accusation that Detective Hoagland fabricated Brandi Leniart's statement.   If the jury finds the plaintiff's allegation to be true, not only does the allegation support the plaintiff's claim but also completely undermines the integrity of the Connecticut State Police and Detective Hoagland.   Expert testimony can scientifically debunk and disprove this false allegation and significantly help the jury determine the truth in this matter and in the case overall.   Precluding Mr. Kettering's testimony would further the plaintiff's elaborate scheme against these defendants.   As plaintiff is serving life without possibility of release, there is no further criminal sanction which would serve as a deterrent to his making the fabricated claims. Thus, the court should allow Mr. Kettering's testimony due to its extreme importance to this case.

### C.   The Prejudice Suffered by the Plaintiff if the Testimony is Allowed is Minimal

The timing of the defendant's disclosure of Mr. Kettering's testimony does not prejudice the plaintiff in this case.   Any alleged surprise or prejudice that would be created by the timing of the defendant's disclosure can be remedied by deposing Mr. Kettering.   Furthermore, the plaintiff has known about Mr. Kettering since, at the earliest January 28, 2013, and in more detail on February 14, 2013, which provided the plaintiff with plenty of time to depose Expert Kettering in time for the start of evidence on April 1, 2013.   Cf. *Equant*, 217 F.R.D. at 118.   The time that the plaintiff must spend to prepare

for Mr. Kettering's testimony does not seem to be significantly prejudicial, considering the value of the evidence and the nature of the plaintiff's extreme accusations.

## **CONCLUSION**

For all of the aforementioned reasons, the court should deny the plaintiff's motion in limine to preclude the expert report and testimony of Greg Kettering.


DEFENDANTS
Sgt. William Bundy, Et Al.

GEORGE JEPSEN
ATTORNEY GENERAL


BY:   /s/ Steven R. Strom
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct01211
E-Mail:  steven.strom@ct.gov
Tel.:  (860) 808-5450
Fax:  (860) 808-5591

## CERTIFICATION

I hereby certify that on March 1, 2013, a copy of foregoing DEFENDANTS'
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: EXPERT
DISCLOSURE AND TESTIMONY OF GREG KETTERING was filed electronically and
served by mail on anyone unable to accept electronic filing.  Notice of this filing will be
sent by e-mail to all parties by operation of the Court's electronic filing system or by mail
to anyone unable to accept electronic filing as indicated on the Notice of Electronic
Filing.  Parties may access this filing through the Court's CM/ECF System.


_/s/ Steven R. Strom_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct01211
E-Mail:  steven.strom@ct.gov
Tel.:  (860) 808-5450
Fax:  (860) 808-5591