UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE M. LENIART, | : |
| Plaintiff, | : Civil Action No. 3:09-cv-09 (HBF) |
| v. | : |
| WILLIAM BUNDY, ET AL. | : March 5, 2013 |
| Defendants. | : |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE: DAMAGES AND PLAINTIFF'S EXHIBITS 40-47

In their Motion in Limine Re: Damages and Plaintiff's Exhibits 40-47, defendants contend that Mr. Leniart was lawfully remanded on October 5, 2006, and that, from that time until his release July 5, 2007, he was lawfully incarcerated and not entitled to damages even if he had been unlawfully arrested on October 5, 2006.

However, Mr. Leniart's pleadings, the facts of this case, and Judge Droney's summary judgment opinion make clear that Mr. Leniart is not seeking to recover money damages from the parole officers for, nor directly challenging the validity of, the revocation of his parole. Instead, Mr. Leniart seeks to recover from defendant Hoagland for the damages caused by his incarceration as a result of defendant Hoagland's wrongful conduct, including arresting Mr. Leniart based on false charges, illegally searching Mr. Leniart's home, implicating Mr. Leniart in the false charges to Mr. Leniart's parole officer, and thus precipitating the subsequent revocation of Mr. Leniart's parole. In other words, but for defendant Hoagland's wrongful conduct, Mr. Leniart's parole would not have been revoked and he would not have been incarcerated. Mr.

Leniart is entitled to seek to recover for all damages that he suffered as a consequence of defendant Hoagland's wrongful conduct.

Defendants contend that, "[e]ven if the Connecticut State Police had not obtained an arrest warrant for the assault 2nd degree charge based on plaintiff's assault on his daughter Brandi, and the provision of alcohol to minors, the plaintiff would have lawfully been remanded and found in violation of his parole based on the plaintiff's possession of both alcohol and marijuana." Def. Mot. at 3. However, that view is not supported by the facts. Defendants were present on October 5, 2006 solely because they were executing an unlawfully obtained arrest warrant. In his affidavit in support of summary judgment, defendant Hoagland states that he is the individual who collected the alleged statements from Brandi Leniart and Corey Piascik regarding the October 3, 2006 events leading to Mr. Leniart's arrest two days later. Hoagland Aff. at ¶¶ 4-6 (ECF Doc. No. 55-4). Defendant Hoagland also personally "presented the Application for Arrest Warrant to a prosecutor in the Superior Court," and submitted the application to Judge Fischer. *Id.* at ¶ 8. After Defendant Hoagland obtained the warrant for Mr. Leniart's arrest, Parole Officer Bransford was notified of the warrant. *Id.* at ¶ 9. Upon arriving at Mr. Leniart's home, defendant Hoagland arrested Mr. Leniart based on the warrant he had applied for and obtained. *Id.* at ¶ 13. During the subsequent search of Mr. Leniart's home, police officers located what they believed to be marijuana in the rafters of Mr. Leniart's basement, on the other side of the room from where Mr. Leniart was taken into custody, *id.* at ¶ 11, and well outside the limits of a search incident to arrest. But the officers did not stop there. They also searched Mr. Leniart's bedroom, a room separated from the location of the arrest, where they proceeded to open and photograph the contents of a box of items found inside a drawer under Mr. Leniart's bed. The police also claim to have found alcohol on the premises.

But this entire sequence of events, from Mr. Leniart's arrest, to the invasive search of his home, to his subsequent remand to custody, was a consequence of, and therefore entirely tainted by, defendant Hoagland's predicate wrongful conduct in obtaining and executing an arrest warrant based on fabricated information.

Defendants also contend that Mr. Leniart is not entitled to damages because the 2006 arrest did not lengthen or impact his incarceration because he already was in "custody" as a parolee at the time. Def. Mot. at 4. This contention misses the mark. Although a parolee may be considered to be in "custody," meaning that the parolee remains under the control of the Board of Pardons and Paroles, it cannot seriously be disputed here that the arrest stripped Mr. Leniart of his conditional freedom outside the prison system and committed him to total confinement within it – a material consequence of the wrongful conduct by defendant Hoagland, entitling Mr. Leniart to seek damages from him for the additional deprivation of his liberty.

Finally, even if defendants were somehow correct that Mr. Leniart may not seek compensatory damages for the time during which he was incarcerated after his 2006 arrest, that would not dispose of his 2006 claims as defendants argue. To the contrary, Mr. Leniart is also entitled to seek nominal and punitive damages for the constitutional violations of his rights in connection with the events of 2006. *See, e.g., Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994) ("In an action brought pursuant to Section 1983, 'even when a litigant fails to prove actual compensable injury, he is entitled to an award of nominal damages upon proof of violation of a substantive constitutional right.'") (internal citations omitted); *King v. Macri*, 993 F.2d 294, 297-98 (2d Cir. 1993) (stating that punitive damages may be awarded in the absence of a compensatory award in § 1983 cases).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny defendants' Motion in Limine Re: Damages and Plaintiff's Exhibits 40-47.

PLAINTIFF,
GEORGE M. LENIART

By:     /s/ Carolina D. Ventura
        Kevin M. Smith (ct24774)
        Carolina D. Ventura (ct28780)
        Wiggin and Dana LLP
        One Century Tower
        265 Church Street
        PO Box 1832
        New Haven, CT 06508-1832
        E-Mail: ksmith@wiggin.com
        E-Mail: cventura@wiggin.com
        Tel.: (203) 498-4304
        Fax: (203) 782-2889

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 5, 2013, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion in Limine Re: Damages and Plaintiff's Exhibits 40-47 was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

      /s/ Carolina D. Ventura
Carolina D. Ventura (ct28780)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
E-Mail:  cventura@wiggin.com
Tel.:  (203) 498-4304
Fax: (203) 782-2889