UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE M. LENIART, | : |
| Plaintiff, | : Civil Action No. 3:09-cv-09 (HBF) |
| v. | : |
| WILLIAM BUNDY, ET AL. | : March 5, 2013 |
| Defendants. | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO ADMIT PLAINTIFF'S CRIMINAL CONVICTION INFORMATION**

Plaintiff's Motion in Limine No. 4 regarding his prior convictions, filed February 25, 2013, addresses most of the issues raised in defendants' current motion. As such, plaintiff relies on, and incorporates by reference as if fully restated here, the arguments and authorities raised in his Motion in Limine No. 4. Plaintiff further opposes defendants' motion for the following additional reasons.

I.    **The Prejudicial Nature Of Plaintiff's Prior Convictions Is Integral To The Court's Analysis**

Citing *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989), defendants contend that FRE 609(a)(1) "requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." Def. Mot. at 2-3. However, defendants fail to mention that, just one year after the Supreme Court's decision in *Green*, the Federal Rules of Evidence were amended precisely to address the appropriate balance between prior convictions and unfair prejudice in civil litigation. And, contrary to defendants' argument, the amended rule "reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary

balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant.  The amendment reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." Fed. R. Evid. 609, Advisory Committee Notes to 1990 Amendments.

   The Advisory Committee's concern with avoiding unfair prejudice is particularly apt here, where defendants wish to use Mr. Leniart's prior convictions, not to challenge his veracity, as the convictions of which defendants seek to inform the jury are not for crimes of dishonesty or false statements, but to paint Mr. Leniart as a "sexual predator in the truest sense of the word." Def. Mot. at 5.  In fact, defendants concede that they wish to use these convictions to convey to the jury Mr. Leniart's purported "modus operandi," *id.*, or "method of operating or a manner of procedure [especially] a pattern of criminal behavior so distinctive that investigators attribute it to the work of the same person." Black's Law Dictionary (9th ed. 2009).  Put simply, defendants wish to inform the jury of the nature of Mr. Leniart's prior convictions for the very purpose of conveying that he is a bad person – a "sexual predator" – not worthy of a fair trial on the merits of his case.  Such use of plaintiff's prior convictions would be highly inflammatory and prejudicial, in violation of Rule 404's prohibition of character evidence and Rule 403's prohibition on unduly prejudicial evidence, and is precisely what the 1990 amendments to Rule 609 sought to abolish.

   In addition to evidence of plaintiff's prior "convictions," defendants also seek to introduce evidence of a "sentence" imposed for a violation of probation subsequent to plaintiff's

2

2002 conviction for risk of injury to a minor. *See* Def. Mot. at 1, 4. However, evidence of this "sentence" is not permissible under the plain language of Rule 609, which limits admissibility to evidence of prior criminal "convictions" not "parole violations" or parole revocation "sentences." Fed. R. Evid. 609; *see also White v. Gerardot*, No. 1:05-CV-382, 2008 WL 4724000, at *6 (N.D. Ind. Oct. 24, 2008), attached as Exhibit A, (excluding evidence of probation revocation as it did not "fulfill the requirements of Rule 608(b) or Rule 609(a)"); *U.S. v. Cavender*, 578 F.2d 528, 535 (4th Cir. 1978) ("I do not see that conviction of a probation violation is a crime of any kind so that its proof under Rule 609(a) would not have been that the defendant had been 'convicted of a crime,' and therefore it is not admissible under that rule.") (Widener, J., concurring). Indeed, given that a revocation of parole is, in reality, a re-confinement for the original offense, informing the jury of a sentence imposed for a violation of parole would constitute impermissible double counting. *See U.S. v. LaTray*, No. 89–CR–110, 1989 WL 143355, at *4 (N.D.N.Y. Nov. 24, 1989), attached as Exhibit B, ("If a witness's parole is revoked for having committed a crime 'substantially related or parallel to the original ... conviction,' then that witness's confinement upon revocation of parole is, for the purposes of Rule 609(b), confinement for the original offense.") (internal citations omitted).

    Finally, with regard to Mr. Leniart's murder conviction, defendants contend that this conviction is somehow especially probative of his veracity because "[t]he fact that plaintiff is serving a life sentence without the possibility of release makes it highly likely that he will perjure himself, since there is no further punishment which can be imposed on him if, in fact, he does commit perjury." Def. Mot. at 3. However, defendants have it exactly backwards. Mr. Leniart is currently pursuing both a habeas proceeding and an appeal of his murder conviction. Given

the obvious importance of these pending direct and collateral attacks on his conviction, Mr. Leniart has only a disincentive to perjure himself in this proceeding.

For all of these reasons, and for the reasons outlined in plaintiff's Motion in Limine No. 4, plaintiff respectfully asks this Court to exclude all evidence of his prior convictions. In the alternative, plaintiff requests that the defendants be prohibited from referring to the name and nature of his convictions, and, instead, that the jury be informed only of the fact that Mr. Leniart previously has been convicted of felonies.

II. **Plaintiff's Prior Convictions Cannot and Do Not Inform The Reasonableness Of The Searches In This Case**

Defendants' contention that Mr. Leniart's prior convictions somehow inform the reasonableness of the searches conducted in October 2006 and September 2007 is also unavailing. *See* Def. Mot. at 5. Rule 609 was designed specifically to address the proper use of prior convictions at trial, and limits their use solely to attacking a witness's credibility. *See* Fed. R. Evid. 609 ("The following rules apply to *attacking a witness's character for truthfulness* by evidence of a criminal conviction. . . .") (emphasis added). Consequently, even if plaintiff's prior convictions were somehow relevant to the specific events at issue here – which they are not[1] – plaintiffs' convictions may not be used by defendants for any other purpose under Rule

---

[1] Quite obviously, plaintiff's murder conviction did not occur until three and four years *after* these searches, respectively, and, therefore, could not have informed their scope. Moreover, plaintiff's other convictions implicate events and circumstances that in no way relate, either factually or temporally, to the searches that took place in this case and thus could not have informed their scope. As discussed in plaintiff's Motion in Limine No. 3, the search conducted by defendants in October 2006 was a search incident to an arrest. As such, the lawful scope of that search is determined by the facts of the arrest itself, such as whether the search was properly "limited to [plaintiff's] person and the area within his 'immediate control,' which is defined as 'the area from within which he might gain possession of a weapon or destructible evidence.'" *Chimel v. California*, 395 U.S. 752, 763 (1969). Plaintiff's prior convictions do not inform the jury's assessment of those factors and are thus irrelevant. Moreover, as outlined in plaintiff's Motion in Limine No. 5, defendant Ellison's search of plaintiff's home in September 2007 was per se unreasonable, given that the search was not authorized by plaintiff's conditions of parole,

609, and defendants have not shown any other basis for admitting these convictions into evidence.

## CONCLUSION

For the reasons set forth above and in plaintiff's Motions in Limine No. 4, plaintiff respectfully requests that the Court deny defendants' Motion in Limine to Admit Plaintiff's Criminal Conviction Information. In the alternative, plaintiff requests that the Court preclude defendants from making any references to the name and nature of plaintiff's convictions, and, instead, that the jury be informed only of the fact that Mr. Leniart previously has been convicted of felonies.

PLAINTIFF,
GEORGE M. LENIART

By:     /s/ Carolina D. Ventura
        Kevin M. Smith (ct24774)
        Carolina D. Ventura (ct28780)
        Wiggin and Dana LLP
        One Century Tower
        265 Church Street
        PO Box 1832
        New Haven, CT 06508-1832
        E-Mail: ksmith@wiggin.com
        E-Mail: cventura@wiggin.com
        Tel.: (203) 498-4304
        Fax: (203) 782-2889

---

or by any state rule or regulation, and the search did not qualify under any of the warrant exceptions. Therefore, the scope of that illegal search – to which defendants contend plaintiff's prior convictions pertain – is irrelevant.

## CERTIFICATE OF SERVICE

I hereby certify that, on March 5, 2013, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion in Limine to Admit Plaintiff's Criminal Conviction Information was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Carolina D. Ventura
Carolina D. Ventura (ct28780)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
E-Mail: cventura@wiggin.com
Tel.: (203) 498-4304
Fax: (203) 782-2889