UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE LENIART               :
                             :
                             :
v.                           :     CIV. NO. 3:09CV9 (HBF)
                             :
SGT. WILLIAM BUNDY, ET AL.   :
                             :

## RULING RE: MOTIONS IN LIMINE

Pending before the Court are several motions in limine, including plaintiff's combined motion in limine [doc. #158], defendants' motion in limine regarding damages [doc #156-6], and defendants' motion in limine to admit plaintiff's criminal conviction information [doc. #156-7].[1] The court heard oral argument on all motions on March 15, 2013. For the reasons that follow, the motions are granted in part and denied in part.

By way of background, plaintiff George Leniart brings this civil rights action under 42 U.S.C. § 1983 alleging that defendants[2] violated his constitutional rights by conducting warrantless searches of his residence and unlawfully arresting him on two separate occasions.[3] Defendants moved for summary judgment on all claims, which motion was granted in part and denied in part by Judge Christopher F. Droney on September 26, 2011. [doc. #92]. The remaining claims to be tried to the jury are: (1) a

---

[1] Defendants' motion to preclude parole field notes [doc. #156-8] is moot because plaintiff does not intend to offer the parole field notes into evidence (exhibits 3, 4, 5, 6 and 34) in his case-in chief. See doc. #169, plaintiff's response to defendants' motion in limine to preclude parole field notes.
[2] Defendants Hoagland, Blanchette and Bundy are police officers with the Connecticut State Police; defendant Bransford is a parole officer in the Special Management Unit for the Hartford District Parole Office, and defendant Ellison is a Parole Manager in the Special Management Unit for the Hartford District Parole Office.
[3] A full recitation of the facts can be found in the September 26, 2011 ruling on defendants' motion for summary judgment, doc. #92, at 3-8.

1

claim for false arrest on October 5, 2006 against defendant Hoagland, (2) a claim for unreasonable search on October 5, 2006 against defendants Bransford, Hoagland, Blanchette and Bundy, and (3) a claim for unreasonable search on September 25, 2007 against defendant Ellison.

As Judge Droney stated in his ruling on the motion for summary judgment, there is "an issue of fact whether the actions of the defendants constituted a home visit or more intrusive search and whether the marijuana was properly seized if the defendants were conducting a home visit." [doc. #92, at 20]. Plaintiff argues that the October 5, 2006 arrest was a custodial arrest carried out by the Connecticut State Police with a corresponding search incident to the arrest, and not a parole home visit. Defendants characterize the operation as a "joint visit to plaintiff's residence for at least two purposes: (1) the arrest of plaintiff by state police pursuant to a lawful arrest warrant, and (2) the remand of the plaintiff to actual custody for parole violations, pursuant to a lawful Remand to Custody Order." [doc. #166, at 4]. It will be task of the jury to decide the nature of the searches and whether they were unreasonable. In so doing, the jury will be guided by the following legal principles.

We start with the proposition that the Fourth Amendment protection against unreasonable search and seizure extends only to unreasonable government intrusions into legitimate expectations of privacy. See generally Katz v. United States, 389 U.S. 347 (1967). By virtue of their status, parolees have diminished expectations of privacy. In addition, if a parolee has been charged with violating conditions of his parole and a warrant for his reimprisonment has been issued, the parolee's expectations of privacy are further reduced. United States v. Julius, 610 F.3d 60, 65 (2d Cir. 2010) (citations

omitted). However, there is no clear law in Connecticut on the standard by which to review a warrantless search by a parole officer of a parolee or his property absent a specific parole condition permitting a warrantless search.

Notwithstanding any clear law, the issue has been addressed by the Appellate Court of Connecticut in State v. Whitfield, 26 Conn. App. 103 (1991), in reference to the rights of an individual on supervised home release who was searched without a warrant by a police officer.  In Whitfield, the defendant, who at the time of the search was on supervised home release, appealed the denial of a motion to suppress evidence obtained by law enforcement without a warrant. Id. The Appellate Court reversed the trial court and held that the trial court improperly found that the police officer's search of the defendant's hat was reasonable based on defendant's status as a participant in supervised home release. Id. at 109. The Appellate Court discussed the defendant's scope of rights and expectation of privacy given his status as a person on supervised home release by referencing the rights afforded to individuals who are incarcerated and individuals who are on parole. Id. at 108-109.  The Court noted the differences and similarities between an individual on supervised home release and a parolee; the similarities are relevant to the question before this Court. The Appellate Court held that both parolees and individuals on supervised home release "do not enjoy absolute liberty under the United States constitution, but only conditional liberty", but that, despite the fact that both are subject to searches with lesser constitutional protections than the average citizen, the ability to search does not extend to all law enforcement officials. Id. at 108. By contrast, the Court stated that unlike law enforcement officials, parole officers have the right to search a parolee "when there is a mere suspicion that the individual

may be violating the terms of his release." Id. at 109 (citations omitted).

Although not the holding in Whitfield, the undersigned is persuaded that this dicta represents the longstanding view in Connecticut that a parole officer may conduct searches of his parolees so long as a search is reasonably related to the parole officers' duty of investigating parole violations and enforcing parole conditions. Further supporting this view is the fact that there is no statutory authority through which a Connecticut parole officer can obtain a search warrant.

With these principles in mind, the Court turns to the pending motions in limine.

## I. DISCUSSION

### a. *Plaintiff's combined motion in limine [doc. #158]*

Plaintiff seeks *in limine* rulings on the following four areas:

1. Plaintiff seeks to exclude testimony by witnesses with respect to facts outside their personal knowledge.
2. Plaintiff seeks to exclude the testimony of defendants' late disclosed expert Greg Kettering.
3. Plaintiff seeks to exclude all evidence of parole violations and proceedings relating to the events of October 2006.
4. Plaintiff seeks to exclude evidence of his prior criminal convictions.[4]

### 1. Personal Knowledge

As to the motion to exclude testimony by witnesses with respect to facts outside their personal knowledge, the Court recognizes that under Federal Rule of Evidence 602, a fact witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter". Fed. R. Evid. 602. However, at this stage, it is premature to exclude testimony from defendants'

witnesses. The Court therefore reserves ruling on this issue until it arises at trial, if at all.

## 2. Expert

As to plaintiff's motion to exclude the testimony of defendants' late disclosed expert Greg Kettering, this motion is DENIED for the reasons stated on the record on March 15, 2013. To minimize any potential prejudice to plaintiff in light of the late disclosure, plaintiff has been given additional time to depose Mr. Kettering and to disclose his own expert, if he so choses.

## 3. Parole Violations and Proceedings

As stated above, plaintiff moves to exclude all evidence of parole violations and proceedings relating to the events of October 5, 2006, including defense exhibits 502, 503, 504, 518, 519, 520, 521 and 522.  Plaintiff argues that because the search was incident to an arrest, evidence of parole violations and parole proceedings are irrelevant and would only serve to confuse and mislead the jury in that the jury would make the improper inference that the fact that he violated his parole means that the search was lawful.  The defendants argue that evidence of the parole violations and parole proceedings is relevant to the jury's understanding of the chronology of events, the reasonableness of the searches, and the lack of any damages suffered by plaintiff.

Rule 403 of the Federal Rules of Evidence provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." A trial judge's rulings with respect to Rule 403 are entitled to considerable deference and will ordinarily not be overturned absent an abuse of

---

[4] Defendants move to admit plaintiff's criminal conviction information. [doc. #156-7]. The Court will address both motions together.

discretion. Costantino v. Herzog, 203 f.3d 164, 173 (2d Cir.2000).

Here, plaintiff has sued police officers and parole officers alleging constitutional violations. The issue for the jury is the reasonableness of the October 2006 search by defendants Bransford, Hoagland, Blanchette and Bundy and the 2007 search by defendant Ellison. In deciding the reasonableness of the defendants' search in October 2006 and September 2007, the jury must look at what the officers knew at the time of the search without the benefit of 20/20 hindsight. See Graham v. Connor, 490 U.S. 386, 396, 397 (1989) (holding that § 1983 claim that law enforcement officials used excessive force in course of arrest, investigatory stop or other "seizure" of a person is properly analyzed under Fourth Amendment's "objective reasonableness" standard where the determination of reasonableness is to be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight", without reference to the officer's underlying intent and motivations.). See also Terry v. Ohio, 392 U.S. 1, 21 (1968) (in analyzing the reasonableness of a particular search or seizure, "it is imperative that the facts be judged against an objective standard").

The fact that plaintiff was on special parole at the time of the 2006 and 2007 searches and the conditions to which plaintiff was subjected are relevant to the reasonableness of the parole officers' actions. Further, the fact that parole was lawfully revoked following the October 5, 2006 arrest is relevant to defendants' defense that even if the arrest by Hoagland is found to be unconstitutional plaintiff suffered no damages. In sum, for purposes of completeness, the jury is entitled to know that plaintiff was on special parole, the conditions of the parole, the fact that plaintiff was charged with parole violations following the October 5, 2006 search and the September 25, 2007

search, what charges were brought against plaintiff, and that parole was revoked. This information could be conveyed to the jury by way of stipulation without the need to introduce the supporting documents, which are replete with hearsay and could unnecessarily confuse the jury. Finally, any risk that the jury could draw an improper inference from the fact that plaintiff's parole was revoked, namely that the search was therefore lawful, can be cured through an appropriately crafted jury instruction. The Court grants in part the plaintiff's motion to exclude exhibit 502, the notice of parole violation dated October 11, 2006; exhibit 503, the summary of the action of the Board of Parole Special Parole; exhibit 525, the parole violation report dated September 28, 2007; exhibit 526, a parole violation report dated October 29, 2007; and exhibit 527 an addendum to a parole violation report dated December 21, 2007. This ruling is conditioned on the parties providing to the Court (1) a joint stipulation concerning this area of inquiry and (2) proposed language for the limiting jury instruction.

Plaintiff also seeks to exclude exhibits 537, 538, and 539 on the basis of Rules 403 and 802. These exhibits are witness statements made by plaintiff's son and two victims, which led to the decision to remand plaintiff into custody on September 25, 2007.[5] The Court finds that these statements are probative of parole officer Ellison's state of mind in conducting the search and remanding plaintiff into custody. The Court further finds that, although the statements are prejudicial, they are not unduly prejudicial where plaintiff has opened the door by challenging the constitutionality of the search.

---

[5] Parole Officer Ellison stated in his affidavit that the "written documentation of having contact with minors, giving alcohol to minors and [. . .] during the time when plaintiff had Special Parole conditions […] was so serious as to warrant an immediate decision that plaintiff had to be remanded into actual custody on that very day, September 25, 2007." [doc. #55-5, ¶ 22].

Plaintiff further argues that the statements are inadmissible hearsay statements for which no exception has been identified by defendants. Allowing the statements to come in for the limited purpose of showing Officer Ellison's state of mind removes them from the realm of hearsay, as they are not being offered for their truth. As such, the plaintiff's motion is denied as to exhibits 537, 538, and 539.

Plaintiff also seeks to exclude Exhibit 540, the arrest warrant application dated December 4, 2007. This arrest warrant was procured after the September 25, 2007 search, and led to charges against plaintiff for sexual assault in the second degree, illegal sale of liquor to minor, and sale of a controlled substance. The Court finds minimal, if any, probative value to this arrest warrant, executed after the searches at issue took place. As such, the motion to exclude exhibit 540 is GRANTED,

Next, plaintiff objects to exhibits concerning the marijuana seized from plaintiff's home on October 5, 2006, which led to criminal charges and a misdemeanor conviction. Specifically, plaintiff moves to exclude exhibit 518, the January 2, 2007 application for arrest warrant charging possession of the marijuana seized in the October 5, 2006 search; exhibit 519, a photograph of the "green leafy plant-like material" seized from plaintiff during the October 5, 2006 search; exhibit 520, the laboratory-controlled substance report dated December 18, 2006 concluding that the substance was marijuana; Exhibit 521, the inventory of property seized without a search warrant and the request for examination of physical evidence dated October 5, 2006 ; and Exhibits 504 and 522, containing plaintiff's March 22, 2007 conviction for possession of marijuana. As with the parole violation evidence, plaintiff argues that this line of evidence is irrelevant under Rule 402, and unduly prejudicial, confusing and misleading

under Rule 403.

The Court finds that this evidence is probative of plaintiff's claims that the search was unconstitutional in light of the fact that plaintiff pleaded guilty to the possession of the marijuana, effectively waiving his right to challenge the constitutionality of the search. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (reaffirming that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). See also Savage v. Commissioner of Correction, 122 Conn. App. 800, 803 (2010). Further, the search and seizure of the marijuana is probative in that it refutes plaintiff's assertion that the Corey Piascik statement, which specifically described the location of the marijuana, was fabricated. [see ex. 511]. At this stage, the record is unclear whether parole officers Bransford and Duca searched for and seized the marijuana stash pursuant to the police officer's directive or whether they had independent knowledge that this marijuana was located in the rafters. Regardless, the jury is entitled to know the result of the search, the charge brought against plaintiff, and the fact that plaintiff did not contest the charges and pleaded guilty. Plaintiff has not identified any compelling risk of undue prejudice or confusion that would substantially outweigh the probative value. The Court also notes that the guilty plea to the misdemeanor charge is not hearsay under Federal Rule of Evidence 801(d)(2)(A), which excludes admissions of party opponents from the definition of hearsay. See United States v. Gotti, 641 F.Supp. 283 (E.D.N.Y 1986);Hancock v. Dodson, 958 F.2d

1367, 1371(6th Cir. 1992). As such, the motion to exclude Exhibits 518, 519, 520, 521, 504, and 522 is DENIED.

### 4. Prior criminal convictions

Plaintiff moves to preclude his prior convictions and defendants have moved to admit evidence of plaintiff's prior convictions. [doc. ##158, 156-7]. For the reasons that follow plaintiff's motion is denied and defendants' motion is granted in part.

Plaintiff has three prior convictions: (1) sexual assault in the second degree in 1997, (2) risk of injury to a minor in 2002, and (2) capital felony murder in 2010. Plaintiff argues that these convictions must be excluded even for the purposes of impeachment under Federal Rule of Evidence 609, in light of the factors under Rule 403. Defendants argue that the jury is entitled to know the essential facts of these three felony convictions, i.e., the name of the offense, the date of the conviction, and the sentence.

As this Court previously held in <u>Martino v. Koch</u>, Civ. No. 3:99cv2057 (HBF), 131 F. Supp. 2d 313 (D. Conn. 2000), under Fed. R. Evid. 609 defendants are entitled to inquire for impeachment purposes into the nature of the crime plaintiff was convicted of, the date of disposition and the sentence imposed, if the conviction meets certain criteria. <u>See</u> <u>James v. Tilghman</u>, 2:91CV1136 (JGM) (D. Conn. Apr. 12, 1999) (citing <u>Gora v. Costa</u>, 971 F.2d 1325, 1330 (7th Cir. 1992)). Rule 609(a)(1) allows prior convictions to be used for impeachment purposes where the "crime was punishable by death or imprisonment in excess of one year," subject to the balancing test of Rule 403. Fed. R. Evid. 609(a)(1). Rule 609(b) limits the use of evidence of convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."

Here, all three convictions meet the requirements of Rule 609(a)(1) and are not subject to the limit set forth in Rule 609(b) for convictions 10 years or older. As required by 609(a)(1), all three convictions are for crimes punishable by imprisonment for more than one year. Plaintiff's sentences for the 1997 and 2002 convictions both expired in January 2012; thus the plaintiff has not been released from confinement for more than 10 years.

The Court is persuaded by the Seventh Circuit's reasoning in <u>Gora</u> that the "idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." 971 F.2d at 1330. And the Court finds that, by limiting defendants' inquiry to the nature of the charge, the date of disposition and the sentence imposed, any prejudicial effect of the information will be minimized. Accordingly, the Court concludes that plaintiff may be impeached regarding the three felonies for which he was convicted and not released from confinement within 10 years of this trial. If plaintiff admits the convictions, including the nature of the charges, the sentences imposed, and the date of disposition, the defendants will not be permitted to introduce the documents associated with these convictions including the mittimuses. (Def's Ex. 535, 542, 543, 544, 545, 546, 554, 555, and 556).

### b. *Defendants motion re: damages [doc. #156-6]*

Defendants move to exclude plaintiff's exhibits 40-46, which are bank statements from July 1, 2007 through January 31, 2008 for J&G Unlimited, a company that plaintiff operated while he was not in prison; and exhibit 47, a business transaction record for J&G Unlimited. Defendants argue that these documents are irrelevant because plaintiff does not have any viable claim for damages related to his confinement where his

remand to custody from October 5, 2006 to July 5, 2007 was entirely lawful. Defendants further argue that proof of income, even if relevant, would best be shown through income tax returns, which plaintiff has not disclosed. Plaintiff argues that these documents are relevant to his claim for damages against defendant Hoagland for his "wrongful conduct, including arresting Mr. Leniart based on false charges, illegally searching Mr. Leniart's home, implicating Mr. Leniart in false charges to Mr. Leniart's parole officer, and thus precipitating the subsequent revocation of Mr. Leniart's parole." [doc. #168, at 1]. Regardless of what the jury finds with regard to Hoagland's actions, Leniart's parole was properly revoked pursuant to clear violations of his conditions of parole and Leniart is not entitled to damages for the period of confinement between October 5, 2006 and July 5, 2007. As such, the bank statements, even if they proved plaintiff's income, are not relevant to any legitimate claim for damages and are excluded. Defendants' motion [doc. #156-6] is GRANTED.

## II.  CONCLUSION

Plaintiff's motion in limine [doc.#158] is granted in part and denied in part and defendants' motions in limine [doc. ##156-6, -7] are granted in part and denied in part. This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #136] on September 28, 2012 with appeal to the Court of Appeals.

**SO ORDERED** at Bridgeport, Connecticut on the 17th of April 2013.

```
                    /s/
        Holly B. Fitzsimmons
        United States Magistrate Judge
```