## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GEORGE M. LENIART,                          :
                                            :
Plaintiff,                                  :        Civil Action No. 3:09-cv-09 (HBF)
                                            :
v.                                          :
                                            :
WILLIAM BUNDY, ET AL.                       :        April 26, 2013
                                            :
Defendants.                                 :
_____:

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF ADDRESSING EXPERT ISSUES

At a pretrial conference held on March 7, 2013, the Court informed the parties that, unrelated to any issues in this action, the previously scheduled trial date of April 1, 2013 needed to be postponed.  The Court further informed the parties at a subsequent hearing held on March 15 that, given the postponement of the trial date, the Court was inclined to deny plaintiff's previously filed motion to preclude defendants' forensic document expert, Lisa Ragaza, which had been made on the grounds that defendants' late disclosure of Ms. Ragaza was unduly prejudicial to plaintiff.[1]  Nonetheless, the Court also stated that plaintiff would have a reasonable amount of time to determine whether he wished to disclose his own rebuttal expert and to take the deposition of defendants' expert.[2]

There can be no reasonable dispute that defendants' disclosure of a forensic document expert has injected into this case a new and significantly different set of issues for the jury's

_____

[1] On April 17, consistent with the Court's stated inclination at the March 15 hearing, the Court denied plaintiff's motion.  *See* Ruling Re: Motions in Limine at 5 (ECF Doc. No. 181).

[2] Since that time, undersigned counsel have consulted with potential experts to gain a better understanding of Ms. Ragaza's analysis, to consider potentially disclosing plaintiff's own rebuttal expert, and to prepare for a deposition of Ms. Ragaza.

consideration.  Before defendants' expert disclosure, the authenticity of the witness statements

that are at the heart of this action would have been an issue for the jury to determine based solely

on the credibility of fact witnesses, including Brandi Leniart and Detective Hoagland.  Now,

however, the authenticity of the statements will turn in large part, instead, on the jury's

consideration of what is being held out as a scientific examination and analysis of the ink on the

original statements purportedly to establish the timing and sequence of their creation.  In the face

of this shift in focus for the jury, plaintiff needs the documents requested in Exhibit A if he is to

have a fair opportunity to test the validity and credibility of defendants' newfound basis for

defending against plaintiff's claim that the statements in question were manipulated.  *See Barnett*

*v. Conn. Light & Power Co.*, No. 3:11-cv-1037 (VLB), 2013 WL 1196669, at *2 (D. Conn. Mar.

25, 2013) (reopening discovery would mitigate prejudice party would suffer in having to prepare

to meet untimely disclosure of adverse expert testimony); *Shea v. Royal Enters., Inc.*, No. 09

Civ. 8709 (THK), 2011 WL 2436709, at *8 (S.D.N.Y. June 16, 2011) (precluding testimony of

two expert witnesses based on untimely disclosure, in part because to allow their testimony

would have "forced [the court] to reopen discovery while reports are prepared"); *Atlantis Info.*

*Tech, GmbH v. CA, Inc.*, No. 06-CV-3921 (JS) (ETB), 2011 WL 4543252, at *13 (E.D.N.Y.

Sept. 28, 2011) (precluding expert witness on basis of untimely disclosure because otherwise

permitting the testimony would require court to reopen discovery.); *Rahman v. W&A Distrib.*

*Servs., Inc.*, 546 F. Supp. 2d 11, 14 (E.D.N.Y. 2008) (granting extension of discovery deadlines

to permit party to seek own expert, where court had allowed new expert testimony from other

side).[3]

      For example, plaintiff's Request No. 1 seeks to ensure that he has a complete file of what

---

[3] Copies of all unreported cases are attached as Exhibit C.

he is plainly entitled to under Rule 26(a)(2)(B) and (b)(4).  If defendants' counsel maintain that

all of the requested documents have been produced, then they should be ordered to sign a Rule

26(g) statement certifying that fact to the Court.  Of course, they are unable to do so at this time

because, to date, they have refused to provide undersigned counsel with access to the original

statements on which Ms. Ragaza's opinions are based – even despite undersigned counsel's

expressed willingness to agree to an appropriate protocol to ensure a chain of custody and the

preservation of the originals.  It should go without saying that, in order to vindicate his right to

confront an adverse expert witness who seeks to testify about her analysis of the ink on an

original set of documents, plaintiff must be given access to, and be permitted to perform his own

analysis on, the same original documents.  *Cf. Sedrati v. Allstate Life Ins. Co.*, 185 F.R.D. 388,

393 (M.D. Ga. 1998) (precluding defendants' expert because defendant, by using destructive

examination methods, deprived plaintiff of the opportunity to "independently assess the

procedures used" by the expert or to "verify her conclusions" through own examination of the

originals).

Request No. 2 is similarly designed to ensure that plaintiff has received a complete set of

the documents identified in Ms. Ragaza's disclosure and accompanying report.  *See* Fed. R. Civ.

P. 26(a)(2)(B), (b)(4).

Moreover, given the fact that the original witness statements in question were

electronically generated in the first instance, Request No. 3 seeks the electronically stored

information associated with their creation.  Given the purely objective nature of such

information, it represents a critical means for testing the validity and credibility of Ms. Ragaza's

post-hoc ink analysis of the documents.  And because defendants claim that they are no longer in

possession, custody, or control of any of this information, plaintiff seeks the related documents

sought in Request Nos. 4, 5, 6, and 7 to determine what, in fact, should have been preserved, even under their own policies.[4]  For the same reason, plaintiff also seeks leave to serve the requests for admission set forth in Exhibit B.

Finally, Request No. 8 seeks the disclosure of the personnel files of defendants' trial witnesses, including Ms. Ragaza.  Disclosure of these files at this juncture, rather than at trial through the use of subpoenas, will promote judicial economy by permitting the parties and the Court sufficient time in advance of trial to review the files and to address any issues that may arise from their intended use at trial.  Request No. 9 seeks, for the sake of completeness, disclosure of all items seized in the September 25, 2007 search of Mr. Leniart's home, including the microcassette recorder and tape, and all home surveillance tapes, that were seized on that date, but have never been returned to plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiff George M. Leniart, hereby respectfully moves this Court to grant his motion.

PLAINTIFF,
GEORGE M. LENIART

By:     /s/ Kevin M. Smith
        Kevin M. Smith (ct24774)
        Carolina D. Ventura (ct28780)
        Wiggin and Dana LLP
        One Century Tower
        265 Church Street
        PO Box 1832
        New Haven, CT 06508-1832
        E-Mail:  ksmith@wiggin.com
        E-Mail:  cventura@wiggin.com
        Tel.:  (203) 498-4400
        Fax: (203) 782-2889

---

[4] The documents sought in these requests also are more generally relevant for identifying the policies and procedures followed – or not followed – during the events at issue in this action.

## CERTIFICATE OF SERVICE

I hereby certify that, on April 26, 2013, a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Addressing Expert Issues was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Kevin M. Smith
Kevin M. Smith (ct24774)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
E-Mail:  ksmith@wiggin.com
Tel.:  (203) 498-4400
Fax: (203) 782-2889

23038/1/2878245.1