```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

GEORGE LENIART                    :
                                  :
                                  :
v.                                :        CIV. NO. 3:09CV9 (HBF)
                                  :
SGT. WILLIAM BUNDY, ET AL.        :
                                  :

**RULING RE: ISSUES RAISED IN JOINT STATUS REPORT [DOC. #239]**

Pending before the Court are several pre-trial issues raised in the parties' January 7, 2015 joint status report. [Doc. #239]. The court heard oral argument on January 14, 2015. Jury selection is scheduled for February 3, 2015, with evidence to begin on February 9, 2015.

By way of background, plaintiff George Leniart brings this civil rights action under 42 U.S.C. § 1983, alleging that defendants[1] violated his constitutional rights by conducting warrantless searches of his residence and unlawfully arresting him on two separate occasions. Defendants moved for summary judgment on all claims, which motion was granted in part and denied in part by then District Judge Christopher F. Droney on September 26, 2011. [Doc. #92]. The remaining claims to be tried to the jury are: (1) a claim for false arrest on October 5, 2006 against defendant Hoagland; (2) a claim for unreasonable search on October 5, 2006 against defendants Bransford, Hoagland,

_____

[1] Defendants Hoagland, Blanchette and Bundy are police officers with the Connecticut State Police; defendant Bransford is a parole officer in the Special Management Unit for the Hartford District Parole Office, and defendant Ellison is a Parole Manager in the Special Management Unit for the Hartford District Parole Office.

Blanchette and Bundy; and (3) a claim for unreasonable search on September 25, 2007 against defendant Ellison. The Court presumes familiarity with the factual background of this matter, which is recited at length in Judge Droney's summary judgment ruling [Doc. #92], and this Court's ruling on motions in limine [Doc. #181]. Again, bearing in mind the law and principles recited in this motions in limine ruling [Doc. #181, 2-4], the Court turns to the present disputes.

## I.  DISCUSSION

### a. Outstanding objections to trial exhibits

Plaintiff objects to defendants' exhibits 557, 516, 507, 511 and 536. Defendants object to plaintiff's exhibits 29, 31, 33 and 48. The parties also raised questions concerning the redaction of exhibits to remove identifying information of minors.[2]

### 1.    Defendants' Exhibit 557

Exhibit 557 is a letter dated December 19, 2005, from parole supervisor Richard Sparaco to plaintiff. The letter describes four specific parole conditions for plaintiff's 2006 release from prison. Plaintiff objects to this exhibit under Federal Rule of Evidence 403 on the grounds that it is cumulative and unduly prejudicial. Specifically, plaintiff argues that these four conditions are recited verbatim in plaintiff's conditions of parole, which both parties intend to

---

[2] With respect to the redaction issue, the parties need not redact the name of minors who are now over the age of eighteen. If, however, the minor's name(s)

offer into evidence, thereby making exhibit 557 unnecessarily cumulative. Plaintiff also argues this exhibit is unduly prejudicial because it emphasizes the requirements of mental health treatment for sexual behavior and no contact with minors. Defendants argue that exhibit 557 is not cumulative, communicates that the conditions of parole are set by the board of pardons and paroles versus the department of corrections, and that the exhibit is relevant to issues regarding the October 5, 2006 search and whether plaintiff had a legitimate expectation of privacy. Defendants also argue that exhibit 557 goes towards plaintiff's credibility and reliability.

Rule 403 of the Federal Rules of Evidence provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence, among other reasons. A trial judge's rulings with respect to Rule 403 are entitled to considerable deference and will ordinarily not be overturned absent an abuse of discretion. Costantino v. Herzog, 203 F.3d 164, 173 (2d Cir. 2000). Although exhibit 557 does repeat certain conditions of parole, the Court does not find that, on balance, its probative value is substantially outweighed by unfair prejudice or its cumulative nature. Indeed, this exhibit, unlike the exhibits reflecting the entirety of plaintiff's conditions of parole, reflects the court-imposed nature of plaintiff's special parole and the entity that set the

_____

is accompanied by further identifying information, the parties will redact

additional conditions. If anything, this exhibit will further inform the jury of the parole process/chronology of events and reasonableness of the searches at issue. To the extent that this exhibit unfairly prejudices plaintiff, any such risk can be cured through an appropriately crafted jury instruction. Accordingly, plaintiff's objection to exhibit 557 is OVERRULED.

**2. Defendants' Exhibit 516**

Exhibit 516 is a Family Violence Offense Report completed by Detective Hoagland on October 6, 2006. Plaintiff objects on the grounds that exhibit 516 is impermissible hearsay. Specifically, plaintiff argues that Detective Hoagland has no personal knowledge of the events described in this exhibit and because the credibility and trustworthiness of Detective Hoagland's statements are "in serious question," they do not qualify for the business or public records exceptions. Defendants argue that Connecticut State Police are required by law to complete a Family Violence Offense Report and that this exhibit is relevant to plaintiff's claim of false arrest. Defendants also argue that this record qualifies as a business or public record under the exceptions to the hearsay rule.

Both Rules of Evidence 803(6) (business records exception) and 803(8) (public records exception) apply only where "the opponent does not show that the source of information [] indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E); <u>see also</u> Fed. R. Evid. 803(8)(B). Defendants anticipate

---

any such additional identifying information from the original trial exhibits.

introducing exhibit 516 through Detective Hoagland. Here, the
parties dispute whether Detective Hoagland fabricated witness
statements and affidavits supporting his October 5, 2006 arrest
of plaintiff. At this stage, and in light of this dispute, it is
premature to exclude this exhibit on grounds of hearsay/lack of
trustworthiness. The Court therefore reserves ruling on this
issue until defendants lay a foundation for this exhibit at
trial.

### 3. Defendants' Exhibit 507

Exhibit 507 is a Parole Notification Form dated June 17,
2007, regarding plaintiff's mandated sexual offender
registration. The form is signed by plaintiff and parole officer
Bransford. Attached to the notice is a copy of the Connecticut
General Statutes governing the registration of sexual offenders.
Plaintiff objects to this exhibit under Rules 402, 403 and 404
as irrelevant, impermissible character evidence, and unduly
prejudicial. Defendants respond that this exhibit is relevant in
several respects, including that it bears on plaintiff's
diminished expectation of privacy and informs the jury about law
enforcement coordination and communication. Defendants admit
that there is no claim concerning plaintiff's failure to
register as a sex offender, but proffer that defendants will
testify concerning their knowledge of plaintiff's sex offender
status and heightened police monitoring of registered sex
offenders.

Given that this exhibit is related to plaintiff's 2007 release from prison, the only claim to which it relates is the September 2007 search by defendant Ellison. For purposes of this ruling, the Court adopts the facts recited in Judge Droney's summary judgment ruling relating to the events leading up to the search and the search itself:

> On July 5, 2007, Leniart was released from custody and resumed special parole supervision. The Board imposed additional conditions of GPS monitoring and no contact with Brandi Leniart without the parole officer's permission. Leniart also signed a "Computer Use Agreement," agreeing to use a computer only for authorized legitimate purposes, allow parole officers to search his computer, not access any website with or possess sexually graphic materials, not participate in internet bulletin boards or chat rooms, and keep a log of all email and internet use.
>
> Defendant Ellison was defendant Bransford's supervisor during Leniart's second period of special parole. Defendant Ellison was not aware of any of Leniart's activities in violation of his new parole term until September 25, 2007, when the Connecticut State Police contacted the Special Management Unit ("SMU") of the Board, where Ellison worked. The State Police provided detailed written statements by "V1," a victim of sexual assault by Leniart. Based on the information provided by the Connecticut State Police, the SMU determined that Leniart should be remanded into custody that day.
>
> […]
>
> On September 25, 2007, the SMU staff requested assistance from the Connecticut State police to remand Leniart into custody for the new violation. Defendants Ellison, Bransford, Cartegna and Blais along with Connecticut State Police defendants Bundy, Hoagland and Blanchette went to Leniart's home[…]
>
> […] The defendants seized the GPS device, laptop computer, VCR surveillance tapes and a micro-cassette recorder.
>
> Leniart was taken to the State Police Barracks for questioning and then returned to DOC on a remand to actual custody order for violating conditions of his special parole.

[Doc. #92, 6-7].

The Court OVERRULES plaintiff's objections to this exhibit
for several reasons. First, the Court has already permitted
admission of plaintiff's conviction for sexual assault in the
second degree. See Doc. #181, 10-11. Therefore, plaintiff's sex
offender status will already be known to the jury. Second, this
exhibit is not cumulative as the notice is signed by plaintiff,
thus demonstrating plaintiff's knowledge that he was to comply
with all sexual offender requirements as well as "all
obligations required upon your release from the board of
parole." [Def. Ex. 507]. As defendants rightly contend, this
exhibit is further probative of plaintiff's expectations of
privacy and the coordination of law enforcement agencies (i.e.,
the State Police and the SMU) supervising and/or monitoring sex
offenders. Like several other exhibits in dispute, this exhibit
helps to paint a complete picture of the circumstances
surrounding the search at issue. Finally, based on the
representations of defendants during the January 14, 2015
hearing, the Court does not find that defendants intend to offer
this exhibit for purposes prohibited by Rule 404(a) or (b), see
Federal Rule of Evidence 404(a)(1) ("Evidence of a person's
character or character trait is not admissible to prove that on
a particular occasion the person acted in accordance with the
character trait."), and will hold defendants to these
representations at trial. Nevertheless, the Court is cognizant
of the prejudice this exhibit may cause, but finds that any

prejudice may be cured by an appropriately crafted jury instruction.

### 4. Defendants' Exhibit 511

Plaintiff next objects to exhibit 511, which is the witness statement of Corey Piascik dated October 4, 2006, that details the events upon which plaintiff's October 2006 arrest and search of his home were predicated. Plaintiff objects to this exhibit under Rule 802 as impermissible hearsay. Plaintiff also argues that this exhibit is unnecessary and cumulative. Defendants argue that this exhibit "is at the heart of the case," and speaks to defendant Hoagland's state of mind in conducting the October 2006 arrest and search.

Similar to the Court's ruling with respect to witness statements made in connection with the plaintiff's September 2007 arrest, this witness statement is probative of Detective Hoagland's state of mind in conducting the October 2006 search and decision to remand plaintiff into custody. As the Second Circuit recently noted, "probable cause exists if a law enforcement officer received [] information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity[…]" Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014) (citing Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006)) (internal quotation marks omitted).[3] Although plaintiff correctly argues that the

---

[3] As noted in this Court's ruling on the parties' motions in limine permitting the introduction of exhibits concerning the marijuana seized from plaintiff's home on October 5, 2006, "the search and seizure of the marijuana is

statement is inadmissible hearsay if offered for its truth, allowing this statement to come in for the limited purpose of showing Detective Hoagland's state of mind removes it from the realm of hearsay. Therefore, the Court OVERRULES plaintiff's objection to exhibit 511.

### 5. Defendants' Exhibit 536

Exhibit 536 is a December 12, 2007 Evidence Report detailing the items seized from plaintiff's home during the September 2007 search ("Evidence Report"). This exhibit also details the findings of a search of plaintiff's computer, which revealed adult erotic materials ("Report of Findings"). Plaintiff seeks to preclude this exhibit under Rules 402 and 403. Defendants argue that this exhibit is probative of the reasonableness of the September 2007 search and plaintiff's credibility.

The issue to be decided by the jury, in part, is the reasonableness of the 2007 search by defendant Ellison, a parole officer. As this Court previously noted, it is persuaded by the dicta in State v. Whitfield, 26 Conn. Appp. 103 (1991), that a parole officer may conduct searches of his parolees so long as a search is reasonably related to the parole officers' duty of investigating parole violations and enforcing parole conditions. [Doc. #181, 4]. Accordingly, the reasonableness of defendant

---

probative in that it refutes plaintiff's assertion that the Corey Piascik statement, which specifically described the location of the marijuana, was fabricated." [Doc. #181, 9]. Furthermore, during the January 14, 2015 hearing, it seemed that plaintiff only challenges the veracity of Brandi Leniart's statement.

Ellison's search will largely turn on plaintiff's conditions of parole and whether Ellison's search of plaintiff's home was reasonably related thereto.

Plaintiff does not challenge the forensic search of the computer, but rather the search of his home in general. The Court disagrees with defendants that the results of the computer search have any bearing on the reasonableness of the general search at the time it was undertaken. To the extent that defendants argue this exhibit is probative of defendants' credibility, the resulting prejudice outweighs any use this exhibit may have on cross-examination in light of the other evidence available to impeach plaintiff. Accordingly, the Court SUSTAINS in part and OVERRULES in part plaintiff's objection. Defendants may introduce the "Evidence Receipt" portion of exhibit 536, but is prohibited from introducing the "Report of Findings."

### 6. Plaintiff's Exhibit 29

Exhibit 29 is a copy of various photographs to which defendants object on foundational grounds. Plaintiff claims he will introduce the photographs through his testimony. Again, it is premature to exclude this exhibit and the Court reserves ruling on this issue until plaintiff lays the foundation for the exhibit at trial.

### 7. Plaintiff's Exhibit 31

Defendants withdrew their objection to exhibit 31 during the January 14, 2015 hearing. Accordingly, this issue is MOOT.

10

## 8. Plaintiff's Exhibit 33

Exhibit 33 is a conditions of parole sheet with a cover date of "05/19/2008." This exhibit further reflects the electronic signatures of defendant Bransford and hearing officer Shirley Boisvert, with signature dates of June 15 and June 8, 2007, respectively. Notably, this exhibit contains an express search provision, which plaintiff's signed conditions of parole sheet lacks. Defendants argue this exhibit is irrelevant, would confuse the jury and is unduly prejudicial. Plaintiff argues he is entitled to explore when and how the search provision changed. He also submits that this is a self-authenticating public record.

The Court will defer ruling on the admissibility of this exhibit until trial. Because the record is unclear as to how this particular document was created and produced, the Court will await the testimony elicited from defendant Bransford concerning the creation of this document.

## 9. Plaintiff's Exhibit 48

Exhibit 48 is surveillance video of plaintiff's home and driveway. Defendants object on foundational grounds. As of the January 14, 2015 conference, plaintiff had not decided whether he would introduce this exhibit at trial. The Court will defer ruling on this exhibit until plaintiff lays a foundation for the video's introduction at trial. Plaintiff should be prepared to inform the Court exactly which portions of the surveillance

video he intends to introduce.

### b. *Stipulations and Related Jury Charge*

Next, the parties seek clarification with respect to possible stipulations referenced in the Court's motion in limine ruling. Specifically, the Court found that, "for purposes of completeness, the jury is entitled to know that plaintiff was on special parole, the conditions of the parole, the fact that plaintiff was charged with parole violations following the October 5, 2006 search and September 25, 2007 search, what charges were brought against plaintiff, and that parole was revoked." [Doc. #181, 6-7]. However, the Court found that a stipulation could convey this information without the need to introduce the supporting documents, and excluded certain exhibits conditioned on the parties providing (1) a joint stipulation concerning this area of inquiry and (2) proposed language for a limiting jury instruction. Plaintiff claims that because the Court ruled there can be no damages from October 5, 2006 to July 5, 2007, then there is no need for evidence regarding violation charges and revocations. Defendants disagree.

The Court stands on its prior ruling and finds that for purposes of completeness, the contemplated stipulation and limiting instruction is preferable. The jury cannot be expected to deliberate in a vacuum and, as previously stated, the jury is entitled to know the facts and circumstances surrounding the searches and arrest at issue. Accordingly, counsel will confer

for purposes of agreeing to a stipulation and limiting instruction. If counsel cannot agree, they may take this up with the Court at the final pretrial conference.

### c. *Witnesses*

Plaintiff next takes issue with defendants' possible "proffer" regarding policies and procedures for witness statements. As clarified on the record during the January 14, 2015 conference, this issue is now moot. However, if at trial testimony delves into the area of policies and procedures to which plaintiff objects, counsel will so inform the Court so that it may address plaintiff's objection(s).

### d. *Glossary*

Finally, plaintiff objects to defendants' proposed glossary on the grounds that it is argumentative. [Doc. #156]. The Court finds this issue moot in light of the representations made during the January 14, 2015 conference. The Court is confident that should a term require definition for the jury's use, the parties can stipulate to an appropriate definition for inclusion in the jury charge. In that regard, the parties will meet and confer to discuss stipulating to definitions for terms of art that may require clarification. To the extent that the parties can agree on these definitions, they will submit their proposed definitions to the Court no later than February 5, 2015.

### e. Final Pre-Trial Conference

The Court will hold a final pre-trial conference on February 4, 2015 at 3:00 P.M.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #136] on September 28, 2012 with appeal to the Court of Appeals.


Entered at Bridgeport, Connecticut on the 4th of February 2015.


```
             /s/
_____
Holly B. Fitzsimmons
United States Magistrate Judge
```