```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GEORGE LENIART                  :
                                :
                                :
v.                              :        CIV. NO. 3:09CV9 (HBF)
                                :
SGT. WILLIAM BUNDY, ET AL.      :
                                :
```

### MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR LEAVE TO PRESENT REBUTTAL TESTIMONY

Plaintiff George Leniart brought this civil rights action under 42 U.S.C. § 1983, alleging that defendants Michael Hoagland, William Bundy, Wilfred Blanchette, Larry Bransford, and Eric Ellison violated his constitutional rights by conducting warrantless searches of his residence on two separate occasions. A jury trial was held on February 10 through February 13, 2015.[1] At the anticipated close of defendants' evidence, plaintiff moved for leave to present the rebuttal testimony of Phyllis Leniart, plaintiff's ninety year old mother, who lives in eastern Connecticut. The Court denied plaintiff's motion. This memorandum of decision memorializes and supplements the Court's February 12, 2015 ruling announced on the record.

Plaintiff's case in chief consisted only of his testimony concerning the events at issue. In pertinent part, he testified at length concerning the October 5, 2006 search of his residence. Plaintiff testified that during this search, his mother descended the residence's stairs into the basement where

---

[1] The jury returned a defense verdict on February 13, 2015. [Doc. #256].

1

the search was occurring, sat on the stairs, and witnessed the October 5, 2006 search. Defendants presented the testimony of all five defendants, and two non-party parole officers involved in the October 5, 2006 search. Notably, none of these witnesses was asked about Mrs. Leniart's presence at the October 5, 2006 search.

Plaintiff proffered that Mrs. Leniart's testimony would corroborate his account of the October 5, 2006 search. He further "hoped" that she could identify the defendants who conducted the 2006 search. When the Court inquired why Mrs. Leniart was not presented during plaintiff's case in chief, plaintiff responded that her age, health, and weather conditions[2], prompted the decision not to call her. Defendants objected to the use of the proffered rebuttal testimony, arguing that if this testimony were allowed, defendants would be deprived of their opportunity to rebut Mrs. Leniart's testimony.

"[T]he orderly presentation of evidence confines a case in rebuttal to evidence adduced to 'meet the new facts put in by the opponent in his case in reply,' a rule which excludes 'all evidence which has not been made necessary by the opponent's case in reply.'" Silkroad Associates, Ltd. v. Junior Gallery Grp., Inc., No. 88 CIV. 7082 (CSH), 1991 WL 51103, at *4 (S.D.N.Y. Apr. 3, 1991)(quoting 6 Wigmore on Evidence, §1873 at

---

[2] Jury selection and the start of evidence, originally scheduled to begin on February 9, 2015, was postponed one day in light of inclement winter weather. The Court notes that road and sidewalk conditions in certain areas of the state were not much improved on the morning of February 10, 2015.

p. 672 (Rev. ed. 1976)). The Court further notes the "practical disadvantages that would result from abandoning the natural order of evidence[,] [including] the possible unfairness to an opponent who has justly supposed that the case in chief was the entire case which he had to meet, and [], the interminable confusion that would be created by an unending alternation of successive fragments of each case which could have been put in at once in the beginning." Gartner v. Doctors Hosp., No. 81 CIV. 2571-CSH, 1984 WL 1188, at *1-2 (S.D.N.Y. Oct. 24, 1984)(quoting 6 Wigmore on Evidence, §1873 at p. 672 (Rev. ed. 1976)).

In the Court's sound discretion, and in light of the proper nature of rebuttal evidence, the Court denied plaintiff's motion for leave to present rebuttal evidence for several reasons. First, if the Court were to allow Mrs. Leniart's proffered testimony, the defendants would be entitled to sur-rebuttal testimony, which would have disrupted the "natural order of evidence." Second, the proffered testimony is uncertain, cumulative, and more akin to corroborative evidence versus proper rebuttal. Third, an issue arose concerning Mr. Leniart's possible influence on his mother's testimony. It was brought to the Court's attention that Mr. Leniart contacted his mother and requested that she testify on rebuttal. This contact violated the Court's oral sequestration order for all non-party witnesses. The Court further denied plaintiff's motion in light of Mrs. Leniart's age, physical condition, distance from the courthouse, and the uncertain nature of her testimony.

Accordingly, for the reasons stated, the Court DENIED plaintiff's motion for leave to present rebuttal evidence.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #136] on September 28, 2012 with appeal to the Court of Appeals.

Entered at Bridgeport, Connecticut on the 17th of February 2015.

```
               /s/
        _____
        Holly B. Fitzsimmons
        United States Magistrate Judge
```